# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HUCHINS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv00456 DLB PC<br><br>ORDER DENYING MOTION FOR COURT ORDER<br><br>(Doc. 12) |

   Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 11, 2009. Defendants have not yet appeared in this action.

   On September 25, 2009, Plaintiff filed a motion for a court order commanding defendants to disclose to Plaintiff the name(s) of their counsel.[1] The Court treats Plaintiff's motion as a request for injunctive relief.

///
///
///
///

---

[1] Plaintiff states that he requires the information so that he may serve his discovery requests upon defendants. However, defendants have not yet filed an answer in this action and the Court has not yet issued an order opening the discovery phase of this litigation.

1

1     In this instance, the Court does not jurisdiction in this action to issue the order sought, as the case or controversy requirement cannot be met in light of the fact that the relief Plaintiff seeks bears no relation to the past events at the California Substance Abuse Treatment Facility giving rise to this suit.[2]  (Doc. 1, p.3.)

Plaintiff's motion is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:    **October 13, 2009**              /s/ **Dennis L. Beck**
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.
   Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

2