# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. HUCHINS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00456-OWW-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 36)<br><br>and<br><br>ORDER DENYING MOTIONS<br><br>(Docs. 20, 39) |

　　　　Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On July 14, 2010, the Magistrate Judge issued a Findings and Recommendations which recommended that Defendants' motion to dismiss be partially granted and partially denied. (Doc. #36.) The Findings and Recommendations were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served. Plaintiff filed partial objections to the Findings and Recommendations on August 5, 2010. (Doc. #38.)

　　　　Plaintiff objects to the extent that the Findings and Recommendations recommended that Plaintiff's claims against Defendants in their official capacities be dismissed due to Eleventh

///

Amendment immunity.  Plaintiff claims that he is permitted to maintain a suit against Defendants in their official capacities because he is seeking declaratory relief.

While the Eleventh Amendment generally bars suits against state officials in their official capacities, there is a limited exception to Eleventh Amendment immunity that permits suits for prospective injunctive relief against a state official in their official capacity.  See Doe v. Lawrence Livermore National Laboratory, 131 F.3d 836, 839 (9th Cir. 1997).  However, the Court found that Plaintiff was not seeking any prospective relief, declaratory or otherwise, in this lawsuit. Declaratory relief in this case would not serve any prospective purpose as the issues in this case are factually too case specific to permit a general ruling/declaration.  A declaration regarding the constitutionality of Defendants' conduct would do little to eliminate future uncertainty or prevent future litigation.

The Court notes that declaratory relief is not appropriate in this case.  "Declaratory relief should be denied when it will neither aid in clarifying and settling legal relations in issue nor terminate the proceedings and accord the parties relief from the uncertainty and controversy they faced."  Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1112 (9th Cir. 1987).  As noted, declaratory relief would not serve any prospective purpose because the issues are too fact-specific to be of any use.  Further, in the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated.  Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary. The Court will dismiss Plaintiff's claims for declaratory relief.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, the Court HEREBY ORDERS that:

1. The July 14, 2010 Findings and Recommendations are ADOPTED in full;
2. Defendants' December 7, 2009 motion to dismiss is PARTIALLY GRANTED and PARTIALLY DENIED;
   a. Plaintiff's claims against Defendants in their official capacities are DISMISSED;

        b.    This action will proceed on Plaintiff's Eighth Amendment claims against Defendants in their individual/personal capacities;

3.    Plaintiff's claims for declaratory relief are DISMISSED;

4.    Defendants' motion for a more definite statement is DENIED;

IT IS SO ORDERED.

**Dated:   September 2, 2010**                         /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE