1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8
9

DANIEL MANRIQUEZ,

                    Plaintiff,

10

    v.

11

HUCHINS, et al.,

12

                    Defendants.

13

_____ /

CASE NO. 1:09-cv-00456-OWW-SMS PC

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11(c) SANCTIONS (ECF Nos. 60, 72, 96)

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL (ECF Nos. 49, 94)

ORDER DENYING PLAINTIFF'S SECOND, THIRD, AND FOURTH MOTIONS TO COMPEL (ECF Nos. 52, 53, 55, 56, 58, 62, 63, 77, 100, 104, 105)

ORDER DENYING PLAINTIFF'S FIFTH MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR COSTS (ECF Nos. 79, 80, 103, 107)

ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL FINDING THAT QUESTIONS PROPOUNDED ON DEFENDANT MUNOZ AND CLAUSINGS BE DEEMED ADMITTED (ECF Nos. 50, 51, 95, 112)

ORDER DENYING PLAINTIFF'S MOTION FOR DETERMINATION OF THE SUFFICIENCY OF DEFENDANT HACKER'S OBJECTIONS TO REQUEST FOR ADMISSIONS AND GRANTING PLAINTIFF'S REQUEST FOR COSTS (ECF Nos. 73, 74, 122, 123)

ORDER STRIKING PLAINTIFF'S NOTICE AND SUPPLEMENTAL DECLARATION AND DEFENDANT CLAUSINGS' MOTIONS FOR A PROTECTIVE ORDER (ECF Nos. 74, 75, 81)

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1

2

3

4

5

ORDER DENYING DEFENDANTS
CLAUSINGS, DALEY, HACKER, HUCHINS,
MUNOZ, OMOS, PAZ, PEREZ, REYNOSO,
AND ROBERSON'S MOTION FOR A
PROTECTIVE ORDER (ECF Nos. 81-91, 101,
102, 106, 108-111, 113-121)

THIRTY DAY DEADLINE

6    **I.    Procedural History**

7        Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma

8    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the

9    complaint, filed March 11, 2009, against Defendants J. Huchins, J. Reynoso, M. Hacker, R.

10   Roberson, C. Munoz, D. Daley, P. Perez, Pax, C. Morse, Omos, and Clausings for cruel and unusual

11   punishment in violation of the Eighth Amendment.[1]  On September 22, 2010, a discovery and

12   scheduling order issued opening discovery in this action.  (ECF No. 42.)  On December 10, 2010,

13   a change of attorney notice was filed.  (ECF No. 46.)  On January 24, 2011, Plaintiff filed a motion

14   to compel discovery.  (ECF No. 49.)  On January 27, 2011, Plaintiff filed a motion to deem

15   admissions admitted and declaration in support of his motion.  (ECF Nos. 50, 51.)  On February 14,

16   2011, Plaintiff filed a second motion to compel and a third motion to compel was filed on February

17   22, 2011.  (ECF Nos. 52, 53.)  Plaintiff filed an emergency motion for a stay of the briefing schedule

18   on March 3, 2011.  (ECF No. 54.)  Defendants filed an opposition to Plaintiff's second motion to

19   compel on March 7, 2011 and an opposition to Plaintiff's third motion to compel on March 15, 2011.

20   (ECF Nos. 55, 56.)  On March 17, 2011, Defendants filed a notice of change of designation of

21   counsel.  (ECF No. 57.)  Plaintiff filed a reply to Defendants opposition to the second motion to

22   compel on March 21, 2011.  (ECF No. 58.)  Plaintiff filed a motion to have non-opposed motions

23   granted and a motion for sanctions  on March 22, 2011.  (ECF Nos. 59, 60.)  On March 23, 2011,

24   this case was reassigned to the undersigned Magistrate Judge.  (ECF No. 61.)

25       On March 28, 2011, Plaintiff filed a reply to Defendant's opposition to his third motion to

26   compel and a declaration of inmate Gilbert Garcia.  (ECF Nos. 62, 63.)  Plaintiff filed a motion to

27

28       [1]On September 2, 2010, Plaintiff's claims against Defendants in their official capacities and request for
declaratory relief were dismissed.  (ECF No. 40.)

extend the discovery schedule and declaration on March 30, 2011. (ECF No. 64, 65.) On April 1, 2011, Plaintiff filed a motion for leave to amend the complaint, motion to remove exhibits from the complaint, motion to supplement the proposed complaint and lodged a complaint and supplemental paragraph. (ECF Nos. 66-70.) On April 27, 2011, an order issued denying Plaintiff's motion to grant the unopposed motions and ordering Defendants to file a response to the motions within thirty days. (ECF No. 71.) On May 9, 2011, Defendants filed an opposition to Plaintiff's motion for sanctions, and Plaintiff filed a motion to determine the sufficiency of Defendants' objections to Plaintiff's second motion to compel, a declaration in support of the motion, notice of a supplemental declaration and a supplemental declaration. (ECF Nos. 72-76.)

Plaintiff filed a fourth motion to compel on May 16, 2011. (ECF No. 77.) On May 20, 2011, Plaintiff filed a fifth motion to compel, and declaration in support of his motion, and Defendants filed motions for a protective order and a motion to extend the discovery schedule. (ECF Nos. 78-91.) On May 23, 2011, an order issued extending the discovery cut-off date an additional thirty days. (ECF No. 92.) On May 26, Defendants filed oppositions to Plaintiff's motions to compel and motion to deem admissions admitted. (ECF Nos. 93-95.) Plaintiff filed a reply to Defendants' opposition to Plaintiff's motion for sanctions on May 31, 2011. (ECF No. 96.) On June 6, 2011, Plaintiff filed a sixth motion to compel, a motion to determine the sufficiency of Defendants' objections, and declaration in support of Plaintiff's second and third motions to compel. (ECF Nos. 97-100.) Plaintiff filed oppositions to Defendants' motions for a protective order on June 8, 2011. (ECF Nos. 101, 102.) Defendants filed an opposition to Plaintiff's fourth and fifth motions to compel and exhibits, and Plaintiff filed oppositions to Defendants' motions for a protective order on June 9, 2011. (ECF Nos. 103-106.) Plaintiff filed additional oppositions to Defendants' motions for a protective order on June, 10, 2011; June 13, 2011; June 14, 2011; and June 15, 2011. (ECF Nos. 108-111, 113.) Plaintiff filed a reply to Defendants' opposition to his motion to have admissions deemed admitted on June 15, 2011. (ECF No. 112.) Defendants' filed a reply to Plaintiff's opposition to their motions for a protective order and Defendant Hacker filed an opposition to Plaintiff's motion to determine the sufficiency of his responses on June 17, 2011. (ECF Nos. 114-122.) On July 13, 2011, Plaintiff filed replies to Defendants opposition to the fourth and fifth

motions to compel and a declaration.  (ECF Nos. 127, 128, 129.)

The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one in any of his motions.  Accordingly, Plaintiff's surreply, filed May 9, 2011, shall be stricken from the record.  The local rules provide that "[t]he moving party may, not more than seven (7) days after the opposition is served, serve and file a reply to the opposition."  Local Rule 230(l).  In addition to the fact that Plaintiff raises new arguments and motions in his replies filed July 13, 2011, which he may not do, Plaintiff's replies are untimely and shall not be considered.[2]

## II.   Motion for Rule 11(c) Sanctions

Since the issues involved in Plaintiff's motion for sanctions are relevant to all the motions brought by Plaintiff in this action, the Court will initially address Plaintiff's motion for Rule 11 sanctions.  Plaintiff requests sanctions against Defendants alleging they have submitted false and misleading declarations to the Court.  Plaintiff argues that defense counsel, Robert Murphy, has submitted a false declaration because he stated that he had no knowledge of this case, and did not work on it until December 2010.  Plaintiff alleges this is false because Mr. Murphy signed responses to discovery requests prior to December 2010.  Plaintiff claims that Mr. Murphy has committed perjury, or at a minimum, misled the Court and requests sanctions.

Defendants argue that Plaintiff claims no personal knowledge of what occurred inside defense counsel's law firm between November 2010 and January 2011.  Plaintiff makes this motion solely on the fact that Mr. Murphy's name appeared on discovery responses.  Defendants state that an attorney's name can appear on a pleading without that attorney preparing the document.

Prior to December 2010, defense counsel's firm had a correctional litigation team that was comprised of five attorneys.  On or about November 22, 2010, three of these attorneys left the firm,

---

[2]Plaintiff's emergency motion for a stay of the briefing schedule, exparte request for a sixty day extension of time for discovery and declaration, motion for leave to file an amended complaint, exparte request for leave for removal of exhibits from amended complaint, sixth motion to compel, and motion for determination of the sufficiency of Defendant Reynoso's and Munoz' objections to request for admissions are still pending and will be addressed by separate order at a later date.

including the attorneys assigned to the instant action.  In addition to the attorneys, the team secretary and paralegal also left.  On November 30, 2010, the fourth attorney on the correctional litigation team left the firm.  Robert Murphy was the only remaining member of the litigation team. (Declaration of Robert E. Murphy 6:7-13, ECF No. 72.)

At this time, the firm had approximately eighty five active California Department of Corrections and Rehabilitation ("CDCR") litigation files and twenty or more CDCR cases on appeal. In mid December 2010, CDCR made the decision to split the cases between the current firm and the firm where the attorneys who had left the firm were now employed.  CDCR handled each case individually and the decision on which firm would be assigned each case was made an a rolling basis in December 2010.  (Id. at 6:14-19.)  During this time period, Mr. Murphy was assigned to "babysit" the files during the decision making process and his name appeared on pleadings that were unassigned at the time.  (Id. at 6:20-23.)  Mr. Murphy was assigned to handle eighteen cases during the assignment process and does not recall the date he began review of this action, however does recall that other cases demanded his attention during this time period. ( Id. at 6:24-27.)

During December 2010 and January 2011, the firm created a new correctional litigation team and the firm name was changed on January 1, 2011.  (Id. at 7:4-6.)  As the new team members began reviewing files it was discovered that some files were missing documents and others had court dates and discovery due dates that had not been entered into the firm's electronic calendar program.  This case was one of the cases involved.  (Id. at 7:7-12.)  Defendants request this motion be denied in its entirety.

Plaintiff replies that Mr. Murphy's name not only appeared on the pleading, but he also signed them.  By signing the documents he was certifying that

> "[to] the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances: 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law, (3) the factual contentions have evidentiary support and (4) the denials of factual contentions are warranted on the evidence.  (See Rule 11(b) FRCP.)

(Reply to Defendants' Opposition 2, ECF No. 96.)

Ruling:  A court may order appropriate sanctions against an attorney, firm, or party when it

finds that Rule 11(b) has been violated.  Fed. R. Civ. P. 11(c).  "This rule does not apply to disclosures and discovery requests, responses, objections and motions under Rule 26 through 37." Fed. R. Civ. P. 11(d).  However, the court has inherent power to sanction parties or their attorneys for improper conduct, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001), and should exercise restraint and discretion in ordering sanctions.  Chambers, 501 U.S. at 44.  The imposition of sanctions is warranted where a party acts in bad faith, that is, "vexatiously, wantonly, or for oppressive reasons."  Id. at 45-46.

The parties are advised that the Court will not tolerate the conduct that has occurred in this action.  While defense counsel claims that Plaintiff is taking a thermonuclear approach to litigation, the Court recognizes that Defendants lack of response to Plaintiff's discovery requests has been the source of the excessive number of motions that have been filed in this action.  Also, Plaintiff's unsupported claims of misconduct by defense counsel is inappropriate and Plaintiff is advised that further incidents of such conduct may result in the imposition of sanctions.  Chambers, 501 U.S. at 44.

Defense counsel's firm underwent significant changes that caused a delay in discovery responses being provided to Plaintiff.  While, to some extent the delay is understandable, Defendants should have requested an extension of time to respond to requests, which would have addressed many of the issues that have been brought before the court.  This action involves nine Defendants and Plaintiff has submitted a large amount of discovery requests.  The Court recognizes that attorneys rely on their legal staff to investigate and prepare responses in civil litigation.  The Court is not condoning the responses that were provided by Defendants, but given the circumstances that existed, the Court fails to find that defense counsel's conduct warrants sanctions.  **Accordingly, Plaintiff's motion for Rule 11 sanctions is DENIED.**

III.   **Motion to Compel Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

26(b)(1).  If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

## IV.   Plaintiff's First Motion to Compel

For document production requests, responding parties must produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

### A.   Timeliness of Defendants' Response

Plaintiff states that he served his request for production of documents on September 29, 2010. Plaintiff alleges that Defendants did not respond within the forty five days required by the Federal Rules of Civil Procedure and Defendants agreed to provide him with documents responsive to his request if he granted them a two week extension of time.  Plaintiff agreed to a two week extension of time and Defendants did not provide him with responsive documents, but responded with objections to Plaintiff's requests.  Plaintiff argues that since Defendants did not serve responsive documents, but responded with objections, they have waived their objections to his discovery requests.

Ruling:  Plaintiff sent a letter to Defendants on November 4, 2010, informing them that there responses had not been served within the forty five days required.  However, the proof of service shows that Defendants mailed their response on November 2, 2010, within the forty five days allowed by the Federal Rules.  (Motion to Compel Discovery C-63, ECF No. 49.)  Defendants informed Plaintiff that they were still attempting to obtain the documents from CDCR and stated

they would appreciate a two week extension of time so they could provide the documents requested. This appears to be the requested extension to which Plaintiff agreed.  Rule 34 requires a written response to a request for production of documents and access to the responsive documents. Burlington Northern & Santa Fe Ry. Co. v. U. S. District Court, 408 F.3d 1142, 1147 (9th Cir. 2005).  Defendants filed a timely response and Plaintiff agreed to allow them two weeks to produce responsive documents. **Accordingly, Defendants did not waive their objections and Plaintiff's motion to have the Court find Defendants' objections waived is DENIED.**

On April 27, 2011, Defendants were ordered to file a response to Plaintiff's motion to compel.  Defendants filed a response on May 26, 2011, however failed to address any of Plaintiff's arguments in this motion to compel.  In the opposition Defendants address the late response to request for admissions by Defendants Clausing and Munoz, which is not raised in this motion to compel.  (ECF Nos. 93, 94.)

**B.      Plaintiff's Request for Production**

1.      Request for Production No. 1

Plaintiff's Request for Production No. 1 states:

> Any and all documents that describe and or refer to the cell extraction of all inmates on February 28, 2007 by defendants.

Defendants' Response to Request for Production No. 1 states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, lacks relevance, vague, ambiguous, uncertain as to time and scope to the point of being oppressive and burdensome, calculated to annoy and harass the defendant, because it requests "any and all," therefore, this request is not reasonably calculated to lead to the discovery of admissible evidence.

> Defendants object on the grounds that the information sought, which is discoverable by this request, to the extent that it is understood by defendants, is equally available to the plaintiff.

> Defendants object to this request on the grounds, and to the extent, that the information sought by this request is privileged, confidential, or otherwise not subject to public disclosure.

> Defendants object to this request on the grounds, and to the extent, that the information requested violates the California or United States Constitution, any and all personal privacy laws, and the Health Insurance Portability and Accountability Act ("HIPAA"), [sic] of 1996.

> Defendants object on the grounds of third-party federal constitutional right

to privacy pursuant to Fifth, Ninth, and/or Fourteenth Amendments; individual state constitutional right to privacy pursuant to Article I, section 1.

Defendants object on the grounds of federal executive-deliberative privilege; federal privilege of critical self-analysis; federal official information privilege.

Defendants object on the grounds of privilege to protect the identify of any confidential informant(s) and/or official information pursuant to the California Supreme Court decision in *People v. Hobbs* (1994) 7 Cal.4th 948, and California *Evidence Code* sections 1040, 1043, and 1045, and California *Government Code* sections 3300, et. seq.

Without waiving any of the aforementioned objections, and subject to them, defendant responds as follows:

Defendants will produce the relevant portions of Plaintiff's Central File and Medical File, that are not privileged, confidential or otherwise objectionable in response to plaintiff's request.

Defendant notes that investigation and discovery continues, and defendant reserves the right to amend or supplement this response, should other information become available, through the time of trial.

Plaintiff's clarification of the request for production states:

[A]ll the notes and reports prepaired [sic] by each defendant regarding their involvement in the cell extraction and statements they made during the investigation into the Feb. 28, 2007 cell extraction.

Defendants' response states:

Objection. Defendants object to this request on the grounds that it is overly broad, lacks relevance as to the extractions of other inmates, and is vague and ambiguous as to the unit and prison referred to. Defendants also object that the information requested may violate third party privacy rights and the Health Insurance Portability and Accountability Act ("HIPAA"), [sic] of 1996. Without waiving any of these objections, defendants responds [sic] as follows:

Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.

<u>Plaintiff's argument:</u> Plaintiff objects that the Defendants only agreed to turn over the incident report for the February 28, 2007 cell extraction. Plaintiff argues that other reports exist because prison regulations mandate that supervisory personnel document their conclusions and forward them through the designated chain of command for approval and follow up. These documents are relevant to Plaintiff's allegations that Defendants Reynoso and Huchins ordered the use of excessive force when they ordered Plaintiff to be returned to his contaminated cell. These

1   reports will not only show supervisory liability, but that their actions were intentional.

2       <u>Ruling:</u> Initially, the Court notes that Government officials may not be held liable for the

3   actions of their subordinates under a theory of *respondeat superior*. <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

4   1937, 1948 (2009). Since a government official cannot be held liable under a theory of vicarious

5   liability for section 1983 actions, Plaintiff must show that the official has violated the Constitution

6   through his own individual actions. <u>Id.</u> at 1948. Plaintiff is reminded that his official capacity

7   claims have been dismissed and each Defendant may only be held liable for his own actions.

8       Documents relating to the extraction of Plaintiff from his cell on February 28, 2007, are

9   relevant to this action. However, any documents regarding the extraction of other inmates would

10  be irrelevant. Plaintiff's request is over broad in that it is not limited to documents that describe or

11  refer to the extraction of Plaintiff from his cell. **Accordingly, the Court will narrow Plaintiff's**

12  **request and, within thirty days, Defendants are ordered to produce any documents that**

13  **describe or refer to the extraction of Plaintiff from his cell on February 28, 2007.**

14      2.   <u>Request for Production No. 2</u>

15  Plaintiff's Request for Production No. 2 states:

16      Any and all documents that pertain to the bases [sic] of the decision to cell
    extract plaintiff and all/any inmates on February 28, 2007 including, but not
17      limited to any directives orders issued by defendants Huchins, Reynoso,
    Hacker & Roberson.
18

19  Defendants' state the same objection as that stated in Request for Production No. 1.

20  Plaintiff's clarification of the request for production states:

21      The notes and reports that reflect why did defendants decide to extract all
    inmates (including [plaintiff]) on Feb. 28, 2007, including the notes reports
22      [sic] reflecting that Huchins, Reynoso, Hacker & Roberson ordered the use
    of force.

23  Defendants' state the same objection as that stated in Request for Production No. 1.

24      <u>Plaintiff's argument:</u> Plaintiff argues that the documents are neither accessible to him nor

25  confidential. Plaintiff is not seeking personnel files, but information revealing why Defendants

26  decided to use force on him and who ordered the use of force. This will refute Defendants argument

27  that the decision to use force was a split second decision as Defendants claim, but will show that the

28  decision was deliberate and thought out.

1    Ruling: Plaintiff's request for documents relating to the decision to extract inmates from their

2  cells is relevant to his claims that Defendants did not act with a legitimate penological purpose.

3  **Plaintiff's request for additional production is GRANTED and, within thirty days, Defendants**

4  **are ordered to produce all documents responsive to this request for production.**

5         3.      Request for Production No. 3

6    Plaintiff's Request for Production No. 3 states:

7         Any and all documents that pertain to all policies protocols/steps that must
         be taking [sic] during, before and after a cell extraction by CDCR officers
8         including but not limited to when is it appropriate to cell extract an inmate.
         How much force should officers use in retrieving a plastic food tray the
9         officers duty to clean/decontaminate a cell after a cell extraction and what
         items (i.e. supplies clothing, hygiene, bedding) is given to an inmate after
10        being cell extracted and how long after the cell extraction are these items
         given to the inmate.

11
    Defendants' state the same objection as that stated in Request for Production No. 1.
12
    Plaintiff's clarification of the request for production states:
13
         [C]opies of the pages within the "Departmental Opporations [sic] Manual"
14        (DOM), the SATF "Opporational [sic] Procedure" (OP) and SATFS [sic]
         disturbance control plan [see 15 CCR § 3301] which describes when it is
15        appropriate  to  (1)  cell  extract  an  inmate  (2)  what  the
         extraction/decontamination teams should do during [sic] before and after a
16        cell extraction (3) the appropriate force necessary to retrieve a tray (4) prison
         officials duties to decontaminate a cell after a chemical agent has been
17        dispursed [sic] into it (5) what items of clothing, property, bedding, hygiene
         should be given to an inmate after he is cell extracted and (6) how long after
18        the cell extraction should these items be given to the inmate.

19    Defendants' objection states:

20        Objection.  Defendants object to this request on the grounds that it is overly
         broad, compound, vague and ambiguous as to the prison and time period
21        referred to, and may seek confidential privileged documents.   Without
         waiving these objections, defendants respond as follows.
22
         Defendants have requested and will provide any non-confidential and non-
23        privileged documents upon receipt. California Code of Regulations, title 15,
         section 3268 sets forth the standards for use of force; this regulation is
24        equally available.

25
    Plaintiff's argument: Plaintiff is requesting policies and guidelines from the Substance Abuse
26
Treatment Facility ("SATF") which are clearly not privileged.  These items are not accessible to
27
Plaintiff as he is no longer confined at SATF and the documents are not in his central file.  These
28

1    documents are relevant to rebut Defendant's claim that they are entitled to qualified immunity as

2    they will show that Defendants were aware that their conduct was unlawful.

3         Ruling:  Boiler plate assertions of privilege will not suffice to assert a privilege, however

4    failure to produce a privilege log within the time line required to respond to the request for

5    production does not waive the privilege. Burlington Northern & Santa Fe Ry. Co., 408 F.3d at 1149.

6    Additionally, the District Court has wide latitude in controlling discovery.  In re State of Arizona,

7    528 F.3d 652, 655 (9th Cir. 2008); Burlington Northern, 408 F.3d at 1147.  While Plaintiff states that

8    the documents requested are "clearly not privileged," the Court is mindful of the fact that some of

9    the documents responsive to this request may in fact contain information that, if turned over to an

10   inmate, could seriously jeopardize the safety and security of both inmates and personnel within the

11   institution.   Not wanting any untoward consequences to result from procedural ineptitude and,

12   realizing the shared interests that arise since Defendants are CDCR employees, **CDCR and**

13   **Defendants are ordered to work together to locate documents responsive to Plaintiff's request.**

14   **They shall redact any confidential information.  Plaintiff's request is vague and over broad as**

15   **he fails to specify a relevant time period.  Defendants are ordered to produce any responsive**

16   **documents that were in effect in February 2007, within thirty days.**

17        **If CDCR and/or Defendants feel that documents responsive to this request exist which**

18   **contain confidential and/or privileged information that cannot be adequately redacted, they**

19   **shall submit a privilege log, complying with all requirements discussed herein delineating any**

20   **such documents for consideration by the Court within forty-five (45) days of the date of this**

21   **order.  The Court will subsequently advise all concerned whether further information is**

22   **required, whether documents should be submitted for an *in camera* review, or whether such**

23   **documents should be produced directly to Plaintiff.**

24        Rule 26 (b)(5)(A) provides that when otherwise discoverable information is withheld under

25   the rules on claims that it is privileged, any such claim shall be expressly made and shall describe

26   the nature of the documents, communications, or things not produced or disclosed, in a manner that

27   will enable assessment of the applicability of the privilege or protection without revealing the

28   privileged or protected information itself.  In order to assist a court in determining a claim of

privilege, a detailed privilege log may be required in conjunction with evidentiary submissions to fill any factual gaps.  United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996), cert. denied, 519 U.S. 927 (1996); see also, Allen v. Woodford, 2007 WL 309485, *4 (E.D. Cal. 2007), recon. denied, 2007 WL 841696.  With respect to each document as to which a privilege is claimed, the person claiming the privilege should include in the privilege log the document's general nature and description, including its date, the identity and position of the author, and the identity and position of all addressees and recipients; the present location of the document; and the specific reasons it was withheld, including the privilege invoked and the grounds therefor. Allen (citing Construction Products, 73 F.3d at 473-74, and In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir.1992)).

A detailed privilege log will allow a case-specific and fact-specific balancing of the interests of law enforcement, privacy interests of police officers or citizens, interests of civil rights plaintiffs, policies that inform the laws, and the needs of the judicial process.  Kelly v. City of San Jose, 114 F.R.D. 653, 667-69 (N.D. Cal. 1987).  The privilege log also must: (1) show that the agency generated or collected the information and maintained its confidentiality; (2) show that the declarant reviewed the material personally; (3) identify a specific governmental or privacy interest that would be threatened by disclosure to Plaintiff; (4) describe how disclosure, subject to a carefully crafted protective order, would create a substantial risk of harm to significant governmental or privacy interests; and (5) assess the extent of the harm that would result from disclosure.  Id. at 670.  It is helpful if the agency can describe alternative means, if any exist, for the plaintiff to acquire the information or its equivalent from other sources.  Id.

4.    Request for Production No. 4

Plaintiff's Request for Production No. 4 states:

All unit 114 orders memos related to plaintiff made from February 28, 2007 through March 28, 2007, by prison officials at SATF/ASU.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

The "one fourteens written by ASU officers from February 28, 2007 through Mar. 28, 07.

13

1   Defendants' objection states:

2       Objection.  Defendants object to this request on the grounds that it is overly
        broad, and vague and ambiguous as to which "order memos" are sought.
3       Without waiving these objections, defendants respond as follows:

4       Defendants provide the relevant portions of Plaintiff's Central File that are
        not privileged, confidential or otherwise objectionable in response to
5       plaintiff's request.

6   Plaintiff's Argument: Plaintiff states that "114's" are daily notations and reports made by

7   defendants of every inmate within their custody.  These are not included in his central file, but would

8   be kept at SATF.  The request is not overly broad as he is only requesting the documents for the days

9   that he was extracted from his cell on February 28, 2007, and for the ten days afterward he was

10  deprived of life's basic necessities.  These documents will establish that Defendant Reynoso knew

11  that Plaintiff was left in the chemical agent for ten days.  Additionally, it will allow Plaintiff to add

12  an additional claim for deliberate indifference to his medical needs because Plaintiff discovered that

13  medical defendants were to check on Plaintiff every fifteen minutes and none of them bothered to

14  check on Plaintiff or give him treatment for his medical condition.[3]

15      Ruling: These documents appear to be relevant and reasonably calculated to lead to the

16  discovery of admissible evidence.  However, Plaintiff's request is overly broad as it goes beyond the

17  time of the alleged deprivations contained in the complaint.  Accordingly, the Court will narrow the

18  request. **Within thirty days Defendants are ordered to produce any responsive documents,**

19  **relating to Plaintiff, created from February 28, 2007 to March 9, 2007.**

20      5.    Request for Production No. 5

21  Plaintiff's Request for Production No. 5 states:

22

23  _____

24  [3]Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or
    third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party."
    Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should
25  not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in
    different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also
26  to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
    frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."
27  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with a "mishmash of
    a complaint."  Id.  This action is proceeding on Plaintiff's claims of excessive force and conditions of confinement
28  and unrelated claims for deliberate indifference to Plaintiff's medical condition against other parties may not be
    brought in this action.

The names and addresses of all inmates & staff who have knowledge of the cell extraction of plaintiff et al., on February 28, 2007.

Defendants' state the same objections as that stated in Request for Production No. 1.

Defendants' second objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, lacks relevance as to the extractions of other inmates, and is vague and ambiguous as to the unit referred to.  Without waiving any of these objections, defendants responds [sic] as follows:

Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.

Plaintiff's argument: Plaintiff argues that the information is relevant and Defendants' have redacted the names of witnesses on the incident reports.

Ruling: Plaintiff has not requested a document, and Defendants do not have to create responsive documents, thus their response is sufficient.  To the extent that Plaintiff is complaining that Defendants redacted the names and contact information in responsive documents, it is beyond the scope of this specific request for production.  **Plaintiff's request for additional production is DENIED.**

6.      Request for Production No. 6

Plaintiff's Request for Production No. 6 states:

Any and all documents that peptain [sic] to and or refer to why inmates decided refuse [sic] to relinquish their food trays.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

All statements made to Reynoso and Hacker during their investigation into the cell extraction.

Defendants' objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, lacks relevance as to the extractions of other inmates, and is vague and ambiguous as to the unit and date referred to.  Defendants also object that the information may violate third party privacy rights.  Without waiving any of these objections, defendants responds [sic] as follows:

Defendants provide the Crime/Incident Report (Form 837) for February 28, 2007 cell extraction.

Plaintiff's argument: Plaintiff argues that the information is not available to him, nor have

15

Defendants identified a federal privilege that would apply.  The reports requested will show that Defendants did not act in response to a legitimate security threat, but that inmates withheld their trays in response to abuses by Defendants and Defendants responded maliciously to cause harm.

Ruling: Plaintiff's argument as to why other inmates withheld their trays is irrelevant to Plaintiff's claims that he was pepper sprayed during a cell extraction and Defendants failed to decontaminate him and deprived him of necessities of life.  The reason for the actions of other inmates is irrelevant to Plaintiff's claims that are proceeding here and not reasonably calculated to lead to the discovery of admissible evidence.  **Accordingly, Plaintiff's request for additional production in response to this request is DENIED.**

 7. Request for Production No. 7

Plaintiff's Request for Production No. 7 states:

> The video reflecting the cell extraction of any and all inmates at SATF on February 28, 2007.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> The video of the cell extraction.

Defendants' objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, lacks relevance as to the extractions of other inmates, and is vague and ambiguous as to the unit and prison referred to.  Defendants also object that the information requested may violate third party privacy rights.  Without waiving any of these objections, defendants responds [sic] as follows:

> Defendants will make arrangements for plaintiff to view the video of his cell extraction from February 28, 2007.

Plaintiff's argument: Plaintiff argues that Defendants have failed to provide him with an opportunity to view the video tape of the cell extraction.  The video of all inmate cell extractions is relevant to show that no inmate was attempting to escape, trying to start a riot, or harming anyone, therefore, the use of pepper spray was unlawful.  Additionally, a review of all inmate videos will show that all inmates were pepper sprayed, returned to contaminated cells, and life's basic necessities were removed from the cell's of all inmates.  This is relevant to show that since similar situated inmates were subject to these conditions, Plaintiff was also.

<u>Ruling:</u> The Court fails to see how the video of other inmates being extracted from their cells will lead to admissible evidence in this action.  While Plaintiff claims that the video will show that no inmate was attempting to escape, start a riot, or harm anyone, such conduct is not required for correctional officers to use force to restore order.  The parties appear to agree that inmates were violating the rules as a protest and the cell extractions were in response to the rule violations.  Whether Plaintiff's extraction was done with excessive force is irrelevant to the conduct of other inmates.  Defendants have agreed to make arrangements for Plaintiff to view the video of his cell extraction, however Plaintiff states that he has not been given the opportunity to view the video.  **The Court will PARTIALLY GRANT Plaintiff's request, and, if Plaintiff has not been provided with an opportunity to view the video, then Defendants are ordered to arrange for Plaintiff to view the video of his cell extraction within thirty days.**

Additionally, Plaintiff requests that the Court review the video *in camera* to establish that Defendants have engaged in a pattern of perjury and cover ups because in their response to Plaintiff's requests for admissions Defendants denied that no inmate had a weapon, no threats were made against staff, other inmates or property. The Court fails to see how a review of the video would establish what occurred prior to the cell extractions that could be relevant to the issue of whether weapons were present or threats were made.  **The Court declines to find that Defendants engaged in misconduct by the denial of the request for admission and Plaintiff's request for *in camera* review of the video is DENIED.**

8.   <u>Request for Production No. 10</u>[4]

Plaintiff's Request for Production No. 10 states:

> Any and all documents that refer to or pertain to the bases [sic] for the decision not to provide plaintiff any changes in clothing, hygine [sic] supplies, a mattress, bedding, shoes, and sanitation supplies immediately after the cell extraction.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

---

[4]Plaintiff numbers this request as 8, however, the request is for Request for Production No. 10.  The requests will be numbered as Plaintiff sets forth in his motion to compel.

> The memorandum and dirrective [sic] order issued by Huchins and Reynoso, to not provide me with any clothing, hygiene supplies, a mattress, bedding, shoes, and sanitation supplies immediately after the extraction.

Defendants' second objection states:

> Objection. Defendants object to this request on the grounds that it is overly broad, lacks relevance as to post-extraction procedures, is vague and ambiguous as to the date and location referred to, and assumes facts. Without waiving any of these objections, defendants responds [sic] as follows:

> Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction. Plaintiff's central file documents are equally available.

Plaintiff's argument: Plaintiff argues that the request is not over broad and is relevant to his claims in this action that he was deprived of life's basic necessities for ten days and forced to live in a contaminated cell.

Ruling: Plaintiff's request is vague in that he fails to state relevant dates for the documents he is requesting. However, the documents requested would be relevant to Plaintiff's claims that he was denied necessities in violation of the Eighth Amendment. Accordingly, the Court will modify Plaintiff's request. **Within thirty days Defendants are to provide any responsive documents on the decision to withhold items from Plaintiff for the period from February 28, 2007 to March 9, 2007.**

9.    Request for Production No. 11

Plaintiff's Request for Production No. 11 states:

> Any and all documents that pertain to and/or refer to the bases [sic] or decision not to clean or decontaminate plaintiffs [sic] cell before placing him back into it, [sic] after his cell extraction.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> A copy of the memorandum/directive issued by Reynoso, Hutchins, Hacker and Robberson, [sic] on Feb. 28, 2007, ordering that defendants put me back into the cell without decontaminating it.

Defendants' second objection states:

> Objection. Defendants object to this request on the grounds that it is overly broad, irrelevant as to post-extraction procedures, is vague and ambiguous as to the date and location, and assumes facts. Without waiving any of these objections, defendants responds [sic] as follows:

1    Defendants provide the Crime/Incident Report (Form 837) for the February
2    28, 2007 cell extraction.  Plaintiff's central file documents are equally
     available.

3    Plaintiff's argument: Plaintiff argues that the request is not vague or over broad and the

4    documents are not equally accessible to him.  The request was specific and asked for the orders,

5    directives, or memorandums issued by Defendants on February 28, 2007.  This is relevant to his

6    claim of deliberate indifference and supervisor liability.

7    Ruling: Plaintiff's complaint is not proceeding on claims of supervisor liability.  However,

8    the documents Plaintiff is requesting are relevant to the claim that Defendants were deliberately

9    indifferent by placing and leaving him in a contaminated cell.  Plaintiff did correct the deficiencies

10   of his initial request and **Defendants are ordered to produce any responsive documents within**

11   **thirty days.**

12           10.    Request for Production No. 12

13   Plaintiff's Request for Production No. 12 states:

14           Any and all documents that pertain to, refer to and describe,[5] the exact date
             and time (after the cell extraction of plaintiff) that he first received a blanket,
15           a towel, a mattress, sheets, socks, soap, toothpaste, cleaning supplies, a shirt,
             and change of underwear, et seq . . .[sic]
16
17   Defendants' state the same objection as that stated in Request for Production No. 1.

     Plaintiff's clarification of the request for production states:
18
19           A copy of the document that Defendant Reynoso taped to my cell door on
             Feb. 29, 2007, (where she would log what items were given to me after the
             extraction, on a daily basis).
20
21   Defendants' second objection states:

22           Objection.  Defendants object to this request on the grounds that it is overly
             broad, irrelevant as to post-extraction procedures, is vague and ambiguous as
23           to the date and location, and assumes facts.  Without waiving any of these
             objections, defendants responds [sic] as follows:

24           Defendants provide the Crime/Incident Report (Form 837) for the February
             28, 2007 cell extraction.  Plaintiff's central file documents are equally
25           available.  discoverable [sic] by this request, to the extent that it is
             understood by defendants, is equally available to the plaintiff.
26
             response [sic] to plaintiff's request.
27

28
     ───────────────────────────
     [5]Inventory sheets and all documents reflecting _____ [sic].

                                                19

Plaintiff's argument: Plaintiff made it clear that he was requesting the document which was taped to his door from February 29, 2007 through March 9, 2007 by Defendant Reynoso, which logged which items were returned to Plaintiff each day.  This is relevant because it shows what items he was deprived of and will establish that Defendants responses in the requests for admissions were false.

Ruling: This document is relevant to Plaintiff's claim that he was deprived of necessities and reasonably calculated to lead to the discovery of admissible evidence.  **Defendants are ordered to produce responsive documents within thirty days.**

11.     Request for Production No. 13

Plaintiff's Request for Production No. 13 states:

> Any and all documents that describe any and all items which were removed from plaintiff's cell after the cell extraction in question.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> An inventory of sheet of all items that were removed from my cell after the cell extraction.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, irrelevant as to post-extraction procedures, is vague and ambiguous as to the date and location, and assumes facts.  Without waiving any of these objections, defendants responds [sic] as follows:
>
> Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.  Plaintiff's central file documents are equally available.

Plaintiff's argument: Plaintiff argues that Defendants knew he was requesting the inventory sheet listing items that were removed from his cell on February 28, 2007.  This is not contained in his central file and, therefore, not accessible to him.  This is relevant to show what items were taken from Plaintiff's cell and the conditions he was forced to live in during the relevant time period after the extraction.

Ruling: The document requested is relevant to Plaintiff's claims.  **Defendants are ordered to produce responsive documents within thirty days.**

12.   Request for Production No. 14

Plaintiff's Request for Production No. 14 states:

>  Any and all documents that refer to or pertain to who made the decision to not order and or clean decontaminate [sic] plaintiffs [sic] cell, and who made the decision to deprive plaintiff of his hygiene items, clothing, bedding, mattress, cleaning supplies.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

>  A copy of the memorandum/directive identifying the names of the officers who ordered that my cell not be decontaminated and who ordered that I be deprived of lifes [sic] basic necessities.

Defendants' second objection states:

>  Objection.  Defendants object to this request on the grounds that it is overly broad, irrelevant as to post-extraction procedures, is vague and ambiguous as to the date and location, and assumes facts.  Without waiving any of these objections, defendants responds [sic] as follows:

>  Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.  Plaintiff's central file documents are equally available.

Plaintiff's argument: Plaintiff argues that he made it clear that he is requesting a copy of the document that identifies the officers who ordered Plaintiff's cell not be decontaminated and his property not be returned to him.  These documents are relevant to show that Defendants were deliberately indifferent by placing Plaintiff in a contaminated cell and depriving him of a way to decontaminate himself.

Ruling: The documents Plaintiff is requesting would be relevant to show that Defendants were deliberately indifferent, however Plaintiff's request is over broad in that he failed to specify a time period for the request. **Accordingly, within thirty days Defendants are ordered to produce any responsive documents that resulted in Plaintiff's cell not be decontaminated on February 28, 2007, and his property being withheld from February 28, 2007 through March 10, 2007.**

13.   Request for Production No. 15

Plaintiff's Request for Production No. 15 states:

>  Any and all documents that describe, refer to and or pertain to the duty (job obligation, etc.) of the decontamination team and correctional officers to clean/decontaminate a cell once a chemical agent such as the "X-10 BRD,"

21

has been shot into the cell for extraction purposes.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> Copies of the DOM, OP, disturbance control plan, and work assignment sheets that identifies and describes the decontamination team and prison staffs [sic] obligation to decontaminate a cell after chemicals are shot in there.

Defendants' second objection states:

> Objection. Defendants object to this request on the grounds that it is overly broad, irrelevant as to post-extraction procedures, is vague and ambiguous as to the date and location. Without waiving any of these objections, defendants responds [sic] as follows:

> Correctional staff post orders and duty statements do not refer to specific cell extraction and post-extraction procedures. Defendant has requested any responsive documents and will provide all non-privileged documents upon receipt.

Plaintiff's argument: While Defendants assert that they will provide these documents at a later date, they have failed to produce responsive documents. The items requested are relevant to show that Defendants did not act in accordance with prison policy and are not entitled to qualified immunity. These documents will show that Defendants were on notice that their conduct was unlawful.

Ruling: The documents requested are relevant to Plaintiff's claims that his cell was not decontaminated. However, Plaintiff's request is vague in that he fails to identify a time period for the documents requested. Accordingly, Plaintiff's request will be modified to any documents responsive to the request that were in effect in February and March 2007. **Defendants are ordered to produce any responsive documents to the modified request within thirty days. If CDCR and/or Defendants feel that documents responsive to this request exist which contain confidential and/or privileged information that cannot be adequately redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court within forty-five (45) days of the date of this order.**

14.   Request for Production No. 16

Plaintiff's Request for Production No. 16 states:

> Any and all documents (policies in the prisons [sic] "Operational Manual [sic]) that describe, refer to and or pertain to the duty (job obligation etc.) of correctional officers (at SATF) to provide each inmate bedding, mattress, towels, changes in clothing, clothing, hygine [sic] items and cleaning supplies, at any time during their incarceration including but not limited to when they have been cell extracted for any reason.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> A copy of the "DOM," and "SATFS" "OP" related to (1) what items of bedding, mattress, towels, [how many changes in] clothing, sanitation, hygiene and cleaning supplies are ASU inmates at SATF entitled to (2) whose obligation is it to provide these items and (3) what items (bedding, mattress, towels, changes in clothing, sanitation, hygene[sic]) are provided to inmates who are cell extracted.

Defendants' second objection states:

> Objection. Defendants object to this request on the grounds that it is overly broad, irrelevant as to post-extraction procedures, is vague and ambiguous as to the date and location. Without waiving any of these objections, defendants responds [sic] as follows:
>
> Correctional staff post orders and duty statements do not refer to specific cell extraction and post-extraction procedures. Defendant has requested any responsive documents and will provide all non-privileged documents upon receipt.
>
> become [sic] available, through the time of trial.

Plaintiff's argument: Defendants are aware of the documents that Plaintiff is requesting and their assertion that they will provide the items at trial denies Plaintiff of his right to follow up on the discovery process. The documents are relevant to show that Defendants violated policy and are not entitled to qualified immunity.

Ruling: The documents requested are relevant to Plaintiff's claims that he was deprived of necessities in violation of the Eighth Amendment. However, Plaintiff has failed to state a relevant time period. The Court will modify the request to any responsive documents that were in effect in February and March 2007. **Defendants are ordered to produce any documents responsive to the request as modified within thirty days. If CDCR and/or Defendants feel that documents responsive to this request exist which contain confidential and/or privileged information that cannot be adequately redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court**

**within forty-five (45) days of the date of this order.**

15.     Request for Production No. 17

Plaintiff's Request for Production No. 17 states:

> Any and all documents that describe, refer to and or pertain to court orders, policies, directives which reflect that officers should not cell extract or use high powered chemical agents to retrieve plastic food trays.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> A copy of relevant court orders, pages within "DOM," the "SATF OP" and the "disturbance control plan" which preclude the use of high powered chemical agents to retreive [sic] plastic trays.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the prison and time period referred to, and may seek confidential privileged documents.   Without waiving any of these objections, defendants responds [sic] as follows:

> There are no specific responsive documents.

Plaintiff's argument: Defendants know that Plaintiff is seeking documents that preclude the use of high powered chemical agents to retrieve plastic trays.  Even if such documents do not exist Defendants know that Plaintiff's request should be liberally construed as a request for "orders, policies or directives establishing when is it inappropriate to use high powered chemical agents." This is relevant to rebut the claim that Defendants are entitled to qualified immunity.

Ruling: Defendants do not have to "liberally construe" Plaintiff's discovery requests and supply documents that Plaintiff has failed to request.  It is Plaintiff's responsibility to adequately identify the documents to be produced.  Defendants have responded that there are no responsive documents and Plaintiff has failed to show that documents responsive to this request do exist.

**Plaintiff's motion for additional production is DENIED.**

16.     Request for Production No. 18

Plaintiff's Request for Production No. 18 states:

> Any and all documents that describe, refer to and or pertain to the power and or affect [sic] that the "X-10 BRD" chemical agent has on a persons [sic] body, eyes, (lungs,) skin, etc., once used including, but not limited to, its

1   strength, potency, leathalness[6] -- its lasting effect, the level of pain one
2   experiances [sic]after it is used on him/her[7] and warning lables, [sic] et seq.
    . . [sic] on the canister/extinguisher of the X-101.

3   Defendants' state the same objection as that stated in Request for Production No. 1.

4   Plaintiff's clarification of the request for production states:

5   A copy of (1) the "warning lables" [sic] on the "X-10 BRD" (2) a copy of
    SATFS Training Manual related to the use of the "X-10 BRD" and (3) a copy
6   of the "X-10 BRDS" manufacturors, [sic] or any expert/doctors
    findings/opinion, as to the leathalness [sic] or effects of the "X-10 BRD" on
7   a persons [sic] eyes, body lungs etc. [sic].

8   Defendants' second objection states:

9   Objection.  Defendants object to this request on the grounds that it is overly
    broad, compound, vague and ambiguous as to the time period referred to, and
10  may seek documents not in defendant's custody and control.   Without
    waiving any of these objections, defendants responds [sic] as follows:
11
    Defendants have requested and will provide any non-confidential and non-
12  privileged documents in their custody and control upon receipt.

13  Plaintiff's argument: Plaintiff simplified the request by asking for only the warning label on

14  the X-10 BRD cannister, a copy of the training manual related to the use of X-10 BRD, and a copy

15  of the manufacturer's expert and medical findings relating to the effects of the chemical on a person.

16  The fact that Defendants use the product indicates that they have custody and control or access to

17  the documents.  The documents are relevant to Plaintiff's claims that the use of the chemical was

18  excessive and potentially lethal to Plaintiff.  Although Defendants state that they will provide

19  responsive documents they have failed to produce any documents.

20  Ruling:  Plaintiff argues that all these documents are in the custody or control of Defendants

21  because they use the product.  The Court is cognizant that  mere use of the product does not

22  necessarily give Defendants custody and control of all the types of documents Plaintiff is requesting.

23  **Defendants are ordered to produce any responsive documents in their possession or control**

24  **within thirty days.  If CDCR and/or Defendants feel that documents responsive to this request**

25  **exist which contain confidential and/or privileged information that cannot be adequately**

26

27

28
      [6]Dangerousness, complications from over-exposure, etc.

      [7]How many people have died as a result of being bassed with "X-10 BRD."

**redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court within forty-five (45) days of the date of this order.**

17.   <u>Request for Production No. 19</u>

Plaintiff's Request for Production No. 19 states:

> Any and all documents that describes [sic] refer to and or pertains [sic] to any causions [sic] or warnings as to how to handle the "X-10 BRD," how to treat an individual whose [sic] been maced with the "X-10 BRD," and or what may happen if the X-10 BRD"[8] is not cleaned, or removed from clothing or walls, etc.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> Copies of (1) pages within defendants [sic] training manual relevant to how to handle/use the X-10 BRD, and what is a safe or dangerous quantity to use (2) copies of the manufacturors [sic] warning lable/manual [sic] as to the dangers in failing to remove the agent from clothing, surfus [sic] or body.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the time period referred to, and may seek documents not in defendant's custody and control.   Without waiving any of these objections, defendants responds [sic] as follows:

> Defendants have requested and will provide any non-confidential and non-privileged documents in their custody and control upon receipt.

<u>Plaintiff's argument:</u> The documents requested have been clearly identified and are relevant to Plaintiff's claims that excessive force was used and he was subjected to unsafe dangerous conditions after being placed in a contaminated cell.  Defendants have stated they will produce documents, but have failed to produce responsive documents.

<u>Ruling:</u> Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence.  **Defendants are ordered to produce any responsive documents within their custody and control within thirty days.**

18.   <u>Request for Production No. 21</u>

Plaintiff's Request for Production No. 21 states:

---

[8]What is a dangerous, unsafe quantity of "X-10 BRD"?

> Any and all documents that describe, pertain to or reflect when the decision was made to turn off plaintiffs [sic] vent prior to shooting the X-10 BRD into his cell, who made that decision and when was plaintiffs [sic] vent turned back on.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> Copies of the memorandum/directive reflecting (1) the time that my vent was turned off (2) who made the decision to turn off my vent and (3) when my vent was turned back on on the day that the "X-10 BRD" was shot into my cell.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, lacks relevance as to the extractions of other inmates, and is vague and ambiguous as to the unit referred to.  Without waiving any of these objections, defendants responds [sic] as follows:
>
> Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.  Plaintiff's central file documents are equally available to him.

Plaintiff's argument:  Plaintiff does not have access to the documents that he is requesting and the information in the incident report is not responsive to this request.  This document is relevant to Plaintiff's claim that Defendants exacerbated Plaintiff's pain and forced him to remain in a contaminated cell rather than immediately remove him.

Ruling:  The evidence Plaintiff is seeking is calculated to lead to the discovery of admissible evidence.  However, Plaintiff failed to specify the time period relevant to his request.  **Accordingly, within thirty days Defendants are ordered to produce any documents that are responsive to the request for production for the decisions made in relation to the incident that occurred on February 28, 2007.**

19.    Request for Production No. 22

Plaintiff's Request for Production No. 22 states:

> Any and all documents, photos, blue prints, et seq., [sic] which describe and depict plaintiffs [sic] cell at ASU, 122 at SATF including but not limited to the lack of adequate ventilation, solid steal [sic] door, the lack of out door [sic] window, and anything which seals the cell (i.e. prevents air or items to be passed to plaintiff without opening the tray slot.)

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> Photographs, blue prints, etc. . . which depict the size layout (description) of cell 122, at the ASU of SATF.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the time period referred to, and seeks confidential information (blueprints) that would violate security of the institution if provided.  Without waiving any of these objections, defendants responds [sic] as follows:
>
> Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.  There are no responsive photographs.  Blueprints of prison cells and/or ventilation ducts are confidential for security reasons.

Plaintiff's argument: Plaintiff argues that Plaintiff's have not stated a federally recognized claim of privilege to withhold the documents requested.  The description of the cell is accessible to anyone working or confined in the ASU.  Since this is information that is accessible it cannot be withheld based upon privilege.  This information is relevant as Plaintiff intends to show that the chemical agent was sprayed into a small confined space and could be lethal.  Additionally, Plaintiff intends to show that Defendants could have viewed Plaintiff through the vents and roof window and the use of force was unnecessary.

Ruling: Defendants have responded that there are no photographs or other responsive documents, other than blue prints which would jeopardize the security of the institution, and Plaintiff has failed to establish that other responsive documents exist.  It is well established that prison officials have a compelling interest in maintaining the safety and security of the institution.  Bell v. Wolfish, 441 U.S. 520, 546-47 (1979); Pell v. Procunier, 417 U.S. 817, 822-23 (1974); May v. Baldwin, 109 F.3d 557, 563 (9th Cir. 1994).  Courts are to consider the competing interests of the parties in deciding discovery requests.  United States v. Williams, 791 F.2d 1383 (9th Cir. 1986).  While the Court recognizes that the blue prints could be relevant and potentially admissible at trial, the security risk that would be created by giving inmates blue prints to the prison greatly outweighs any potential benefit that Plaintiff would receive by obtaining the requested documents.  Plaintiff has an alternate means of presenting the evidence at trial as he, or his witnesses, can testify to the size of the cell, vent placement, and the windows, or lack thereof.  **Accordingly, Plaintiff's request for**

1    **additional production of documents is DENIED.**

2          20.    Request for Production No. 23

3    Plaintiff's Request for Production No. 23 states:

4                Any and all documents reflecting how many empty ASU cells were
             availible/empty [sic] at SATF ASU, E-1, C-8, that plaintiff could have been
5            placed into after the cell extraction in question.

6    Defendants' state the same objection as that stated in Request for Production No. 1.

7    Plaintiff's clarification of the request for production states:

8                Copies of the 114s and log books in the possession of defendants reflecting
             how many vaccant [sic] cells were available at SATF (at ASU, E-1, C-8).
9
     Defendants' second objection states:
10
11                Objection.  Defendants object to this request on the grounds that it is overly
             broad, lacks relevance as to the availability of other cells, and is vague and
             ambiguous as to the time period.  Without waiving any of these objections,
12            defendants responds [sic] as follows:

13                Defendants will provide any non-confidential documents showing the empty
             cells on February 28, 2007, upon receipt.  However, it is not likely that there
14            are responsive documents to show which cells would have been suitable for
             placement.
15
16        Plaintiff's argument: Plaintiff argues that Defendants have failed to produce responsive

17   documents within the time frame established by this court and the Federal Rules of Civil Procedure.

18        Ruling: Plaintiff's request is reasonable calculated to lead to the discovery of admissible

     evidence.  **Defendants are ordered to produce any responsive documents within thirty days.**
19
20        21.    Request for Production No. 25

21   Plaintiff's Request for Production No. 25 states:

22                Any and all documents describing, or pertaining to all policies, practices,
             protocol [sic] as to how ASU inmates are searched (body and cavity search)
             and restrained prior to being removed from their cells.
23
24   Defendants' state the same objection as that stated in Request for Production No. 1.

25   Plaintiff's clarification of the request for production states:

26                A copy of the "DOM", "Training Manual" and "SATF OP," relevant to how
             to search an inmate prior to removing him from an ASU cell.

27   Defendants' second objection states:

28                Objection.  Defendants object to this request on the grounds that it is overly

1

2

> broad, compound, vague and ambiguous as to the prison and time period referred to, and may seek confidential privileged documents.   Without waiving any of these objections, defendants responds [sic] as follows:

3

4

> Defendants have requested and will provide any non-confidential and non-privileged documents upon receipt.

5

Plaintiff's argument: Plaintiff argues that this information is relevant to his claims that

6

Defendants prolonged his pain by insisting that certain body parts be viewed in an unnecessary order.

7

Ruling: Plaintiff has failed to narrow his request for production to the relevant time period

8

in question.   The Court will modify Plaintiff's request to any responsive documents in effect in

9

February of 2007. **Defendants are ordered to produce any responsive documents to the request**

10

**as modified that are in their possession or control within thirty days.   If CDCR and/or**

11

**Defendants feel that documents responsive to this request exist which contain confidential**

12

**and/or privileged information that cannot be adequately redacted, they shall submit a privilege**

13

**log, complying with all requirements discussed herein delineating any such documents for**

14

**consideration by the Court within forty-five (45) days of the date of this order.**

15

22.   Request for Production No. 26

16

Plaintiff's Request for Production No. 26 states:

17

> Any and all documents that describe how the "X-10 BRD," which was shot into plaintiff's cell on the day in question was shot (i.e. did it shoot out like a sprinkler? like a fire extinguisher, straight? etc.) and how much "X-10 BRD" was used.[9]

18

19

Defendants' state the same objection as that stated in Request for Production No. 1.

20

Plaintiff's clarification of the request for production states:

21

> The lable [sic] (a copy of the lable [sic]) on a X-10 BRD cannister (the same size that was used against [plaintiff]) which reflects how the agent is dispersed once fired.

22

23

Defendants' second objection states:

24

> Objection.   Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the date and time.   Without waiving any of these objections, defendants responds [sic] as follows:

25

26

> Defendants provide the Crime/Incident Report (Form 837) for the February 28, 2007 cell extraction.   Defendants will also make arrangements for

27

28

[9]To cell extract plaintiff.

1    plaintiff to view the videotape of his cell extraction.

2    <u>Plaintiff's argument:</u> Plaintiff states that Defendants know that he is requesting a copy of the

3    label from the container of X-10 BRD and have failed to timely produce the requested discovery.

4    <u>Ruling:</u>  **Defendants are ordered to produce any responsive documents within thirty**

5    **days.**

6         23.    <u>Request for Production No. 27</u>

7    Plaintiff's Request for Production No. 27 states:

8         Any and all documents that describe how much "X-10 BRD" was shot into
          plaintiff's cell on the day in question.

9

10   Defendants' state the same objection as that stated in Request for Production No. 1.

11   Plaintiff's clarification of the request for production states:

12        Documents reflecting how much each "burst" of the "X-10 BRD"
          chemicals weighs.

13   Defendants' second objection states:

14        Objection.  Defendants object to this request on the grounds that it is overly
          broad, compound, vague and ambiguous as to the date and time.  Without
15        waiving any of these objections, defendants responds [sic] as follows:

16        Defendants provide the Crime/Incident Report (Form 837) for the February
          28, 2007 cell extraction.  Defendants will also make arrangements for
17        plaintiff to view the videotape of his cell extraction.

18   <u>Plaintiff's argument:</u> Plaintiff argues that the video will not establish how much each burst

19   of chemical weighed.  The requested documentation is relevant to establish that Defendants

20   subjected Plaintiff to a potentially lethal dose of chemical agent.

21   <u>Ruling:</u> The documents requested are reasonably calculated to lead to the discovery of

22   admissible evidence. **Defendants are ordered to produce any responsive documents within**

23   **thirty days.**

24        24.    <u>Request for Production No. 31</u>

25   Plaintiff's Request for Production No. 31 states:

26        Any and all documents describing all policies and regulations governing the use
          of tear gas including the use of the X-10 BRD.

27

28   Defendants' state the same objection as that stated in Request for Production No. 1.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the prison and time period referred to, and may seek confidential privileged documents.   Without waiving any of these objections, defendants responds [sic] as follows:
>
> Defendants have requested and will provide any non-confidential and non-privileged documents upon receipt.  California Code of Regulations, title 15, section 3268 et seq sets forth the standards for use of force; this regulation is equally available and sets forth authorized weapons within the CDCR.

Plaintiff's argument: Plaintiff argues that the documents are relevant to show that Defendants were on notice that their conduct was unlawful and they are not entitled to qualified immunity.

Ruling:.  The documents Plaintiff seeks are reasonably calculated to lead to the discovery of admissible evidence.  However, the request is overly broad in that it fails to identify the period of time to be covered by the request for production.  The Court will narrow the request to any policies in effect on February 28, 2007. **Defendants are ordered to produce documents responsive to the request as amended by the Court, that are not equally available to Plaintiff, within thirty days. If CDCR and/or Defendants feel that documents responsive to this request exist which contain confidential and/or privileged information that cannot be adequately redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court within forty-five (45) days of the date of this order.**

    25.    Request for Production No. 32

Plaintiff's Request for Production No. 32 states:

> Any and all documents describing all policies governing the use of force.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

> Pages within the "DOM," defendants [sic] "Training Manual," the SATF OP, and emergency control plan governing the use of force.

Defendants' second objection states:

> Objection.  Defendants object to this request on the grounds that it is overly broad in that it seeks "any and all documents" without regard to the type of force, vague and ambiguous as to the prison and time period referred to, and may seek confidential privileged documents.   Without waiving these objections, defendants responds [sic] as follows:

California Code of Regulations, title 15, section 3268 et seq sets forth the standards for use of force; this regulation is equally available. Defendants have requested and will provide any additional non-confidential and non-privileged documents applicable to use of the X-10 BRD at SATF prison effective in 2007 upon receipt.

Plaintiff's argument: Plaintiff argues that it is clear what he is seeking, Defendants have failed to identify any federal privilege that would apply to the documents, and they have failed to produce responsive documents within the time frame established by the Court and the Federal Rules.

Ruling: The documents Plaintiff seeks are reasonably calculated to lead to the discovery of admissible evidence. However, the request is overly broad in that it fails to identify the period of time to be covered by the request for production. The Court will narrow the request to any policies in effect on February 28, 2007 **Defendants are ordered to produce documents responsive to the request as amended by the Court, that are not equally available to Plaintiff, within thirty days. If CDCR and/or Defendants feel that documents responsive to this request exist which contain confidential and/or privileged information that cannot be adequately redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court within forty-five (45) days of the date of this order.**

26.    Request for Production No. 34

Plaintiff's Request for Production No. 34 states:

Any and all documents describing the different types, [sic] of mace, pepper spray, and or tear gas, [sic] that was availible [sic] to defendants on the day in question, including, but not limited to the potency of each chemical agent.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

A list of all other types of chemical agents that were (less dangerous, and less painful than the "X-10 BRD") that were available to defendants on Feb. 28, 2007.

Defendants' second objection states:

Objection. Defendants object to this request on the grounds that it is overly broad, compound, vague and ambiguous as to the prison and time period referred to, and may seek confidential privileged documents. Without waiving any of these objections, defendants responds [sic] as follows:

Defendants have requested and will provide any non-confidential and non-privileged documents upon receipt. California Code of Regulations, title 15,

section 3268 et seq sets forth the available weapons for staff use; these regulations are equally available.

Plaintiff's argument: Plaintiff alleges that Defendants objections are meritless.  He has sufficiently identified his request for production.  Additionally, Defendants have failed to identify a federally recognized privilege that would apply or produce responsive documents within the time frame allowed by the Court and the Federal Rules.

**Ruling: Defendants are ordered to produce documents responsive to the request, that are not equally available to Plaintiff, within thirty days.  If CDCR and/or Defendants feel that documents responsive to this request exist which contain confidential and/or privileged information that cannot be adequately redacted, they shall submit a privilege log, complying with all requirements discussed herein delineating any such documents for consideration by the Court within forty-five (45) days of the date of this order.**

27.   Request for Production No. 36

Plaintiff's Request for Production No. 36 states:

Any and all documents reflecting the findings by the committee who reviewed the use of force on the day in question (as described in Cal. Code of Regs. tit. 15 § 3268.1(a)(1)(2)).

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

Disclose the findings made by the committee who reviewed the use of force on Feb. 28, 2007 against plaintiff.

Defendants' second objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, irrelevant in that there were numerous other cell extractions conducted, vague and ambiguous as to the time period referred to, and may seek confidential privileged documents.   Without waiving any of these objections, defendants responds [sic] as follows:

Use of force review documents are privileged pursuant to the federal executive-deliberative privilege, federal privilege of critical self-analysis, and federal official information privilege.  Production of these documents would also invade the privacy rights of third parties.   Accordingly, no production is made in response.

Plaintiff's argument: Plaintiff argues that he has sufficiently narrowed his request because he is only seeking documents regarding the use of force against him.  Plaintiff claims that the

documents are not entitled to privilege because he does not seek "deliberative" nor "advisory material." Kelly, 114 F.R.D. at 658-59. The documents sought are factual matter related to Defendants use of force. Environmental Protection Agency v. Mink, 410 U.S. 72, 87-89 (1974); Castle v. Jallah, 142 F.R.D. 620, 622 (E.D.Va. 1992). Additionally, the documents are not privileged because Defendants have put their use of force at issue in the action by alleging they did not use excessive force. E.E.O.C. v. General Telephone Co. of Northwest, 885 F.2d 575, 578 (9th Cir. 1989.) The documents requested will establish that Defendants use of force was excessive and the need for the material is outweighs the policies favoring secrecy. Kinoy v. Mitchell, 67 F.R.D. 1, 11 (S.D.NY 1975). Finally the documents are not entitled to privilege because they have been disclosed to prison employees, their lawyers and their insurance company. In re Natta, 48 F.R.D. 319, 322 (D. Del. 1969); Matter of Continental Illinois Securities Litigation, 732 F.2d 1302, 1314 (7th Cir. 1984).

Ruling: Defendants have objected on the grounds of privilege, asserting the documents are protected under the executive-deliberative privilege, federal privilege of critical self-analysis, and the federal official information privilege. It is up to the party asserting the privilege to set forth the essential elements of the privilege. Construction Products Research, Inc., 73 F.3d at 473.

The deliberative process privilege applies to "communications designed to directly contribute to the formulation of important public policy." Soto v. City of Concord, 162 F.R.D. 603, 612 (N.D.Cal. 1995) (citations omitted). Courts have declined to apply the privilege to the information routinely generated by law enforcement. Soto, 162 F.R.D. at 612. Therefore, it is not applicable to the records at issue here.

Neither the Supreme Court or the Ninth Circuit have recognized the critical self-analysis privilege, nor has the scope of the privilege been defined. Soto, 162 F.R.D. at 611; Adams v. Teck Cominco Alaska, Inc., 232 F.R.D. 341, 342 (D.Ak. 2005); Union Pacific R. Co. v. Mower, 219 F.3d 1069, 1076 n.6 (9th Cir. 2000). Courts that have recognized the privilege have applied it to shield internal safety reviews in which companies evaluate the causes of accidents in which the company is involved and district courts have found that it would not apply to internal investigations by law enforcement in civil rights suits. Soto, 162 F.R.D. at 611.

Federal common law does recognize a qualified privilege for official information. Soto, 162 F.R.D. at 613. The official information privilege generally applies to five categories: "interests of law enforcement, privacy interests of police officers or citizens who provide information to or file complaints against police officers, interests of civil rights plaintiffs, the policies that inform the national civil rights laws, and the needs of the judicial process." Kelly, 114 F.R.D. at 660-61. The purpose of the privilege is to provide for disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officers and ensuring the efficacy of the law enforcement system. Id. at 662-63. The party invoking the privilege has the burden of making an initial threshold showing by submitting a privilege log and an affidavit from an official of the agency in control of the documents. Soto, 162 F.R.D. at 613. The affidavit should include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

Kelly, 114 F.R.D. at 670. This information is necessary to allow the court to weigh the competing interests of the parties. Id. at 662. If the party invoking the privilege fails to make a threshold showing then disclosure will be ordered. Soto, 162 F.R.D. at 613.

Since Defendants' have failed to file a privilege log and affidavit they have not met their burden to establish a threshold showing that the documents requested are entitled to privilege. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995). **Accordingly, Plaintiff's motion is GRANTED and within thirty days Defendants are to produce responsive documents reviewing the use of force against Plaintiff.**

28.    Request for Production No. 37

Plaintiff's Request for Production No. 37 states:

Any and all documents pertaining to, describing and/or reflecting the

disciplinary action taken against plaintiff for refusing to turn over his tray, including, but not limited to taking his clothing, mattress, sanitation supplies, hygiene items, etc. . .

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

Memorandums and inventory sheets prepared by defendants reflecting what items were taken from [plaintiff's] cell on Feb. 28, 2007.

Defendants' second objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, vague and ambiguous as to the prison and time period referred to, and seeks documents equally available to plaintiff.  Without waiving any of these objections, defendants responds [sic] as follows:

Plaintiff's central file documents are equally available to him.  Defendant provides a copy of plaintiff's non-confidential central file documents.

Plaintiff's argument:  Plaintiff argues that he has clearly stated that he is seeking memorandums and inventory sheets reflecting what was taken from his cell on February 28, 2007, and when items were returned.  This information is relevant to his claim that defendants were deliberately indifferent when they deprived him of necessities.  Additionally, these documents are not equally accessible to Plaintiff as they are not included in his central file.

Ruling:  The documents requested by Plaintiff are reasonably calculated to lead to the discovery of admissible evidence. **Defendants are ordered to produce any responsive documents within thirty days.**

29.    Request for Production No. 38

Plaintiff's Request for Production No. 38 states:

Color copies of all photographs taken of plaintiff while he was at SATF, including, but not limited to, photographs taken before and after the cell extraction.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

All photographs taken of [plaintiff] when [he] was at SATF.

Defendants' second objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, irrelevant in that some photographs may be unrelated to the February

37

28, 2007 cell extraction, and vague and ambiguous as to the prison and time period referred to.  Without waiving these objections, defendants responds [sic] as follows:

Defendants have requested and will provide any photographs of plaintiff taken on February 28, 2007, upon receipt.

Plaintiff's argument: Plaintiff argues that he is seeking photographs taken from November 15, 2005 through March 9, 2007.  These are relevant to establish that Plaintiff lost weight to support his claim that he suffered emotional injury.

Ruling: The event at issue in this action occurred on February 28, 2007.  Photographs taken prior to the incident are not relevant nor reasonably calculated to lead to the discovery of admissible evidence.  If Plaintiff suffered any weight loss prior to February 28, 2007, it would not be attributable to any injuries suffered due to this incident.  Defendants have stated they will produce photographs taken on the date of the incident.  **Plaintiff's motion for further production is DENIED.**

30.    Request for Production No. 40

Plaintiff's Request for Production No. 40 states:

Any and all grievances, complaints, or other documents filed against any defendant named in the complaint concerning misconduct and or mistreatment of inmates including but not limited to any memoranda, investigative files, or other documents created in response to such documents since Jan. 1, 2002.

Defendants' state the same objection as that stated in Request for Production No. 1.

Plaintiff's clarification of the request for production states:

Evidence of past mistreatment of inmates by defendants.

Defendants' second objection states:

Objection.  Defendants object to this request on the grounds that it is overly broad, irrelevant in that there are numerous types of "misconduct" which are not specified herein, vague and ambiguous as to the time period referred to, unduly burdensome and may seek confidential privileged documents.  Without waiving any of these objections, defendants responds [sic] as follows:

Grievances against staff and related investigations are privileged pursuant to the federal executive-deliberative privilege, federal privilege of critical self-analysis, and federal official information privilege.  Production of these documents would also invade the privacy rights of third parties.  Further, production of responsive documents would be unduly burdensome in that grievances are retained by the name of the inmate filing the complaint.  Accordingly, no production is made in response.

1    <u>Plaintiff's argument:</u> Plaintiff argues that this request is not overly broad as he is only seeking

2    documents since January 1, 2002.   Defendants have not provided an affidavit to establish that the

3    documents requested are entitled to any privilege recognized under federal law and he is not seeking

4    personnel documents.   The documentation sought is relevant to his claims that Defendants own

5    actions triggered the protects which resulted in him being extracted from his cell.   Additionally, the

6    documents can be used to support Plaintiff's claims that Defendants used excessive force against him

7    on February 28, 2007.

8    <u>Ruling:</u>  The documents sought are reasonably calculated to lead to the discovery of

9    admissible evidence, however, Plaintiff's request is overly broad.   Plaintiff's request for complaints

10   of misconduct covers acts beyond those alleged here, which is excessive force and deprivation of

11   property.   Accordingly, the Court will modify Plaintiff's request for production to responsive

12   documents alleging use of excessive force or withholding an inmates property after they have been

13   placed in ASU by defendants. **Within thirty days Defendants are ordered to produce documents**

14   **responsive to the request as modified for the time period from March 1, 2005 through**

15   **February 28, 2008.**

16   **V.    Plaintiff's Second Motion to Compel**

17       Plaintiff served requests for interrogatories and requests for production of documents and a

18   second request for production of documents on Defendants Reynoso and Huchins on November 15,

19   2010.   On December 13, 2010, Plaintiff wrote to defense counsel informing them that he had not

20   received responses to his requests.   Plaintiff did not receive a response from Defendants Huchins and

21   Reynoso, therefore, Defendants have waived their objections to his requests.

22       Defendants Reynoso and Huchins respond that they have no record of having received

23   Plaintiff's interrogatories and request for production, dated November 14, 2010.   Nor do they have

24   any record of Plaintiff's letter dated November 15, 2010.   Counsel has determined that the requests

25   were either received and lost or never received.   Plaintiff's request for production, set two, was

26   received, but not calendared for response.   Plaintiff has filed numerous discovery requests that

27   combine interrogatories and requests for production of documents.   Some are numbered and some

28   are not.   Many of these requests contain repetitive requests for information.   This has caused

difficulty in determining whether responses have been provided to individual requests. Defendants request they be granted thirty days to respond to Plaintiff's request for production, set two, without objections, and Plaintiff's interrogatories and request for production dated November 14, 2010, with objections.

Plaintiff filed a reply stating that Defendants filed a deceptive declaration and were not diligent so requests his motion be granted. Plaintiff's proof of service shows that he served his requests on Defendants and made repeated attempts to remind them that their responses were due. Defendants' response does not dispute that they received Plaintiff's discovery requests, but argued they should not be sanctioned and should be allowed to file untimely objections. While defense counsel claims that he did not start working on this case until December 2010, and that prior counsel left his firm and either took or lost Plaintiff's request, these claims are untrue or meritless. Plaintiff's requests were mailed in the same envelope as the request for production that Defendants state they received. They could not have received one without the other. Additionally, Plaintiff wrote three letters to defense counsel so he had to know about the discovery requests. It was Mr. Murphy who has refused to provide all Plaintiff's discovery requests so he has been working on this case prior to December 2010. Plaintiff requests that the Court deny Defendants' motion and order them to respond to the interrogatories and requests for production and impose sanctions.

Ruling: Due to the numerous motions[10] that Plaintiff has filed there appears to have been confusion by the Clerks' Office and defense counsel as to which motion a pleading is responsive. It is clear from the docket and Defendants pleadings that this action has been handled by several different attorneys in defense counsel's office. Initially, Susan Coleman appeared as counsel for Defendants. (ECF No. 14.) On July 15, 2010, a notice of appearance was filed adding John Hardy as counsel of record. (ECF No. 37.) On December 13, 2010, a notice of change of handling attorney was filed naming Eugene Ramirez and Shareef Farag as counsel of record. (ECF No. 46.) On January 7, 2011, a change of firm name was filed. (ECF No. 47.) On January 14, 2011, a notice of designation of counsel was filed naming Eugene Ramirez as counsel of record. (ECF No. 48.) On

---

[10]The Court notes that Plaintiff has filed fifteen motions since January 2011.

1   March 17, 2011, a notice of designation of counsel was filed naming Robert Murphy as counsel of

2   record.  (ECF No. 57.)

3        Plaintiff makes the allegation that defense counsel has filed a deceptive declaration because

4   he does not state that his office did not receive the documents, but that they might not have been

5   received, or were lost, or were received and responses were not calendared.  Defense counsel has

6   stated that he has investigated to determine what happened to the discovery requests in this action

7   and his declaration states that he was unable to determine what happened to the documents.  It

8   appears clear to the Court that the discovery issues in this action are related, at least in part, to the

9   changes which occurred at defense counsels firm and have been compounded by the number of

10  requests and motions filed by Plaintiff.  Because of these issues some of Plaintiff's discovery

11  requests were not responded to as there was no record of them being received or responses were

12  prepared, but never served.  (Opp. 4, ECF No. 93.)

13       **Accordingly, Plaintiff's second motion to compel and for sanctions shall be denied,**

14  **without prejudice to renewal, and Defendant's motion for a thirty day extension of time shall**

15  **be granted**.

16  **VI.   Plaintiff's Third Motion to Compel**

17       Plaintiff served documents entitled interrogatories and request for production of documents

18  on Defendants Morse, Paz, Omos, Clausings, Daley, Hacker, Roberson, Perez, and Munoz on

19  November 17, 2010.  Plaintiff brings this motion to compel as Defendants did not answer his

20  interrogatories because Plaintiff combined his request for production with interrogatories.  Plaintiff

21  is seeking sanctions of $95.12 for expenses incurred in bringing this motion.

22       Defendants respond that Plaintiff improperly combined interrogatories and request for

23  production of documents in the same document.  Additionally, Plaintiff is repeating the same

24  discovery requests over and over again.  Defendants served responses to virtually the same discovery

25  requests on March 14, 2011.  Defendants are attempting to separate out Plaintiffs requests and

26  provide responsive documents, but Plaintiff keeps bringing motions claiming objections are

27  improper and he is entitled to all discovery.  Defendants request an additional thirty days to prepare

28  and serve responses.

Plaintiff replies that Defendants response proves that the objections are frivolous because they could have answered, but merely wanted more time. Plaintiff argues that Defendants have waived their objections by refusing to provide responses within the time allowed. Defendants claims of privilege is not sufficient to allow them to withhold the requested documents. Plaintiff submits declarations of inmates incarcerated at the prison to establish that the documents he is requesting are not entitled to privilege.

Ruling: A motion to compel must be accompanied by a copy of Plaintiff's discovery requests at issue and a copy of Defendant's responses to the discovery requests, which Plaintiff has provided. However, as the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling responses.

While Plaintiff is correct that Rule 33(d) provides that the responding party may answer an interrogatory by producing documents, it does not provide that an interrogatory can request a document in response. Plaintiff's interrogatories and request for production of documents is improperly combined. Plaintiff only addresses the objection that the requests are improperly formatted as he propounded interrogatories and requests for productions in the same document. Defendants also raised objections that the requests were vague, ambiguous, over broad, burdensome, oppressive, and unintelligible. The Court shall deny Plaintiff's motion to compel and for sanctions on the ground that it is procedurally deficient. The denial will be without prejudice to curing the deficiencies and re-filing the motion once Defendants have served supplemental responses. Since Plaintiff is proceeding pro se, Defendants should construe Plaintiff's discovery request as interrogatories and attempt to answer Plaintiff's requests to the extent possible.

Based upon the denial of Plaintiff's motion the Court declines to address Plaintiff's additional arguments at this time. Accordingly, **Plaintiff's third motion to compel is DENIED, and Defendants are ordered to file supplemental responses to Plaintiff's interrogatories within thirty days.**

///

42

1   **VII.   Plaintiff's Fourth Motion to Compel**

2        Plaintiff filed a fourth motion to compel Defendants Huchins and Reynoso to respond to his

3   third and fourth request for production of documents and for sanctions.  Plaintiff alleges that

4   Defendants responded that they would provide responsive documents, however have failed to

5   produce any documents.  Plaintiff has abandoned his request for five policy and procedure items

6   which Defendants claim are privileged.

7        Defendants oppose Plaintiff's motion because he is requesting documents that would

8   jeopardize the safety of the institution if provided to an inmate who is incarcerated.  Additionally,

9   Plaintiff's requests are procedurally deficient because he propounded requests for production and

10  interrogatories in the same document.

11       Ruling:   Initially, the Court advises Plaintiff that Defendants are entitled to set forth

12  objections to Plaintiff's discovery requests, which includes a claim of privilege.  While Plaintiff

13  continually accuses Defendants of falsely claiming privilege for documents he is requesting, a review

14  of his requests indicates that some of these documents could jeopardize the safety of the institution

15  if produced to an inmate at the institution without, at minimum, a protective order in place.  Plaintiff

16  as the moving party, has not informed the Court which discovery requests are the subject of his

17  motion to compel and, for each disputed response, why Defendant's objection is not justified.

18  Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that

19  he wants an order compelling responses.  Plaintiff's has failed to indicate which of his requests he

20  has abandoned and which requests for production are the subject of his motion, therefore the motion

21  to compel and for sanctions will be denied.

22       Defendants have provided a copy of the supplemental response including responsive

23  documents which were produced in response to Plaintiff's requests on June 9, 2011.  **Accordingly,**

24  **Plaintiff's fourth motion to compel is DENIED as moot.**

25  **VIII.   Plaintiff's Fifth Motion to Compel**

26       Plaintiff brings his fifth motion to compel responses to Defendants Reynoso, Huchins,

27  Hacker, Paz, Morse and Roberson's second set of interrogatories and Defendant Reynoso's third set

28  of interrogatories.  Plaintiff wrote letters to defense counsel on February 21, 2011; March 24, 2011;

April 21, 2011; and April 26, 2011, attempting to resolve any discovery disputes.  However he did not receive a response to his letters.  Plaintiff alleges that Defendants objected to every interrogatory set forth and did not provide an answer to any interrogatory.  Defendants responded to each of Plaintiff's interrogatories with objections, but stated that they were in the process of obtaining information responsive to the request and would provide a supplemental response without need for further request or motion to compel.  Plaintiff argues that Defendants Reynoso should be compelled to answer interrogatories two through four of the third set of interrogatories and Defendant Roberson should be compelled to answer interrogatory one of the second set of interrogatories. Plaintiff is seeking sanctions of $17.54 for the cost of bringing the motion.

Defendants argue that the incident alleged in this complaint did not only involve Plaintiff, but involved the tactical cell extraction of forty inmates on February 28, 2007.  The extractions took placed from approximately 11:15 a.m. to 5:00 p.m.  Two extraction teams and multiple personnel were involved in extracting inmates from approximately twenty six cells.  The complexity of the issues involved in the incident has caused difficulty in responding to Plaintiff's discovery requests. Defendants respond that they have now produced supplemental responses to Plaintiff's interrogatories.

Ruling:  Plaintiff argues that Defendants failure to provide adequate discovery responses, stating they would supplement their responses, was in bad faith.  It appears that the delay in providing responses was due to the changes in defense counsel as discussed above which was compounded by the complexity of the incident which occurred.  Although this action is proceeding only on Plaintiff's claims, there were forty cell extractions which involved many correctional personnel.  However, Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to issue costs if the disclosure or discovery is granted or provided after the motion to compel is filed.

Where Plaintiff's motion is granted or the discovery responses are provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion. . . ." Fed. R. Civ. Proc. 37(a)(5).  Defendants failed to address Plaintiff's request for sanctions in their objection to Plaintiff's fifth motion to compel.

1    Plaintiff has provided sufficient documentation that he made efforts to meet and confer with

2    Defendants to avoid bringing this motion to compel.  The interrogatories propounded by Plaintiff

3    are reasonably calculated to lead to the discovery of admissible evidence.  Defendants had an

4    opportunity to respond to the request for sanctions in their opposition to Plaintiff's motion to compel.

5    The Court finds that Plaintiff is entitled to reasonable expenses incurred in bringing this motion to

6    compel.

7    **Since Defendants have filed supplemental responses to Plaintiff's interrogatories the**

8    **motion to compel is DENIED as moot.  However, pursuant to Federal Rule of Civil Procedure**

9    **37(a)(5)(A), the Court will award costs of $16.80 to Plaintiff's for bringing this motion.**[11]

10   **IX.**    **Motion for Judicial Finding That Questions Propounded on Defendant Munoz and**

11            **Clausings be Deemed Admitted**

12   Plaintiff brings this motion seeking to have the requests for admissions be deemed admitted,

13   or in the alternative for Defendants to be ordered to respond to the requests for admissions.  On

14   September 29, 2010, Plaintiff had requests for admissions served on Defendants by mail.  On

15   November 2, 2010, responses were served by ten defendants, however only objections were received

16   and Defendant Clausings did not provide a response.  Plaintiff attempted to meet and confer with

17   Defendants and supplemental responses were received for nine of the defendants.  Defendants

18   Munoz and Clausings did not provide a response.  Defense counsel claimed to not have received

19   requests for admissions for Defendants Clausings and Munoz and Plaintiff served a second request

20   on November 27, 2010, but has not received a response.

21   Defendants oppose the motion stating that responses to the requests for admission were

22   served on Plaintiff on May 26, 2011.  These requests for admissions were being handled by prior

23   counsel at the time they left defense counsel's firm.  At that time a number of discovery requests

24   were due.  After this motion was received, current counsel personally reviewed the discovery

25   documents and saw that responses to these requests had been prepared and electronically stored

26   indicating that they were complete and had been served.  It was not until this opposition was

27   _____

28   [11]Plaintiff's has submitted a declaration asserting his expenses in filing this motion were $11.80 for copying
and $5.00 for envelopes and postage.

1   prepared that it was discovered that the responses to requests for admissions had been electronically

2   stored, but never served on Plaintiff.  The Court construes Defendants' objection as a motion to

3   withdraw their admissions.

4        Plaintiff argues that Defendants should not be allowed to withdraw their admissions because

5   he would be prejudiced since discovery has closed in this action.

6        Ruling:  Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure,

7        [a] party may serve on any other party a written request to admit, for purposes of the
         pending action only, the truth of any matters within the scope of Rule 26(b)(1). . .
8        A matter is admitted unless, within 30 days after being served, the party to whom the
         request is directed serves on the requesting party a written answer or objection
9        addressed to the matter and signed by the party or its attorney.

10       Additionally, the Rules provide that "[a] matter admitted under this rule is conclusively

11  established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.

12  R. Civ. P. 36(b).  "[T]he court may permit withdrawal or amendment if it would promote the

13  presentation of the merits of the action and if the court is not persuaded that it would prejudice the

14  requesting party in maintaining or defending the action on its merits."  Id.

15       Two prongs must be satisfied in order for the court to allow the party to withdraw his

16  admissions: 1) withdrawal must promote presentation of the action on its merits; and 2) the party

17  who obtained the admission must not be prejudiced by the withdrawal.  Hadley v. United States,

18  45 F.3d 1345, 1348 (9th Cir. 1994).  The court must specifically consider both prongs of the rule

19  in deciding a motion to amend or withdraw admissions.  Conlon v. United States, 474 F.3d 616, 622

20  (9th Cir. 2007).

21       The first prong of the test is met when upholding the admissions will eliminate presentation

22  of the case on its merits.  Hadley, 45 F.3d at 1348.  Plaintiff submitted 98 requests for admission

23  to Defendant Munoz and 100 requests for admission to Defendant Clausings.  In their supplemental

24  responses Defendants admit many of Plaintiff's requests.  However many are denied or admitted

25  as qualified because the original request was vague, compound, called for speculation on the part

26  of Defendant, or asked Defendant to admit information about which the defendant lacked personal

27  knowledge.

28       Plaintiff requests are, for the most part, the same for both Defendants and request them to

admit that "all 'life's basic necessities'" were ordered to be removed from his cell, all were removed from his cell as punishment, his cell was not decontaminated before he was placed back into it, and there was no penological justification for Plaintiff being placed back into the cell prior to it being decontaminated or for the removal of "life's basic necessities."  The admissions address the elements of the cause of action and if deemed admitted would effectively deprive Defendants of presentation on the merits of the case.  Since the admission would deprive Defendants of presenting evidence to refute Plaintiff's claims, the first prong is satisfied as allowing Defendants to withdraw their admissions would promote the presentation of the merits of the action.

The second prong, prejudice to the party obtaining the admissions, is "not simply that the party who obtained the admission will now have to convince the fact finder of its truth.  Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions that were previously deemed admitted. Brook Village North Assoc. v. General Elec. Co, 686 F.2d 66, 70 (1st Cir. 1982); Hadley, 45 F.3d at 1348.  Courts are more likely to find prejudice to the party during trial of the action. Hadley, 45 F.3d at 1349. While Plaintiff argues that Defendants have the burden of persuading the Court that it would not prejudice Plaintiff if they are allowed to withdraw their admissions, it is the party who obtained the admission that has the burden of establishing that withdrawal of the admission would prejudice his case. Id. at 1348; FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994).

Plaintiff argues that he would be prejudiced because he has been required to rely on the admissions in preparing his case.  However, lack of discovery, without more, does not constitute prejudice. Conlon, 474 F.3d at 624. Defendants served their response to admissions as soon as they realized that they had been overlooked and prior to the close of discovery.[12]  Additionally, a motion is pending before the Court to amend the scheduling order.  Given that Defendants submitted their responses prior to the discovery deadline and the discovery issues pending in this action, the withdrawal of the admission will not prolong the discovery in this action.  Cases which have found

---

[12]On May 23, 2011, an order issued extending discovery an additional thirty days.

prejudice to support allowing the admissions to stand have required a greater showing of prejudice than found here. Hadley, 45 F.3d at 1349; see Westmoreland v. Triump Motorcycle Corp., 71 F.R.D. 192, (D. Conn. 1976) (permitting withdrawal of admissions that were one year late where defendants promptly filed a motion to withdraw). Plaintiff has failed to establish that he would be prejudiced by granting Defendants' motion to withdraw their admissions.

In determining whether to exercise its discretion to allow the party to withdraw or amend the admissions, the court may also consider other factors, including whether the moving party has shown good cause and the strength of the case on the merits. Conlon, 474 F.3d at 625. As previously discussed the attorneys originally assigned to this action left the firm around the time these responses were due. During the transition, this case was assigned to several different attorneys. When current defense counsel reviewed the file he believed that the responses had been served on Plaintiff. It was not until the objection to this motion was prepared that it was discovered the responses had been saved, but not served. The responses were then promptly served. The Court finds that Defendants have shown good cause for the failure to respond to the requests for admissions. **Defendants' motion to withdraw their admissions is GRANTED and Plaintiff's motion for Defendants Munoz and Clausings' admissions to be deemed admitted is DENIED.**

**X.**     **Motion for Determination of the Sufficiency of Defendant Hacker's Objections to Request for Admissions and Request for Sanctions**

Plaintiff requests the Court find that Defendant Hacker refused to answer his second set of interrogatories, asserting unjustified objections, and requests sanctions of $6.24 for the cost of bringing this motion and for defense counsel to be fined for his dilatory tactics. On March 23, 2011, Plaintiff sent defense counsel a letter in an attempt to meet and confer, however he did not receive a response.

Defendant argues that the responses were not boilerplate objections, but legitimate responses to Plaintiff's request to establish civil liability on the part of the warden. Defendant Hacker has served supplemental responses to Plaintiff's interrogatories and his motion is now moot.

Plaintiff responds that the request is not moot as he is entitled to sanctions for Defendant's failure to respond to his requests.

1    <u>Ruling:</u> Plaintiff has failed to file a copy of his interrogatories or Defendant Hacker's

2    original response. However, since Defendant did file a copy of his supplemental responses the

3    Court is able to review the interrogatories propounded by Plaintiff.

4        Plaintiff has provided sufficient documentation that he made efforts to meet and confer with

5    Defendants to avoid bringing this motion. The admissions propounded by Plaintiff are reasonably

6    calculated to lead to the discovery of admissible evidence. Defendants had an opportunity to

7    respond to the request for sanctions in their opposition to Plaintiff's motion. The Court finds that

8    Plaintiff is entitled to reasonable expenses incurred in bringing this motion.

9        **Since Defendant Hacker has now served supplemental responses, Plaintiff's motion**

10   **to determine the sufficiency of his objections is DENIED as moot, however pursuant to**

11   **Federal Rule of Civil Procedure 37(a)(5)(A), the Court will order costs of $6.24 to Plaintiff for**

12   **bringing this motion.[13]  Plaintiff's motion for additional sanctions is DENIED.**

13   **XI.    Motion for Protective Order**

14       **A.    Legal Standard**

15       Defendants Clausing, Hacker, Daley, Huchins, Munoz, Omos, Paz, Perez, Reynoso, and

16   Roberson move for a protective order, pursuant to Federal Rule of Civil Procedure 26(c), which

17   states in relevant part "[a] party or any person from whom discovery is sought may move for a

18   protective order. . ." and upon a showing of good cause the court may "issue an order to protect a

19   party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

20       The party seeking the protective order has the burden to establish that good cause exists by

21   showing that specific prejudice or harm will result if the protective order is not issued. <u>Rivera v.</u>

22   <u>NIBCO, Inc.</u>, 384 F.3d 822, 826 (9th Cir. 2004). If the court finds that specific harm or prejudice

23   may result from the disclosure of the information then it must balance the public and private

24   interests to determine if a protective order is necessary. <u>Rivera</u>, 384 F.3d at 827. In balancing the

25   interests courts may consider

26       1) whether disclosure will violate any privacy interests; (2) whether the information
         being sought is for a legitimate purpose or for an improper purpose; (3) whether

27

28   _____
     [13]Plaintiff submits that his expenses are $6.24 for copying, postage, and paper.

disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefiting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public."

Rivera, 384 F.3d at 827 n.6 (citations omitted).

The court has broad latitude in granting protective orders to prevent the disclosure of information.  Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002).  The language of the statute confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Phillips, 307 F.3d at 1211 (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)).

Defendants seek protection pertaining to any discovery propounded by Plaintiff in his interrogatories and request for production of documents which seek 1) operational or security-related information or documents and 2) correctional staff and inmate information and documents. The discovery requests referenced by this motion for a protective order are addressed in Plaintiff's prior motions to compel.  Pursuant to this Court's order, Defendants are to construe Plaintiff's combined interrogatories and requests for production as interrogatories and are not required to produce any documents in response.  Accordingly, the protective orders sought in response to these discovery requests are moot.  The Court's order in response to Plaintiff's first motion to compel addresses the security concerns of documents requested by Plaintiff.

Defendant argues that Plaintiff received a copy of each incident report in which the names of non-party correctional staff unrelated to his cell extraction have been redacted, as well as inmate names.  Since no other inmate would have been able to see what occurred within Plaintiff's cell what occurred in their cell extractions is not relevant to Plaintiff's claims in this action.  Defendants move to have all information pertaining to non-party correctional personnel and inmates be either precluded or limited by the court.

The Court fails to see how the identity of correctional staff involved in the cell extractions that occurred on February 28, 2007, would be entitled to protection.  Defendants argue that they assume Plaintiff knows the names of other inmates housed in the unit.  Defendants may not

1   withhold information assuming that it is already in Plaintiff's possession.  Plaintiff is entitled to

2   request the names of potential witnesses and Defendants' statements that the other inmates would

3   not have been able to observe what happened in Plaintiff's cell extraction is not sufficient to

4   discharge their discovery duties.  The Court will deny Defendants' motions to the extent they are

5   seeking protection for the names of inmates and correctional staff that were involved in the cell

6   extractions that occurred on February 28, 2007.

7       Defendants have moved for a protective order for some information which could potentially

8   implicate the security of the institution.  Defendants state that the regulations regarding the use of

9   force are set forth in Title 15, which is available at all prisons.  It is obvious from Plaintiff's

10  discovery requests that he has reviewed Title 15 and "[o]perations manuals, scientific or medical

11  effects of chemical agents, and other operational and security-based writings have no bearing on

12  whether or not the conduct of the Defendant was proper."  Defendants argue that since these

13  documents are irrelevant they should be precluded by a protective order.

14      Plaintiff argues that Defendants' motions are untimely and thus they have waived their

15  ability to receive a protective order.  Defendants boilerplate objections are insufficient to establish

16  privilege for the discovery requested.  Plaintiff requests that the motions be denied, or alternately,

17  that the Court conduct an *in camera* review and disclose relevant information.

18      Defendants have failed to meet their burden to establish that good cause exists by showing

19  that specific prejudice or harm will result if the protective order is not issued.  Rivera., 384 F.3d at

20  826.  The Court is cognizant of the security concerns that are inherent with providing policies and

21  procedures that implicate the safety and security of the prison to inmates.  The public interest in

22  maintaining safe and secure prisons is very great.  The issues involved not only implicate the safety

23  and security of the prison personnel and inmates at the prison, but the community in which the

24  prison is located and society in general.  Given the potential for harm that exists due to disclosure

25  of information implicating the security of the prison, the Court will allow Defendants to renew their

26  motion setting forth more information and requesting an *in camera* review, if necessary, for

27  Plaintiff's requests for policy and procedures that could implicate safety and security at the prison.

28  Additionally, Defendants objections on the grounds of relevancy are improperly raised in this

motion.

The rulings set forth below are only for the purpose of the protective order requested and are not intended to address any objections that Defendants may raise as to the requests.

**B.     Defendant Clausings' Motion for a Protective Order**

**1.     Request for Interrogatories; Production of Documents, Set One**

Request No. 6 states:

> To your knowledge how are inmates disciplined for refusing to relinquish food trays.  If your answer is derived from any book, policy, regulations or memorandum produce the document.

Request No. 7 states:

> To your knowledge how are inmates disciplined for participating in a cell extraction.  If your answer is derived from any book, policy, regulations or memoranda produce the document.

Request No. 16 states:

> State the policy for removing extracted inmates from a cell, if that policy is described in any document produce the document.

To the extent that Defendants are requesting a protective order for the documents requested the motion is moot.  The Court fails to see how the information requested in Requests Nos. 6 and 7 would be entitled to protection.  While there could potentially be an issue for protection of the information requested in Request No. 16, Defendant has failed to meet his burden of sufficiently identifying that he is seeking protection for this information or that good cause exists to issue a protective order.  **Defendant's motion is DENIED, without prejudice.**

**2.     Special Interrogatories, Set Two**

Interrogatory No. 3 seeks the names of the officers that were responsible for decontaminating Plaintiff's cell.  The identity of these individuals  is not entitled to protection. **Defendant's motion for a protective order is DENIED.**

**C.     Defendant Daley's Motion for a Protective Order**

**1.     Request for Interrogatories; Production of Documents, Set One**

Request No. 16 states:

> When inmates are subjected to a full body search, is there a certain order that in which his body parts must be shown to the officer (ie. Does he have to

1        show his left arm before the right arm, or his left foot before his right foot).

2      Request No. 17 states:

3           If your answer to question 16 ante is yes, describe the order, and attach the written policy in support of your response.

4

5      Request Nos. 16 and 17 do not request any information that would be entitled to protection.

6 To the extent that Defendant is requesting a protective order for a document request, as described

above the motion is moot.  **Defendant's motion for a protective order is DENIED.**

7

8      **D.**    **Defendant Hacker's Motion for a Protective Order[14]**

9          **1.**    **Request for Interrogatories; Production of Documents, Set One**

10      Request No. 2 states:

11           State the duties of defendant J. Reynoso on Feb. 28, 2007.  If those duties are set forth in any job description or other document produce the document.

12      Request No. 3 states:

13           State the duties of defendant J. Huchins, [sic] on Feb. 28, 2007.  If those duties are set forth in any job description or other document produce the document.

14

15      Request No. 4 states:

16           State the names, titles and duties of every officer who participated in the Feb. 28- 2007 [sic] cell extraction of plaintiff.  If those duties are set forth in any job description or other document produce the document.

17

18      Request No. 6 states:

19           State the names, titles and duties of all correctional officers (at SATF ASU**)** (including yourself if applicable) who supervised the Feb. 28-2007 [sic] cell extraction of plaintiff.

20

21      <u>Ruling:</u>  **To the extent that Defendants are requesting a protective order for the**

22 **documents requested the motion is moot.  Defendant motion for a protective order for the**

23 **correctional staff and inmate information requested is DENIED.**

24      Request No. 7 states:

25           Was plaintiffs [sic] Feb. 28-2007 [sic] cell extraction vidio [sic] recorded. If so produce a copy of the vidio [sic] recording.

26

27

28

---

[14] The docket reflects two motions for Defendant Hacker.  (ECF Nos. 81, 84.)  It appears that the first motion was incorrectly docketed as it is a motion by Defendant Clausings.  ECF No. 81 is the same motion that was docketed as ECF No. 82.  Accordingly, ECF No. 81 will be stricken from the record.

Request No. 8 states:

> State the procedures in effect on Feb. 28-2007 [sic] for cell extracting inmates with chemical agents.  If those procedures are different for segragation [sic] inmates than for general population inmates, state both procedures.  If those procedures are set forth in any policy, directive or other document produce the document.

Request No. 10 states:

> To your knowledge how many inmates were cell extracted (with the chemical agent) on Feb. 28-2007 [sic].

Request No. 11 states:

> Did any inmate (including plaintiff) attempt to escape on Feb. 28-2007 [sic].

Request No. 12 states:

> Did any inmate (including plaintiff) attempt to harm another inmate on Feb. 28-2007 [sic].

Request No. 13 states:

> Did any inmate (including plaintiff) attempt to distroy [sic] valuable state property on Feb. 28-2007 [sic].

Request No. 14 states:

> Did any inmate (including plaintiff) attempt to harm any correctional officers on Feb. 28-2007 [sic].

Request No. 18 states:

> To your knowledge, did inmates refuse to relinquish thier [sic] food trays, in protest to correctional staff's misconduct.

<u>Ruling:</u>  These requests, other than Request No. 8, seek information that is not entitled to protection.  **To the extent that Defendants are requesting a protective order for the documents requested in Request No. 8 the motion is moot.  Defendants have not met their burden to have a protective order issue as to the information sought in Request No. 8 and the motion shall be DENIED without prejudice.**

E.    **Defendant Huchins' Motion for a Protective Order**

1.    **Request for Interrogatories; Production of Documents, Set One**

Request No. 1 states:

> A copy of, or a description by category and location, all documents, data compilations, and tangible things in the possession, custody or control of the

1    defendants that are relevant to disputed facts alleged in the complaint.

2    Request No. 8 states:

3        Copies of all "Field Incident Reports" (Parts A-C) prepared by defendants
         (commonly known as CDCR 1662-A; Summary Information, CDCR 1662-
4        B, Employee Report, CDCR 1662-C; and supplemental page, CDCR 1662-
         C1).
5

6    Request No. 9 states:

7        A copy of the CDCR Forms 837-A through 837-A (which were prepared in
         compliance with *Cal. Code Reg. Title 15 3268.1(a)(1)(2)* in relation to
8        plaintiff's cell extraction and the case at bar.

9    Request No. 10 states:

10       Copies of all Use-of-Force Reports (i.e. "The Incident Commander's
         Review/Critique Use-of-Force Incidents, CDCR 3010," "Supervisor
         Review/Critique, CDCR 3010-A," "Manager Review First Level Use-of-
11       Force Incidents, CDCR 3012," "Executive Review of Use-of-Force Critique
         and Qualitative Evaluation/Analysis, CDCR 3012-A," "Inmate Interview
12       Guidelines, CDCR 3013," and "the Supervisory Use of Force Interview
         Guide, cDCR 3013-A"), which ere prepared as a result of plaintiff's cell
13       extraction.

14   Request No. 11 states:

15       A copy of the "Report of Findings Inmate Interview," CDCR 3014, which
         was prepared as a result of plaintiff's cell extraction, and defendants' failure
16       to decontaminate any ASU cells.

17   Request No. 12 states:

18       A copy of the Institutional Execurtive Review Committees (IERC) "Use of
         Force   Misconduct   Allegation,"   CDCR   3040;   "Further   Action
19       Recommendation - Use of Force Misconduct Allegation," CDCR 3035; and
         the "Critique and Qualitative Evaluation," CDCR 3036, which were
20       prepared as a result of plaintiff's cell extraction and Complaint.

21   Request No. 13 states:

22       A copy of the Crime/Incidents Reports (Parts C through C2) (i.e. Staff
         Report, CDCR 887C; Supplement, CDCR 837-C-1; Review Notice, CDCR
23       8347-C2) prepared as a result of plaintiff's cell extraction, and defendants'
         failure to decontaminate plaintiff's cell.
24

25   Request No. 14 states:

26       A copy of the "Controlled Use of Manager/ADD Report," CDCR 3037,
         relevant to plaintiff's case.

27   Request No. 15 states:

28       All documents submitted to the Bureau of Independent Review (BIR), as

mandated by Cal. Pen. Code 6133, regarding plaintiff's cell extraction and defendants' actions post-cell extraction.

Ruling: **All these requests are seeking documents and pursuant to the order on Plaintiff's second motion to compel the motion for a protective order is moot.**

F.     **Defendant Munoz' Motion for a Protective Order**

1.     **Request for Interrogatories; Production of Documents, Set One**

Request No. 1 states:

State your rank and duties on Feb. 28, 2007.  If those duties are set forth in any job description or other document produce the document.

Request No. 3 states:

Have you had training in the use of chemical agents.  If part of your training is set forth in any books, manuals, or other document produce the document.

Request No. 4 states:

Discribe [sic] to your knowledge the effect of a chemical agent on a persons [sic  body who has been exposed to the chemical agent.

Request No. 9 states:

During plaintiffs [sic Feb. 28-2007 [sic] cell extraction, was any member of the extraction team wearing "protective suits."

Request No. 10 states:

If your answer to question 9 is yes, state the names of all officers who wore protective suits.

Request No. 14 states:

Did you participate in the cell extraction of any other inmates on Feb. 28-2007, [sic] at SATF ASU.

Request No. 15 states:[15]

To your knowledge how much chemical agent was used on Feb. 28-2007 [sic] to extract all inmates.

Request No. 16 states:

After plaintiff turned over his food tray did he offer to be removed from the cell.

---

[15]Defendant's motion does not set forth the correct interrogatories 15 and 16.  The actual request from Plaintiff's interrogatory as been set forth.

1    Request No. 25 states:

2            State the names of any officer who ordered that plaintiff's property be
             removed from his cell (on Feb. 28-2007) [sic]. If the order/directive is set
3            forth in any document produce the document.

4    <u>Ruling:</u> **To the extent Defendant is seeking a protective order for document requests**

5    **the motion is moot.  The information requested in these interrogatories does not implicate the**

6    **security of the institution and Defendant's motion for a protective order is DENIED.**

7        **G.      Defendant Omos' Motion for a Protective Order**

8              **1.      Request for Interrogatories; Production of Documents, Set One**

9    Request No. 1 states:

10           State your rank and duties on Feb. 28, 2007.  If those duties are set forth in
             any job description or other document produce the document.
11

12   Request No. 3 states:

13           Have you had training in the use of chemical agents.  If part of your training
             is set forth in any books, manuals, or other document produce the document.

14   Request No. 4 states:

15           Discribe [sic] to your knowledge the effect of a chemical agent on a persons
             [sic]  body who has been exposed to the chemical agent.
16

17   Request No. 9 states:

18           During plaintiffs [sic Feb. 28-2007 [sic] cell extraction, was any member of
             the extraction team wearing "protective suits."

19   Request No. 10 states:

20           If your answer to question 9 is yes, state the names of all officers who wore
             protective suits.
21

22   Request No. 14 states:

23           Did you participate in the cell extraction of any other inmates on Feb. 28-
             2007, [sic] at SATF ASU.

24   Request No. 15 states:[16]

25           To your knowledge how much chemical agent was used on Feb. 28-2007
             [sic] to extract all inmates.
26

27   ─────────────────

[16]Defendant's motion states the same question for nos. 15 and 16.  Although the Court would assume the
28   requests were the same as the interrogatories propounded to Defendant Munoz, Defendant Omos did not provide a
     copy of the request for interrogatories so the Court is unable to determine what the actual requests were.

Request No. 16 states:

> To your knowledge how much chemical agent was used on Feb. 28-2007 [sic] to extract all inmates.

Request No. 26 states:

> State the names of any officer who ordered that plaintiff's property be removed from his cell (on Feb. 28-2007) [sic]. If the order/directive is set forth in any document produce the document.

**Ruling:** **To the extent Defendant is seeking a protective order for document requests the motion is moot. The information requested in these interrogatories does not implicate the security of the institution and Defendant's motion for a protective order is DENIED.**

**H.      Defendant Paz' Motion for a Protective Order**

**1.      Request for Interrogatories; Production of Documents, Set One**

Request No. 3 states:

> If your response to either (or both) questions 1, 2 were yes, state your duties & title on Feb. 28-2007 [sic]. If those duties are set forth in any job description or other document produce the document.

Request No. 14 states:

> State the date that plaintiff was provided a change of underwear. If the date is set forth in any documents produce the document.

Request No. 15 states:

> Discribe [sic] all policies in effect for decontaminating a cell that was sprayed with a chemical agent. If those polices are set forth in any policy or job description produce the document.

Request No. 17 states:

> State the date that plaintiffs [sic] cell was decontaminated. If that date is writen [sic] on any document produce the document.

Request No. 21 states:

> State the date that plaintiff was provided cleaning supplies (after the extraction). If that date is set forth in any document produce the document.

Request No. 22 states:

> Describe all property that was given to plaintiff (if any) on Feb. 28-2007 [sic] (i.e. after he was cell extracted) if that property is set forth in any document produce the document.

**Ruling:** **To the extent Defendant is seeking a protective order for document requests**

the motion is moot.  With the exception of Request No. 15, the information requested in these interrogatories does not implicate the security of the institution and the motion is DENIED. Defendant has not met his burden in respect to Request No.15, and the motion for a protective order is DENIED without prejudice.

**I.**   **Defendant Perez' Motion for a Protective Order**

     **1.**   **Request for Interrogatories; Production of Documents, Set One**

Request No. 2 states:

> If your answer to question one ante, [sic] is yes state your title and duties on Feb. 28- 2007 [sic].  If those duties are set forth in any job description or other document produce the document.

Request No. 6 states:

> State the names, titles and duties, [sic] of the officer[s] who released the chemical agent into plaintiffs [sic] cell. (ie, [sic] who inserted the nosile [sic] of the chemical into plaintiffs [sic] cell, who held the container, who fired the chemical agent).

Request No. 10 states:

> State the names, title and duties of the officer[s] who conducted a full body search of plaintiff (ie., who was the officer, [sic] who asked plaintiff to show him his mouth, feet genitals [sic] arms, etc.)

Request No. 11 states:

> Does the Title 15 Cal. Code Regs chategorize [sic] the failure to relinquish a food tray as a "serious disciplinary offense."

Request No. 13 states:

> Does the Title 15 Cal. Code Regs chategorize [sic] a "food tray" as contraband.

Request No. 17 states:

> State the name of the officer who put leg restraints on plaintiff.

<u>Ruling</u>:  **To the extent Defendant is seeking a protective order for document requests the motion is moot.  The information requested in these interrogatories does not implicate the security of the institution and Defendant's motion for a protective order is DENIED.**

**J.**   **Defendant Reynoso's Motion for a Protective Order**

     **1.**   **Request for Interrogatories; Production of Documents, Set One**

Request No. 1 states:

> State the name and rank of all correctional staff (including yourself if applicable) who ordered that plaintiff be cell extracted on February 28-2007 [sic]. If the order and rank of the said officials is set forth in any document, produce the document.

Request No. 3 states:

> State the names of all individuals (including yourself if applicable) who were present on February 28-2007, [sic] when Plaintiff was cell extracted.

Request No. 4 states:

> State the duties of defendant Hacker, on February 28-2007 [sic] through March 8- 2007 [sic]. If those duties are set forth in any job description or other document produce the document.

Request No. 5 states:

> Describe the weapon/devices used to cell extract plaintiff on Feb. 28-2007 [sic].

Request No. 9 states:

> If your response to Questions 7– is yes" identify the person(s) (including yourself) who approved of granting plaintiff access to property (on the dates described in Question 8. If this interrogatory is described in any logs, books, data or documents, produce the document.

Request No. 13 states:

> After plaintiffs [sic] cell extraction, who ordered that plaintiff be returned to cell 122 (at the ASU at SATF).

Request No. 17 states:

> State the dates that plaintiff was provided any cleaning/sanitation supplies (i.e. rags, disinfectant, cleanser, etc.) If this interrogatory is set forth in any document, produce the document.

Ruling:  **To the extent Defendant is seeking a protective order for document requests the motion is moot.  The information requested in these interrogatories does not implicate the security of the institution and Defendant's motion for a protective order is DENIED.**

## 2.     Special Interrogatories, Set Two

Interrogatory No. 1 states:

> State the name and rank of any and all correctional officers (including yourself if applicable) whose duty it was on Feb. 28-2007 [sic] to make orders (to correctional staff) regarding post extraction procedures. (In the requests for admission, set one, you were asked about whether you ordered

that plaintiffs [sic] cell be decontaminated, whether you ordered that he be issued a change of underwear - or provided lifes [sic] basic necessities. Each time you responded that you do not involved in post extraction procedurs [sic].  (see Reynoso Req. Admit #67, #68, 79, 90).  Im [sic] simply asking you to identify the officers who were responsible for making such orders (i.e., for post extraction procedures).)

Interrogatory No. 2 states:

State the name and rank of any correctional officer (including yourself if applicable) whose duty it was on Feb. 28-2007 [sic] to instruct the extraction team as to how to conduct a cell extraction.  (i.e., in the request for admissions set one, you were questioned as to whether you ordered that plaintiff be immediately removed from the cell, once he complied with orders. Each time you responded that you do not instruct the extraction team as to how to conduct a cell extraction. (Reynosos Admit at #28, 51, 52, 62.) Thus I'm simply asking you to identify which officer[s] was responsible for instructing the extraction team as to how to conduct a cell extraction on Feb. 28- 2007 [sic].

Ruling: **The identity of the individuals who issued orders is not entitled to protection.**

**Defendants motion for a protective order is DENIED.**

### 3. Special Interrogatories, Set Three

Interrogatory No. 1 states:

Describe the size of an ASU cell at SATF.

Ruling: The Court fails to see how the description of the size of a cell would implicate the security of the institution.  **Defendant's motion for a protective order is DENIED.**

### K. Defendant Roberson's Motion for a Protective Order

#### 1. Request for Interrogatories; Production of Documents, Set One

Request No. 1 states:

State your title and duties on Feb. 28-2007 [sic].  If those duties are set forth in any job description or other document produce the document.

Request No. 5 states:

State the names and titles of every supervisory official (including yourself if applicable) who were present during plaintiffs [sic] Feb. 28-2007 [sic] cell extraction.

Request No. 7 states:

To your knowledge how many inmates were cell extracted on Feb. 28-2007 [sic].

Request No. 8 states:

During the Feb.28-2007 [sic] cell extractions at SATF/ASU did you have any information that any inmate (including plaintiff) was attempting to distroy [sic] valuable state property.

Request No. 10 states:

During the cell extractions did you have any information that any inmate (including plaintiff) was attempting to harm any inmates.  If so produce documents.

Request No. 11 states:

On the day of the cell extractions (Feb. 28-2007 [sic]) did you have any information that any inmate (including plaintiff) was attempting to harm any correctional officers.  (The term harm, [sic] means to attack, fight with, threaten, assult [sic]) if so produce the document.

Request No. 12 states:

Discribe [sic] how the chemical agent that was shot into plaintiffs [sic] cell, [sic] is dispersed.  (ie. How does it shoot, does it shoot like a watter [sic] hose, a sprinkler, a fire extinguisher).

Request No. 21 states:

If your answer to question 19 is yes, state the names and titles of all correctional staff/supervisors who ordered that plaintiffs [sic] property be removed from the cell.

Request No. 22 states:

Describe any property that plaintiff was permitted to keep on Feb. 28-2007 [sic] (after he was cell extracted).  If this discription [sic]/information is set forth in any document produce the document.

Ruling:  **To the extent Defendant is seeking a protective order for document requests the motion is moot.  The information requested in these interrogatories does not implicate the security of the institution and Defendant's motion for a protective order is DENIED.**

## 2.      Special Interrogatories, Set Two

Interrogatory No. 2 states:

Where the decontamination supplies (described in response to question one ante) taken to the ASU at SATF on Feb. 28-2007 [sic].

Interrogatory No. 3 states:

If your answer to question 2 ante is yes identify the officer[s] who took the decontamination supplies to the ASU at SATF.

Ruling: The Court is unable to determine what information Plaintiff is seeking in request

to Interrogatory No. 2. Depending on what is requested this information could potentially implicate security concerns at the institution. **According Defendant's motion in respect to Interrogatory No. 2 is DENIED without prejudice. The identify of the officer who took supplies to the unit is not entitled to protection and Defendant's motion for a protective order with respect to Interrogatory No. 3 is DENIED.**

## XII.    Order

Based on the foregoing it is HEREBY ORDERED that:

1.    Plaintiff's motion for Rule 11(c) sanctions, filed March 22, 2011, is DENIED;

2.    Plaintiff's motion to compel, filed January 24, 2011, is GRANTED IN PART AND DENIED IN PART, as follows:

a.    Plaintiff's motion to have Defendants' responses deemed untimely and objections waived is DENIED;

b.    Plaintiff's motion to compel production is DENIED for Request for Production Nos. 5, 6, 17, 22, and 38,

c.    Plaintiff's motion to compel production is GRANTED for Request for Production Nos. 2, 11, 12, 13, 18, 19, 23, 26, 27, 34, 36, and 37;

d.    Plaintiff's motion to compel production is GRANTED AS MODIFIED for Request for Production Nos. 1, 3, 4, 10, 14, 15, 16, 21, 25, 31, 32, and 40;

e.    Plaintiff's Request for Production No. 7 is GRANTED IN PART, and Defendants are to arrange for Plaintiff to view the video of his cell extraction within thirty days from the date of service of this order and DENIED in all other respects;

f.    Within thirty days from the date of service of this order Defendants shall provide a supplemental response and produce responsive documents;

3.    Plaintiff's second motion to compel, filed February 14, 2011, is DENIED, without prejudice;

4.    Defendants' motion for an extension of time is GRANTED and:

a.    Within thirty days from the date of service of this order Defendants Huchins

and Reynoso shall serve responses to Plaintiff's request for production, set
two, without objections;

    b.    Within thirty days from the date of service of this order Defendants Huchins
and Reynoso shall serve responses to Plaintiff's interrogatories and request
for production, dated November 14, 2010, with objections;

5.    Plaintiff's third motion to compel, filed February 22, 2011 is DENIED, without
prejudice, as procedurally deficient;

6.    Within thirty days from the date of service of this order Defendants Morse, Paz,
Omos, Clausings, Daley, Hacker, Roberson, Perez, Munoz shall provide
supplemental responses to Plaintiff's interrogatories and request for production of
documents served on November 17, 2010;

7.    Plaintiff's fourth motion to compel, filed May 16, 2011, is DENIED as moot;

8.    Plaintiff's fifth motion to compel, filed May 20, 2011, is GRANTED IN PART
AND DENIED IN PART:

    a.    Plaintiff's fifth motion to compel is DENIED as MOOT;

    b.    Within thirty days from the date of service of this order, pursuant to Federal
Rule of Civil Procedure 37(a)(5)(A), defense counsel shall pay Plaintiff
$16.80 for Plaintiff's costs in bringing his fifth motion to compel;

9.    Plaintiff's motion to have Defendants Clausing and Munoz' admissions deemed
admitted, filed January 27, 2011, is DENIED;

10.    Defendants motion to have Defendants Clausings and Munoz' admissions
withdrawn is GRANTED;

11.    Plaintiff's motion to determine the sufficiency of Defendant Hacker's objections to
Plaintiff's request for admissions, filed May 9, 2011, is DENIED IN PART AND
GRANTED IN PART:

    a.    Plaintiff's motion to determine the sufficiency of Defendant Hacker's
objections is DENIED as moot;

    b.    Within thirty days from the date of service of this order, pursuant to Federal

Rule of Civil Procedure 37(a)(5)(A), defense counsel shall pay Plaintiff $6.24 for Plaintiff's costs in bringing this motion;

12.    Defendant Clausing's motion for a protective order, (ECF No. 81) which is reflected on the docket as Defendant Hacker's motion for a protective order, is STRICKEN from the record; and

13.    Defendants Clausings, Daley, Hacker, Huchins, Munoz, Omos, Paz, Perez, Reynoso, and Roberson's motions for a protective order are DENIED as discussed in this order.


IT IS SO ORDERED.


Dated:   July 26, 2011                       /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE