# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>HUCHINS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-00456-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 132) |

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed March 11, 2009, against Defendants J. Huchins, J. Reynoso, M. Hacker, R. Roberson, C. Munoz, D. Daley, P. Perez, Pax, C. Morse, Omos, and Clausings for cruel and unusual punishment in violation of the Eighth Amendment. On July 28, 2011, Plaintiff filed a motion for reconsideration of the order denying appointment of counsel. (ECF No. 132.)

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the

1  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

2  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff brings his motion for reconsideration alleging that the decision was clearly erroneous and he is entitled to appointment of counsel. Plaintiff alleges that he has been precluded from adequately representing himself because he has been refused photocopies of exhibits exceeding 100 pages without a judicial order, Defendants have barred Plaintiff from searching for and contacting vital witnesses, and Defendants are refusing to provide pivotal discovery unless counsel is appointed. Relying on Agyeman v. Corrections Corp. Of America, 390 F.3d 1101 (9th Cir. 2004) and Johnson v. Howard, 20 F.Supp.2d 1128 (W.D.Mich 1998), Plaintiff argues that the issues present in his case have created an unusual barrier and counsel should be appointed. Additionally, Plaintiff is likely to succeed on the merits as the conditions he was subjected to are worse than those present in Clement v. Gomez, 298 F.3d 898 (9th Cir. 2002).

Initially, Plaintiff's complaint that he is not being provided photocopies of exhibits exceeding 100 pages is unclear to the Court. The Court has reviewed numerous motions in this action and in response to Plaintiff's requests for production Defendants have provided Plaintiff with approximately 400 pages of discovery. Plaintiff's conclusory allegations are insufficient for the Court to find that Plaintiff lacks the means to adequately prepare, investigate or present his case. Johnson, 20 F.3d at 1129.[1] The Court has reviewed numerous discovery requests propounded by Plaintiff. Plaintiff has been able to adequately propound his requests and clarify discovery issues

---

[1] To the extent that Plaintiff may be complaining about prison policy allowing inmates a limited number of copies, that is a separate issue from those presented here. While inmates do have a constitutional right to access to the courts it does not include unlimited access to the law library and photocopies. Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) overruled on other grounds by Lewis v. Casey, 581 U.S. 343, 350-55 (1996). Should Plaintiff be unable to obtain the number of copies he needs to file or respond in a timely manner he may request an extension of time by filing a motion prior to the due date.

2

1  presented.

2  Additionally, Plaintiff states that he has been barred from searching for or contacting inmate witnesses. In the order partially granting Plaintiff's motion to compel, filed July 27, 2011, Defendants motion for a protective order was denied and Defendants are to provide the names of inmates and staff that were present during the cell extraction on February 28, 2007. Plaintiff is advised that Cal. Code. Regs., tit. 15 § 3139 sets forth the procedures to communicate in writing with inmate witnesses. If, **after completing the process to obtain written authorization** from the appropriate prison officials, Plaintiff continues to have difficulty in obtaining permission to contact witnesses, he may file a motion and the Court will attempt to facilitate communication with his witnesses.

While Plaintiff relies on Agyeman in his attempt to have counsel appointed, the cases are not similar. Agyeman was a complex case involving a detainee in a federal facility attempting to bring a section 1983 action against a private corporation. The plaintiff in Agyeman was detained for seven years on noncriminal charges and, while believed to be suffering from cardiac arrest, he was placed in full mechanical restraints to be transported for emergency medical care. Agyeman, 390 F.3d at 1103. Plaintiff's action could have been brought against the United States under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b)(1), 2671-2680, and he could then have joined the private corporation in tort invoking supplemental jurisdiction. Agyeman, 390 F.3d at 1103-04. To recover against individual employees of the corporation, Plaintiff's action had to be brought as a Bivens action. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, (1971); Agyeman, 390 F.3d at 1104. Finally, Agyeman was being held on noncriminal charges which gave him rights beyond those of a prisoner and an issue was presented as to whether the Bureau of Prison rules were applicable to him. Id.

While the plaintiff in Agyeman required counsel to understand the complex legal issues presented by his case, Plaintiff's action is brought under section 1983 against state correctional officers for extracting him from his cell using pepper spray and placing him back in the contaminated cell. This action is not complex, nor does it involve the issues faced by the plaintiff in Agyeman. Plaintiff is a prisoner who was engaged in a protest with other inmates and refused to comply with

correctional staff. Plaintiff's action does not raise the medical issues that were present in Agyeman where the plaintiff was suffering from cardiac arrest.

As Plaintiff has been previously advised, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand, 113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily.

Plaintiff claims that he is likely to succeed on the merits because his situation is worse than that presented in Clement. However Clement was merely an appeal from the denial of Defendants' motion for summary judgment on the ground of qualified immunity. Clement, 298 F.3d at 902-03. In Clement the appellate court found that defendants motion for summary judgment should be granted on Plaintiff's excessive force claim and that triable issues existed as to the deliberate indifference claim. Id. at 906. Contrary to Plaintiff's claims, the finding that a triable issue exists does not equate to a finding that the plaintiff is likely to succeed on the merits of his case. Due to the protest prison officials extracted forty inmates from twenty six cells over a period of hours. Additionally, Plaintiff's situation is different from that in Clement. Plaintiff was involved in a protest that resulted in prison officials extracting forty inmates from twenty six cells over a period of hours.

Additionally, the record does not reflect that Plaintiff is unable to adequately articulate his claims in this action. Plaintiff has filed and prevailed on multiple motions in this action. Therefore, this court finds that the Magistrate Judge's denial of Plaintiff's motion for the appointment of counsel was not clearly erroneous.

4

1   Based on the foregoing, Plaintiff's motion for reconsideration, filed July 28, 2011, is HEREBY
2  DENIED.
3  IT IS SO ORDERED.
4  **Dated:   August 5, 2011**                       **/s/ Oliver W. Wanger**
                                                     UNITED STATES DISTRICT JUDGE