1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

| | |
|---|---|
| DANIEL MANRIQUEZ, | CASE NO. 1:09-cv-00456-LJO-BAM PC |
|        Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
|   v. | |
| HUCHINS, et al., | ORDER DIRECTING CLERK OF THE COURT TO FILE THE SECOND AMENDED COMPLAINT |
|        Defendants. | |
| _____ / | (ECF No. 162) |

15   **I.    Screening Requirement**

16        Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 25, 2011, an order

18   issued directing Plaintiff to either file an amended complaint or notify the Court of his willingness

19   to proceed only on the claims found to be cognizable.  On November 22, 2011, a second amended

20   complaint was lodged.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

26        In determining whether a complaint states a claim, the Court looks to the pleading standard

27   under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

28   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

2  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

3  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

4  544, 555, 127 S. Ct. 1955 (2007)).

5      Under section 1983, Plaintiff must demonstrate that each defendant personally participated

6  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

7  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

8  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

9  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

10  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

11  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

12  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

13  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

15  **II.    Complaint Allegations**

16      On February 28, 2007, while housed in the Administrative Segregation Unit ("ASU"),

17  Plaintiff and other inmates engaged in a protest against prison officials.[1]  Plaintiff covered his cell

18  window with paper, refused to relinquish his food tray, and refused to cuff up. The inmates informed

19  prison officials that the protest would not turn violent if the officials would agree to address their

20  complaints.

21      Defendants Huchins and Reynoso refused to address the inmates complaints and ordered that

22  the X10 Barricade Removal Device be used. Plaintiff alleges that the device is the most dangerous

23  chemical weapon available to prison officials and is not to be used unless there is a threat of injury

24  to persons, substantial amounts of valuable property or the inmate is attempting to escape or cause

25  a riot. Defendants Hutchins, Reynoso, Hacker, and Roberson ordered an extraction team to extract

26  the inmates from their cells, and that inmates be housed back in the contaminated cells.

27

28          [1]Forty four Hispanic inmates were involved in the disturbance and were extracted from their cells in the
ASU.  (Sec. Am. Compl. 19, ECF No. 162.)

Defendants Munoz, Daley, Perez, Paz, Morse, Omos, and Clausing approached Plaintiff's cell. Defendants Munoz, Clausing, and Omos sprayed seven to eight second bursts of pepper spray into Plaintiff's cell rather than the one to three second bursts that were administered to most inmates, allegedly a lethal amount of pepper spray. Defendants Reynoso, Hacker, Roberson, Daley, Perez, Paz, and Morse were present and did not intervene.

Following the administration of the pepper spray, Defendants Munoz, Daley, Clausing, and Omos refused to immediately extract Plaintiff from his cell, but demanded that Plaintiff hand them his food tray and insisted that Plaintiff show them his genitals, underarms, and feet slowly and in an unnecessary order, and Plaintiff was forced to kneel so Defendant Perez could apply leg restraints, all which allegedly served no legitimate penological purpose but were intended to cause pain. Defendants Reynoso, Hacker, Robertson, Paz, and Morse were present and did not intervene. Plaintiff states that once a prisoner stops what he is doing and offers to be restrained, prison officials must immediately restrain and remove him from the contaminated area and provide medical attention and decontamination without subjecting him to a search or leg irons.

Plaintiff was then turned over to the decontamination team, Defendants Paz, Morse, Henrichsen, and Lanlger. Defendants Paz and Morse rinsed Plaintiff with water for several minutes. Defendants Langler and Henrichsen noted Plaintiff's injuries and refused medical attention. Defendants Reynoso, Hacker, Roberson, Munoz, Daley, Perez, Clausing, and Omos stood by and did not intervene. Defendants Langler and Henrichsen provided Plaintiff with instructions on self decontamination.[2] The failure to decontaminate caused Plaintiff excruciating pain to his skin, chest, eyes, and lungs.

Defendants Munoz, Perez, Omos, Clausing, and Daley followed the order of Defendants Huchins, Reynoso, Hacker, and Robertson to remove all property from Plaintiff's cell. Defendants Paz and Morse placed Plaintiff back in the contaminated cell. Defendants Reynoso, Hacker, Roberson, and Hutchins stood by and allowed Plaintiff to be placed back in the contaminated cell.

---

[2] Although Plaintiff now states that he does not remember receiving the instructions, in his first amended complaint he states that the instructions were of no benefit because he did not have means to decontaminate himself. (First Amended Compl. 4 n.4, ECF No. 149.)

Plaintiff was left in the contaminated cell for ten days causing pain from being exposed to the chemicals.

Plaintiff brings this action for excessive force and deliberate indifference to serious medical needs and conditions of confinement in violation of the Eighth Amendment seeking compensatory and punitive damages.

**III.   Discussion**

**A.   Excessive Force**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).  The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S. Ct. 995, 998 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S. Ct. 1078, 1085 (312).

"The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Hudson, 503 U.S. at 8, 112 S. Ct. at 1000 (internal quotation marks and citations omitted).   A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, __ U.S. __, 130 S. Ct. 1175, 1178 (2010).  However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. at 1000).  Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S. Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).  Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S. Ct. at 1178-79; Hudson, 503 U.S. at 7, 112 S. Ct. at 999.

**1.   Order to Extract Plaintiff by Use of Pepper Spray**

Plaintiff's allegation that Defendants Reynoso, Hacker, and Roberson ordered the use of a chemical weapon to extract him from his cell fails to state a cognizable claim.  Plaintiff states that

1    the order to use the X10 BRD to extract inmates from their cells was excessive and should not have
2    been ordered because the inmates were engaged in a peaceful protest and were not threatening
3    violence. However, according to the allegations in the complaint, the inmates informed officials that
4    no violence would be used if officials addressed their concerns.  In this instance, prison officials
5    were confronted with a situation where forty four inmates in the ASU were involved in a protest and
6    refusing to comply with prison officials.  Insubordination is a matter taken very seriously within the
7    confines of the prison setting.  An inmate's failure to comply with prison officials would create a
8    need for the use of force to gain compliance and restore order.  See Johnson v. Turmezei, 2008 WL
9    345929, * 7 (E.D. Cal. Feb. 6, 2008).  Prison officials were notified that no violence would be used
10   as long as the inmates demands were met.  While Plaintiff asserts that this shows the force used was
11   excessive and unnecessary, the inmates only agreed that no force would be used if prison officials
12   complied with their demands.  Faced with a situation of a potential riot in the ASU, it was within the
13   deference of prison officials to order the use of pepper spray to handle the breach of prison
14   discipline.  Whitley, 475 U.S. at 322, 106 S. Ct. at 1085.

15          By Plaintiff's own admission, he did not comply with orders to uncover his window, return
16   his food tray, and cuff up until his compliance was forced through the application of pepper spray.
17   Plaintiff's allegations fall short of stating a plausible claim that the decision to use pepper spray to
18   quell the inmate disturbance was anything other than a good faith effort to restore discipline in the
19   facility.  Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002).  While Plaintiff alleges that the
20   decision to use pepper spray was malicious and for the purpose of causing harm, at the very least,
21   it is equally plausible that the force was applied in a good-faith effort to restore discipline.  While
22   the Court is mindful that this is the pleading stage, the mere possibility that misconduct occurred is
23   insufficient to support a claim against Defendants Reynoso, Hacker, and Roberson for ordering the
24   use of pepper spray to quell the inmates noncompliance.

25                   **2.    Use of Pepper Spray**

26          At the pleading stage, Plaintiff's allegation that Defendants Munoz, Clausing, and Omos
27   sprayed seven to eight second bursts of pepper spray into Plaintiff's cell is sufficient to state a
28   cognizable claim for excessive force, however Plaintiff fails to state a claim against any other named

defendant for the use of pepper spray as discussed below.

**B.    Deliberate Indifference**

To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)).  Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

**1.    Use of Pepper Spray**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)).  To state a claim the plaintiff must show that the defendants acted with deliberate indifference. Thomas, 611 F.3d at 1150 (citations omitted). Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Plaintiff alleges that Defendants Munoz, Clausing, and Omos approached his cell and sprayed an excessive amount of pepper spray into his cell while Defendants Reynoso, Hacker, Roberson, Daley, Perez, Paz, and Morse were present and knew that excessive exposure to pepper spray was potentially lethal.  Plaintiff's complaint fails to state facts to indicate that Defendants Reynoso, Hacker, Roberson, Daley, Perez, Paz, and  Morse were aware that he was about to be exposed to an excessive amount of pepper spray.  According to Plaintiff's complaint Defendants Munoz, Clausing, and Omos were in front of the door to his cell and the remaining defendants were merely present. Even assuming that Defendants Reynoso, Hacker, Roberson, Daley, Perez, Paz, Morse, or Omos were able to observe that an excessive amount of pepper spray was being sprayed into Plaintiff's cell, the incident lasted only a matter of seconds and there is no indication they had an ability to intervene.

1    Cunningham, 229 F.3d at 1289-90.  Plaintiff fails to state a cognizable claim against Defendants

2    Reynoso, Hacker, Roberson, Daley, Perez, Paz, and Morse for failing to intervene.

3                        **2.      Delayed Removal From Cell**

4            Plaintiff alleges that Defendants Munoz, Daley, Clausing, and Omos refused to immediately

5    extract him from his cell.  To the extent that Plaintiff relies on prison regulations to show a violation

6    of the Eighth Amendment, Plaintiff fails to state a claim.  Section 1983 provides a cause of action

7    where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected

8    by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987)

9    (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v.

10   Williams, 474 U.S. 327, 328 (1986)).  "To the extent that the violation of a state law amounts to the

11   deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

12   [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.

13   1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Nor is there

14   any liability under § 1983 for violating prison policy. Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th

15   Cir. 2009) (quoting Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997)).

16          Plaintiff claims that he was subjected to an unnecessary search prior to removing him from

17   the cell.  Plaintiff had been in his cell for an unspecified amount of time with the windows covered

18   and did not remove the window covering or comply with officials until after he was sprayed with

19   the pepper spray.  Officers would be unaware of what Plaintiff had been doing prior to extracting

20   him from his cell.  Additionally, officials were faced with an incident that involved forty four

21   inmates in the ASU refusing to comply.  While Plaintiff alleges that Defendants Munoz, Clausing,

22   Daley, and Omos intentionally delayed removing him from his cell maliciously and sadistically to

23   cause him pain, the allegations in the complaint fail to state a plausible claim that the search and

24   application of hand and leg restraints were not a legitimate response to a security concern given the

25   events that had occurred.

26          The circumstances, nature, and duration of the deprivations are critical in determining

27   whether the conditions complained of are grave enough to form the basis of a viable Eighth

28   Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).  Plaintiff states that when

1   ordered to show officers his right foot, he showed his left instead, and the officers delayed by telling

2   him to show them his right foot first.  Any delay that was caused in this situation would be due to

3   Plaintiff failing to comply with the order given by the officer.  Had Plaintiff shown the foot that was

4   ordered there would have been no delay.  Additionally, Plaintiff alleges that after he was removed

5   from his cell further delay occurred because "pointless" leg restraints were applied.  However, leg

6   restraints are a legitimate security device used by prison officials.  Plaintiff allegations that he was

7   subjected to an unnecessarily slow search prior to being removed from the cell and delay after his

8   removal from the cell due to leg irons being applied fail to state more than a brief delay to ensure the

9   security of the institution and do not rise to the level of an Eighth Amendment violation.  Since

10  Plaintiff has failed to state a cognizable claim based upon the removal from his cell, his claims

11  against Defendants Reynoso, Hacker, Robertson, Paz, and Morse for failure to intervene also fail to

12  state a cognizable claim.

13  ### 3.   Failure to Properly Decontaminate

14  Plaintiff alleges that Defendants Paz, Morse, Henrichsen, and Langler failed to properly

15  decontaminate him following the application of pepper spray.  A prison officials failure to

16  decontaminate an inmate after exposure to pepper spray may support a claim of deliberate

17  indifference.  Clement, 298 F.3d at 905.  Plaintiff is not alleging a failure to decontaminate or a delay

18  in decontamination as he was rinsed down for several minutes and returned to his cell within minutes

19  of being pepper sprayed. Although Plaintiff alleges that Defendants Paz and Morse failed to properly

20  decontaminate him, he has not alleged any specific facts to support the claim that Defendants Paz

21  and Morse knowingly disregarded a substantial risk of harm to his health.

22  Plaintiff states that when he was initially pepper sprayed he experienced gagging, choking,

23  unbearable lung and chest pain, and a burning sensation.  After the initial exposure Plaintiff claims

24  he was in obvious pain.  After Plaintiff was removed from his cell he was taken to be rinsed down

25  by Defendants Paz and Morse.  Defendants Paz and Morse rinsed Plaintiff down for several minutes

26  and then referred him to the medical team for evaluation.  Defendants Langler and Henrichsen

27  evaluated Plaintiff and noted his injuries.  Plaintiff alleges that Defendants Langler and Henrichsen

28  failed to provide medical care, however he does not set forth facts to indicate that either defendant

was aware that additional medical care was needed.  Additionally, although Plaintiff states that he does not remember if he was given decontamination instructions by Defendants Langler and Henrichsen, he attaches the medical evaluation form to his complaint which shows that decontamination instructions were given.

While Plaintiff states that the risk of harm was obvious, he fails to set forth facts to show why it would be obvious that the decontamination was insufficient.  Plaintiff's complaint merely states that he was in obvious pain, which is consistent with exposure to pepper spray and fails to show that he was at risk of serious harm.  Plaintiff's conclusory statement that the defendants were aware that additional decontamination was needed is insufficient to show that any defendant was aware that he was at risk of serious harm and failed to act in response.  Thomas, 611 F.3d at 1150.

To support his claim, Plaintiff submits a label from the machine used to administer the pepper spray, and OC and first aid procedures.  While Plaintiff alleges that Defendants Paz, Morse, Henrichsen, and Langler knew that soap and water decontamination was medically required, the first aid instructions which are included in his complaint state that emergency procedure is to provide fresh air, and irrigate with copious amounts of cool water.  Further instructions state to flush with cool water and wash with mild soap and water.  Defendants Paz and Morse rinsed Plaintiff down for several minutes with water and referred him immediately to be evaluated by medical staff.  Plaintiff has failed to show that Defendants Paz and Morse were deliberately indifferent to his serious medical need.

A medical evaluation was conducted by Defendants Langler and Henrichsen.  Plaintiff's statements that a shower was medically required to properly decontaminate is a difference of opinion between him and medical staff and is insufficient to state a cognizable claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).

Plaintiff has failed to show that any defendant was aware that Plaintiff was at a risk of serious harm and failed to adequately respond.  Thomas, 611 F.3d at 1150.  Since Plaintiff has failed to state a claim based upon the decontamination by Defendants Paz, Morse, Langler, and Henrichsen, the failure to intervene claim against Defendants Reynoso, Hacker, Roberson, Munoz, Daley, Perez, Clausing, and Omos fails to state a cognizable claim.

### 4.   <u>Rehousing in Contaminated Cell</u>

Plaintiff's allegation that Defendants Morse and Paz placed Plaintiff in the contaminated cell and Defendants Hutchins, Reynoso, Hacker, and Roberson ordered that Plaintiff be placed back into his contaminated cell from which all property had been removed is sufficient to state a cognizable claim.   Plaintiff claims that Defendants Munoz, Daley, Perez, Omos and Clausing did not decontaminate his cell, although they were aware that he was going to be housed there and that the pepper spray made the cell uninhabitable.   However, Plaintiff's allegations fail to set forth factual allegations that Defendants Munoz, Daley, Perez, Omos, or Clausing were responsible for decontamination of Plaintiff's cell or placed him in the cell knowing that it was uninhabitable.   Nor has Plaintiff alleged facts sufficient to show that Defendants Munoz, Daley, Perez, Omos, Clausing, Langler, or Henrichsen were involved in the decision to rehouse Plaintiff in the contaminated cell or had the authority to decide where Plaintiff was housed.

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.1978).   "Causation is, of course, a required element of a § 1983 claim." <u>Estate of Brooks v. United States</u>, 197 F.3d 1245, 1248 (9th Cir.1999).   When resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." <u>Leer</u>, 844 F.2d at 633-34, <u>citing with approval</u> <u>Williams v. Bennett</u>, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party.   One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries.   Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.")   Plaintiff's allegations against Defendants Langler, Henrichsen, Munoz, Daley, Perez, Omos and Clausing fail to establish that any act or failure to act by any of these defendants caused Plaintiff to be housed in the contaminated cell.

///

     5.     **Denial of Necessities**.

Plaintiff alleges that "defendants" refused to provide him with necessities for ten days.  As Plaintiff was informed in the screening order issued October 25, 2011, Plaintiff may not group all Defendants and generally assert that they are liable for alleged deprivations without linking any individual to the violation of his constitutional rights.  Plaintiff has stated a claim against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that all Plaintiff's property be removed from his cell which denied him of the ability to decontaminate himself and his cell, however, Plaintiff has failed to set forth factual allegations linking any other defendant to his conditions of confinement.

While Plaintiff alleges that there was no legitimate penological purpose for removing the items from his cell, he had just been involved in an incident where he refused to comply with prison officials which resulted in forty four inmates being extracted from their cells.  This would obviously cause a serious disruption to the operation of the prison.

Plaintiff alleges that he was refused bedding, a mattress, shoes, and socks and that Defendants Morse, Paz, Perez, Daley, Clausing, Munoz, Omos, Langler, and Henrichsen were deliberately indifferent to the deprivation of his property.  The allegations against these defendants are based upon their personal presence when items were removed from his cell or the fact that the defendant followed orders of his superior officer in removing items from the cell which is insufficient to establish liability.  Leer, 844 F.2d at 633-34.  Plaintiff's deprivations stem from the order given by Defendants Hutchins, Reynoso, Hacker, and Roberson to rehouse him in his contaminated cell.  Plaintiff has failed to state a cognizable claim that Defendants Morse, Paz, Perez, Daley, Clausing, Munoz, Omos, Langler, and Henrichsen caused the unconstitutional conditions of confinement.

## IV.    **Conclusion and Recommendation**

The Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendants Munoz, Clausing, Omos, Hutchins, Reynoso, Hacker, Roberson, Morse, and Paz for violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. Because Plaintiff has previously been notified of the deficiencies and given leave to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice.  Noll v. Carlson,

809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the foregoing, it is HEREBY RECOMMENDED
Case 1:09-cv-00456-BAM   Document 173   Filed 12/15/11   Page 12 of 12
that:

1.     The Clerk of the Court is ordered to file the second amended complaint, lodged November 22, 2011;

2.     This action proceed on Plaintiff's second amended complaint, lodged November 22, 2011, against

    a.     Defendants Munoz, Clausing and Omos for excessive force in pepper spraying Plaintiff;

    b.     Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed and he be placed back into his contaminated cell without a means to decontaminate from the pepper spray ;

    c.     Defendants Morse and Paz for placing Plaintiff in the contaminated cell;

3.     Plaintiff's remaining Eighth Amendment claims be dismissed, with prejudice, for failure to state a cognizable claim under section 1983; and

4.     Defendants Perez, Daley, Langler, and Henrichsen be dismissed, with prejudice, for Plaintiff's failure to state a cognizable claim against them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __December 15, 2011__        _____/s/ **Barbara A. McAuliffe**_____
                                       UNITED STATES MAGISTRATE JUDGE