# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>HUCHINS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:09-cv-00456-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S SIXTH, SEVENTH, EIGHTH, AND NINTH MOTIONS TO COMPEL AND MOTION FOR DETERMINATION OF THE SUFFICIENCY OF DEFENDANTS REYNOSO AND MUNOZ' OBJECTIONS TO REQUEST FOR ADMISSIONS (ECF Nos. 97, 99, 163, 164, 165)<br><br>ORDER EXTENDING DISCOVERY CUT-OFF DEADLINE NUNC PRO TUNC TO NOVEMBER 15, 2011  (ECF No. 130)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE EVIDENCE AND MOTION FOR AN EXTENSION OF THE DISCOVERY CUT-OFF DATE  (ECF Nos. 154, 166)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF THE DISPOSITIVE MOTION DEADLINE (ECF No. 170)<br><br>Dispositive Motion Deadline: May 1, 2012 |

**I.**    **<u>Background</u>**

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Discovery in this action opened on September 22, 2010. (ECF No. 42.) On July 22, 2011, the parties filed a stipulation to continue discovery in this action until November 15, 2011. (ECF No. 130.) On July 27, 2011, an order issued denying Plaintiff's motion for sanctions, granting in part Plaintiff's first motion to compel, denying Plaintiff's second, third and fourth motions to compel, denying Plaintiff's fifth motion to compel and

granting Plaintiff's motion for costs, denying Plaintiff's motion for judicial finding that requests for admissions propounded to Defendants Munoz and Clausings be deemed admitted, denying Plaintiff's motion for determination on sufficiency of Defendant Hacker's objections to requests for admissions and granting Plaintiff's request for costs, and denying Defendants Clausings, Daley, Hacker, Huchins, Munoz, Omos, Paz, Perez, Reynoso, and Roberson's motion for a protective order. (ECF No. 131.)

On September 6, 2011, Plaintiff filed a motion for leave to file a first amended complaint and a first amended complaint was lodged. (ECF No. 142.) On September 22, 2011, Plaintiff filed a motion to enforce a court order to pay costs in connection with motions to compel. (ECF No. 145.) The Court granted Plaintiff's motion to file a first amended complaint and the first amended complaint was filed on October 19, 2011. (ECF Nos. 148, 149.) On October 25, 2011, an order issued requiring Plaintiff to either file an amended complaint or notify the court of willingness to proceed on the claims found cognizable in the first amended complaint. (ECF No. 152.) Plaintiff filed a notice of motion to preserve evidence and a motion for Rule 37(b) sanctions[1] on November 7, 2011. (ECF No. 154, 155.) On November 10, 2011, Plaintiff filed a motion for a stay of the ruling of his Rule 37(b) sanctions. (ECF No. 156.) On November 21, 2011, Defendants filed an opposition to Plaintiff's motion for sanctions which included over five hundred pages of documents that have been provided to Plaintiff during the discovery process. (ECF Nos. 160, 161.)

Plaintiff filed a seventh and eighth motion to compel and a second amended complaint on November 22, 2011. (ECF Nos. 163, 164.) On November 28, 2011, Plaintiff filed a ninth motion to compel, a motion for an extension of time for the discovery cut-off date, and declaration in support of his motion. (ECF Nos. 165, 166, 167.) On December 5 and 7, 2011, Defendants filed oppositions to Plaintiff's motion for sanctions. (ECF Nos. 168, 169.) On December 8, 2011, Plaintiff filed a motion for an extension of time for the dispositive motion deadline and a motion for an extension of time to file a reply to defendants' opposition to his motion for sanctions. (ECF No. 170, 171.) On December 15, 2011, findings and recommendations issued recommending dismissing

---

[1] Plaintiff's motions for sanctions shall be addressed at a later date by separate order.

certain claims and defendants. (ECF No. 173.) On December 19, 2011, Plaintiff filed replies to Defendants opposition to his motion for sanctions. (ECF Nos. 175, 176.) On January 9, 2012, an order issued requiring Defendants to show cause why sanctions should not be imposed for the failure to comply with the court's order, issued July 27, 2011, requiring Plaintiff be paid costs for the filing of motions to compel, and Plaintiff filed an opposition to the findings and recommendations. (ECF Nos. 177, 179.) An order adopting the findings and recommendations and dismissing certain claims and defendants issued on January 11, 2012, and the action was referred back to the undersigned. (ECF No. 180.)

**II.   Motions to Compel**

Based upon the order adopting the findings and recommendations the scope of this litigation has been limited to Plaintiff's claims against Defendants Munoz, Clausing, and Omos for excessive use of pepper spray; Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering Plaintiff's property removed and that he be returned to his contaminated cell without a means to decontaminate; and Defendants Morse and Paz for placing Plaintiff in the contaminated cell. Since the scope of the litigation has been narrowed, the parties are directed to each file a single statement of discovery needed delineating the remaining discovery sought based upon the claims that remain in this action. This order is not reopening discovery, but directing the parties to each provide a separate statement delineating what responses to previously propounded discovery is necessary for adequate trial preparation and/or dispositive motions. The statements filed by the parties should be respectively titled "Plaintiff's Statement of Discovery Needed" and Defendants' Statement of Discovery Needed". The statements of discovery needed should comply with general motion practice and rules found in the Federal Rules of Civil Procedure and the Local Rules. All outstanding discovery motions shall be denied as moot based upon the issuance of this order.

**III.   Motion to Preserve Evidence**

Plaintiff requests an order directing Defendants to preserve evidence relevant in this action based upon the California Department of Corrections and Rehabilitations policy of only maintaining records for five years. "Litigants owe an uncompromising duty to preserve what they know or reasonably should know will be relevant evidence in a pending lawsuit, or one in the offing . . . ."

3

Judge William W. Schwarzer et al., Federal Civil Procedure Before Trial § 11:125 (2004) (internal quotations and citations omitted); see also Leon v. Sys. Corp., 464 F.3d 951, 959 (9th Cir. 2006). This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991), is sufficient in most cases to secure the preservation of relevant evidence.

Before the court orders additional measures to preserve evidence, there must be some showing that there is a reason to be concerned that potentially relevant evidence will not be preserved and that the opposing party may be harmed as a result. Jardin v. Datallegro, Inc., No. 08-cv-1462-IEG-RBB, 2008 WL 4104473, *1 (S.D.Cal. Sept. 3, 2008). Given the duty to preserve evidence and the absence of any showing by Plaintiff that there is reason for the Court to be concerned about the destruction of any evidence, Plaintiff's motion shall be denied. Since Defendants have provided over five hundred pages of documents during the discovery process, the Court declines to presume that Defendants will destroy evidence and Plaintiff has provided no evidence that the any evidence is in danger of being destroyed. Accordingly, Plaintiff's motion for an order to preserve evidence is denied.

**IV.     Motion for Extension of the Discovery Cut-Off Date and Dispositive Motion Deadline**

Plaintiff requests an extension of the discovery cut-off date in order to allow him to file a motion to compel. Plaintiff's motion shall be denied as moot based upon the issuance of this order directing the parties to set forth discovery that is at issue.

The Court will grant Plaintiff's request for an extension of time to file dispositive motions based upon the discovery issues that are still at dispute in this matter.

**V.     Order**

Accordingly it is HEREBY ORDERED that:

1. The stipulation of the parties to extend the discovery cut-off date to November 15, 2011, is GRANTED NUNC PRO TUNC;

2. Within thirty days from the date of service of this order the parties are directed to file a statement of discovery needed as described in this order;

3. Plaintiff's sixth, seventh, eighth, and ninth motion to compel, and motion to

        determine the sufficiency of Defendants Reynoso and Munoz' objections to requests for admissions are DENIED as moot;

4. Plaintiff's motion for the preservation of evidence, filed November 7, 2011, is DENIED;

5. Plaintiff's motion for an extension of the discovery cut-off date, filed November 28, 2011, is DENIED as moot;

6. Plaintiff's motion for an extension of the dispositive motion deadline is GRANTED, and dispositive motions shall be filed on or before May 1, 2012.

IT IS SO ORDERED.

Dated: **January 12, 2012**     **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE