# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUCHINS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:09-cv-00456-LJO-BAM PC<br><br>ORDER ADDRESSING MOTION FOR CLARIFICATION AND PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME<br><br>(ECF Nos. 198, 199, 200) |

**I.   Background**

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the Second Amended Complaint, filed November 22, 2011, against Defendants Munoz, Clausings, Omos, Hutchins, Reynoso, Hacker, Roberson, Morse, and Paz for violations of the Eighth Amendment. Following extensive discovery, Plaintiff filed his second amended complaint and certain of the claims and defendants were dismissed for Plaintiff's failure to state a claim. Accordingly, the Court denied four outstanding motions to compel and ordered the parties to file a statement of discovery needed. On February 1, 2012, Plaintiff filed a statement of discovery needed. Upon order of the Court, Defendants filed a response on April 2, 2012. On April 26, 2012, Plaintiff filed a motion for summary judgment. An order issued on May 4, 2012, ordering Defendants to serve responses within thirty days and providing Plaintiff with a final opportunity to file one motion to compel regarding any deficiencies in Defendants responses within sixty days. Defendants filed a motion for an extension of time to file an opposition to Plaintiff's motion for summary judgment

1

on May 15, 2012. On May 21, 2012, Plaintiff filed an emergency motion requesting clarification on what his motion to compel address, and an opposition to Defendants' motion for an extension of time and declaration in support.

## II.  Opposition to Extension of Time

Defendants requested a twenty-eight day extension of time to file their opposition to Plaintiff's motion for summary judgment because Plaintiff's motion, which is handwritten, is difficult to read and comprehend, includes a wide variety of allegations, and includes more than 300 pages of exhibits. Plaintiff objects to the motion for an extension of time because Defendants failed to meet their burden under Federal Rule of Civil Procedure 56(f).

Defendants did not request an extension of time in order to obtain additional discovery to oppose Plaintiff's motion, rather the motion requests additional time to address Plaintiff's claims and the evidence presented. Accordingly, Defendants motion was not brought under Rule 56(f), and Defendants only needed to show good cause for the request to be granted. The Court finds good cause to extend time for Defendants' opposition to the motion.

## III.  Motion for Clarification

To the extent that any of the responses to Plaintiff's statement of discovery needed are deficient, as described in the order issued May 4, 2012, Plaintiff is to file a single motion to compel which specifically address only the discovery that is at dispute. Each request must specifically address why the information is relevant and, if Defendants objected, why the objection is not meritorious. Plaintiff is advised and admonished that the Court has been provided with the large volume of discovery that Defendants have served in response to his numerous requests and only those requests included in the statement of discovery needed that are relevant and actually in dispute should be addressed in any motion to compel.

Any motion to compel may only address the statement of discovery needed and only those requests should be included in the motion. The Court emphasizes this point. Previous discovery requests are moot as the discovery deadline has passed, and the Court ordered the parties to address all discovery needed in the single statement, which Plaintiff filed on February 14, 2012.

The discovery and scheduling order issued September 22, 2010, specifically states that the

1  parties are not required to meet and confer as required by the Local Rule and Federal Rules of Civil
2  Procedure.  (Discovery and Scheduling Order ¶ 5. ECF No. 42.)  Accordingly, Plaintiff need not
3  include any attempts to meet and confer in his motion.
4      IT IS SO ORDERED.
5      Dated:   **May 23, 2012**         /s/ **Barbara A. McAuliffe**
    UNITED STATES MAGISTRATE JUDGE