# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ, | CASE NO. 1:09-cv-00456-LJO-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND MOTION TO STAY (ECF Nos. 145, 155, 156, 186) |
| v. | |
| HUCHINS, et al., | ORDER DISCHARGING ORDER TO SHOW CAUSE (ECF No. 177) |
| Defendants. | |

_____/

## I.    Procedural History

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 22, 2010, an order issued opening discovery in this action.  (ECF No. 42.)  Plaintiff filed motions to compel on January 24 and 27, 2011, and February 14 and 22, 2011.  (ECF Nos. 49-53.)  On March 22, 2011, Plaintiff filed a motion for sanctions.  (ECF Nos. 59, 60.)  On May 9, 16, and 20, 2011, Plaintiff filed motions to compel.  (ECF Nos. 73-77, 79, 80.)  On June 6, 2011, Plaintiff filed motions to compel.  (ECF Nos. 97, 99, 100).  On July 27, 2011, an order issued granting in part and denying in part Plaintiff's first motion to compel; denying Plaintiff's second, third, fourth, and fifth motions to compel; denying Plaintiff's motion to determine the sufficiency of objections; denying Plaintiff's motion that admissions be deemed admitted; denying Plaintiff's motion for sanctions, and denying Defendants' motion for a protective order.  (ECF No. 131.)  On August 26, 2011, Defendants were granted a forty five day extension of time to comply with the order on the motions to compel.  (ECF No. 140.)  On September 6, 2011, Plaintiff lodged a first amended complaint.  (ECF No. 143.)  On September 22,

2011, Plaintiff filed a motion for sanctions. (ECF No. 145.)  On October 25, 2012, an order issued requiring Plaintiff to either file an amended complaint or notify the Court that he wished to proceed on the claims found to be cognizable in the first amended complaint.  (ECF No. 152.)

On November 11, 2011, Plaintiff filed a motion for Rule 11 sanctions and a motion to stay ruling on his motion until Plaintiff filed an amended complaint.  (ECF Nos. 155, 156.)   On November 22, 2011, Plaintiff lodged a second amended complaint and filed a seventh and eighth motion to compel. (ECF Nos. 162, 163, 164.)  On November 28, 2012, Plaintiff filed a ninth motion to compel.  (ECF No. 165.)  On December 15, 2012, Plaintiff's second amended complaint was screened.  This action is now proceeding on the second amended complaint against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff; Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed and he be placed back into his contaminated cell without a means to decontaminate from the pepper spray; and Defendants Morse and Paz for placing Plaintiff in the contaminated cell.

On January 13, 2012, an order issued denying Plaintiff's sixth, seventh, eighth, and ninth motions to compel and Plaintiff's motion to determine sufficiency of objections, and the parties were ordered to file a statement of discovery needed. (ECF No. 181.)  On January 19, 2012, an order for Defendants to show cause why sanctions should not be imposed for the failure to pay sanctions as ordered issued.  (ECF No. 177.)  On January 27, 2012, Defendants filed a response to the order to show cause.  (ECF No. 182.)  Plaintiff filed a statement of discovery needed on February 14, 2012. (ECF No. 184.)  On March 19, Plaintiff filed a motion for sanctions.  (ECF No. 186).  On April 26, 2012, Plaintiff filed a motion for summary judgment.  (ECF Nos. 191-194.)  On June 18, 2012, Plaintiff filed a motion to compel.[1]  (ECF Nos. 207, 208.)

II.     **Motions for Sanctions**

A.      **Legal Standard**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include

---

[1]The Court will address Plaintiff's statement of discovery needed and motion to compel by separate order.

the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In the Ninth Circuit, sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).  Disobedient conduct not shown to be outside the litigant's control meets this standard. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994). In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions. Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); G-K Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

The Court has inherent power to sanction parties or their attorneys for improper conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  This includes the "inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Anheuser-Busch, Inc. V. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983)); see Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir. 1991) ("Dismissal is an appropriate sanction for falsifying deposition").  Because dismissal is such a harsh penalty, it should only be used in extreme circumstances. Wyle, 709 F.3d at 589.

B.      **September 22, 2011 Motion for Sanctions**

Plaintiff alleges that Defendants failed to pay the discovery sanctions as ordered in the July 27, 2011 order.  In response to the order to show cause, Defendants reply that they received an extension of time on August 26, 2011 to comply with the July 27, 2011 order.  On September 23,

2011, Defendants mailed Plaintiff a check for $23.04, which has been cashed.  Since Defendants did receive an extension of time to comply with the order to pay sanctions and the sanctions were paid within the extension of time granted, the order to show cause shall be discharged and Plaintiff's motion for sanctions shall be denied.

**C.     November 27, 2011 Motion for Sanctions**

Plaintiff's motion is a rambling thirteen page recitation of the history of the discovery in this action.  Plaintiff appears to be requesting sanctions based upon Defendants' failure to provide discovery in response to his numerous discovery requests.  The Court previously considered multiple motions to compel and an order issued.  Subsequently, Plaintiff filed an amended complaint which changed the parameters under which this action is proceeding.  After filing his amended complaint, Plaintiff also filed numerous additional motions to compel.

Several of the claims which were originally pled and found to be cognizable were dismissed based upon the filing of Plaintiff's first and second amended complaints.  Accordingly, once Plaintiff filed his amended complaint the previously served discovery requests became moot.  Plaintiff's motion for sanctions is based upon discovery requests for claims that are no longer in issue in this action and shall be denied.

**D.     March 19, 2012 Motion for Sanctions**

On October 20, 2011, the Court sent a letter requesting, and prison officials allowed, Plaintiff to contact his inmate witnesses.  Plaintiff alleges that Lieutenant ("Lt.") Barneburg told him that a letter and declaration had arrived at the prison, and defense counsel directed that prison official retain the letter "and not disclose it under any circumstances." (Motion for Sanctions ¶ 6-7.)  Plaintiff states that Lieutenant Barneburg provided him with a chrono to show the Court that the agreement made with the court was violated at the direction of defense counsel.  (Id. at 7.)  Plaintiff requests that the Court issue sanctions and grant default due to defense counsel's alleged misconduct.  (Id. at 10.)

Defendants respond that defense counsel was contacted by Lt. Dean, a gang investigator at Corcoran State Prison, because Lt. Dean was concerned that Plaintiff was attempting to send a second round of letters and was coaching the inmates regarding what to say in response to his

correspondence.  Defense counsel advised Lt. Dean not to do anything until instructions were

received from the California Department of Corrections and Rehabilitation ("CDCR") on how to

handle the situation.  (Dec. Of Robert Murphy ¶¶ 6, 8, ECF No. 188.)  Defense counsel then

contacted the CDCR counsel supervising this action and was advised that instructions would need

to be received from further up the chain of command.  (Id. at ¶ 9.)  After several weeks, defense

counsel received instructions which were communicated to Lts. Dean and Barneburg by e-mail.  (Id.

at ¶ 10.)  Within a week defense counsel was informed that there was no documentation of a prior

mailing, so defense counsel advised Lt. Dean to follow the instructions and let the mail through, and

requested that Lt. Barneburg be advised of the same.  (Id. at ¶ 11.)  Defense counsel requests that the

motions for sanctions be denied, and advises that if Plaintiff continues to file wild accusations of

misconduct he will request the Court's assistance in controlling Plaintiff's abuse of the legal system.

(Id. at ¶ 13.)

Plaintiff replies by once again questioning the credibility of defense counsel and challenging

that no declaration from Defendant Dean was provided.  Plaintiff states that there was only one

inmate at Corcoran contacted and that does not explain why his correspondence from inmate Torres

was retained by prison officials at Pelican Bay.  Plaintiff requests the court grant his motion for

sanctions due to the egregious conduct of defense counsel.  (Reply 3, ECF No. 190.)

In support of his motion, Plaintiff submits a general chrono signed by Lt. Barneburg which

states:

On October 26, 2011, United States Magistrate Judge Barbara J. [sic] McAuliffe
issued a court order allowing a one-time legal correspondence between inmate Daniel
MANRIQUEZ, K78581 and several inmates housed at other California Department
of Corrections and Rehabilitation (CDCR) institutions.  On December 27, 2011 [sic]
I received a single response from an inmate housed at the California Correctional
Institution (CCI).  At the direction of the supervising attorney, Robert Murphy of
Manning & Kass, Ellrod, Ramirez, Trester Law Firm and CDCR Legal Affairs, PBSP
IGI retained the mailing pending further direction.  On March 5, 2012, PBSP
received clearance to issue the mailing to MANRIQUEZ.  I issued MANRIQUEZ
one letter from inmate Michael TORRES, P98683 on March 8, 2012.

Initially, the Court notes that there was no order or agreement with the Court directing that

Plaintiff be allowed to correspond with inmates.  The Court merely requested that CDCR officials

allow Plaintiff to correspond with inmate witnesses subject to whatever restrictions they deemed

1    necessary to preserve the safety and security of the institutions.

2         While Plaintiff asserts that defense counsel made comments to Lt. Barneburg regarding not

3    releasing any information to Plaintiff, defense counsel submits a declaration signed under penalty

4    of perjury that he has had no verbal communication with Lt. Barneburg regarding this issue. (ECF

5    No. 188 at ¶ 4.)  Plaintiff submits no evidence to contradict this, other than inadmissible hearsay

6    statements.  The Court finds no reason to question the credibility of defense counsel on this issue.

7         The chrono issued by Lt. Barneburg supports defense counsels statements that the

8    correspondence was held at the direction of CDCR officials due to the concerns that Plaintiff was

9    attempting to abuse the approved process for communicating with his inmate witnesses.  Lt.

10   Barneburg states that the mailing was retained at the direction of Mr. Murphy "**and CDCR Legal**

11   **Affairs**."  Further, in support of his opposition Mr. Murphy submitted an e-mail which was sent to

12   Lt. Dean and copied to Lt. Barneburg and the Litigation Coordinator at Corcoran.  The e-mail, dated

13   March 5, 2012, states:

14       Lt. Dean -

15       I received your telephone message and e-mail.  I have discussed this issue with
         CDCR counsel and have been given guidelines on how CDCR is to proceed with
16       regard to the issue of mail from and to Mr. Manriquez and other inmates pertaining
         to this litigation.
17
         We have been advised that if CDCR has documentation of prior correspondence from
18       Mr. Manriquez to an individual inmate regarding this case, a second letter to that
         inmate will not be allowed.  If CDCR does not have documentation that a prior
19       Manriquez letter regarding this case was delivered to an inmate, then the recent letter
         from Mr. Manriquez to the inmate is to be delivered.  The letter and delivery is to be
20       documented.

21       If CDCR has documentation of a prior response letter sent by an inmate to Mr.
         Manriquez regarding this case, then a second response letter by that inmate is not to
22       be allowed.  However, if CDCR does not have documentation of a prior response
         letter by that inmate, one further response letter is to be allowed.  The letter from Mr.
23       Manriquez to the inmate and the inmate's response are to be documented.

24   (ECF No. 188-1 at 2.)  On March 12, 2012, Lt. Dean replied to the e-mail stating that the procedure

25   had been followed and the mail was delivered to inmate Guerrero.  (Id.)

26        This e-mail supports Mr. Murphy's statement that the delay in delivery of any

27   correspondence was due to concerns of Lt. Dean regarding abuse of the system which resulted in all

28   correspondence being held and CDCR legal counsel being contacted.  Additionally, the e-mail was

1  sent to Lt. Barneburg on March 5, 2012, the date that Lt. Barneburg states he received clearance from

2  CDCR to release the correspondence to Plaintiff.  Lt. Barneburg released the letter to Plaintiff three

3  days later on March 8, 2012.  Contrary to Plaintiff's assertion that defense counsel attempted to

4  prevent Plaintiff from receiving correspondence from his inmate witness, the correspondence was

5  delivered to Plaintiff at the direction of defense counsel, once the security issues had been addressed.

6         To the extent that Plaintiff attempts to allege misconduct due to withholding the mail due to

7  security concerns, Plaintiff fails to set forth sanctionable conduct.  The Court expressly recognized

8  the security concerns inherent in allowing inmates to correspond with each other and such concerns

9  are appropriately addressed by the officials involved in the investigation of gang activity at the

10 prisons, such as Lt. Dean.   While Plaintiff asserts that the security issue only affected the

11 correspondence of the inmate housed at Corcoran State Prison, the concern that Plaintiff was

12 attempting to abuse the approved process would be relevant to his contact with all inmate witnesses.

13 The Court fails to find that placing a hold on all inmate correspondence while CDCR determined the

14 correct manner in which to handle the concerns raised was sanctionable conduct.

15        Plaintiff's motion for the imposition of sanctions shall be denied.  At this time, the Court has

16 considered four motions for sanctions against defense counsel as well as those motions raised in

17 Plaintiff's motions to compel.  Plaintiff is advised that the Court will entertain no further motions

18 for sanctions based upon defense counsel's conduct during discovery in this action.

19 **III.**    **Conclusion and Order**

20        Based on the foregoing, IT IS HEREBY ORDERED that:

21        1.      The order to show cause, filed January 19, 2012, is DISCHARGED;

22        2.      Plaintiff's motion for sanctions, filed September 22, 2011, is DENIED;

23        3.      Plaintiff's motion for sanctions, filed November 7, 2011, is DENIED;

24        4.      Plaintiff's motion for sanctions, filed March 19, 2012, is DENIED; and

25        5.      Plaintiff's motion to stay ruling on motion for sanctions is DENIED as moot.

26      IT IS SO ORDERED.

27  **Dated:   July 18, 2012**              **/s/ Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE
28