# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUCHINS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00456-LJO-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 207, 208, 215)<br><br>THIRTY DAY DEADLINE |

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 14, 2012, Plaintiff filed a statement of discovery needed. On April 2, 2012, at the order of the Court, Defendants filed a response stating that responsive discovery would be provided within thirty days. On June 18, 2012, Plaintiff filed a motion to compel stating that Defendants had not provided any discovery in response to his February 14, 2012 statement of discovery needed and requested $225.07 in costs for bringing discovery motions. Defendants filed an opposition on July 5, 2012, stating that responses had been submitted to defendants and defense counsel would provide discovery on a rolling basis as it was received.

Defendants failed to request an extension of time or to set forth good cause for their failure to file timely responses to Plaintiff's discovery requests. By their failure to timely reply to Plaintiff's requests for discovery Defendants have waived their objections to the February 14, 2012 statement of discovery needed. Fed. R. Civ. P. 33(b)(4).

1

Plaintiff requests $225.07 for the costs of bringing his motions to compel. However, Plaintiff is requesting costs for the motions previously considered by the court, where such costs were denied. Additionally, Plaintiff is requesting costs for motions which were denied as moot based upon his filing of an amended complaint. Plaintiff states that the cost of bringing this current motion is $15.65.[1]

Federal Rule of Civil Procedure 37(a)(5)(A) requires the Court to issue costs if the disclosure or discovery is granted or provided after the motion to compel is filed. Where Plaintiff's motion is granted or the discovery responses are provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion. . . ." Fed. R. Civ. Proc. 37(a)(5). In his motion, Plaintiff requested that the Court issue costs of bringing his motion, and Defendants failed to address the requests for costs. The Court shall grant Plaintiff's motion for $15.65 for the cost of bringing the instant motion.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed June 18, 2012, is granted;

2. Within thirty days from the date of service of this order, Defendants shall serve responses that comply with the Federal Rules of Civil Procedure to Plaintiff's February 14, 2012 statement of discovery;

3. Defendants shall be allowed an opportunity to be heard on the award of costs in bringing this motion and within thirty days from the date of service of this order, shall either:

   a. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), defense counsel shall pay Plaintiff $15.65 for Plaintiff's costs in bringing this motion; or

   b. File an objection to the imposition of costs;

4. Within five days of complying with this order, Defense counsel shall file a signed declaration informing the Court that all discovery has been provided in this action;

---

[1] Plaintiff's has submitted a declaration asserting his expenses in filing this motion were $.90 for writing supplies, $.40 for envelopes, $8.50 for copying and $5.85 for postage.

2

and

5. Defense counsel is advised that no further extensions of time shall be granted and if discovery is not served in compliance with this order, the Court shall issue sanctions for failure to comply.[2]

IT IS SO ORDERED.

**Dated:** **July 18, 2012**       /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is advised that, at this juncture, the issue of sanctions is before the court and any further motions for sanctions based upon Defendants' conduct during discovery in this matter will be stricken from the record.

3