# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>          Plaintiff,<br><br>    v.<br><br>HUCHINS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:09-cv-00456-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 137)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER DENYING DISCLOSURE OF VIDEOS (ECF No. 226, 231) |

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on March 11, 2009, and has involved extensive discovery disputes. On July 27, 2011, the Magistrate Judge issued an order denying Plaintiff's motion for sanctions; granting in part and denying in part Plaintiff's first motion to compel; denying Plaintiff's second, third, and fourth motions to compel; denying Plaintiff's fifth motion to compel and motion for sanctions and granting Plaintiff's motion for costs; denying Plaintiff's motion for a judicial finding that the questions propounded to Defendant Munoz and Clausing be deemed admitted; denying Plaintiff's motion for a determination of the sufficiency of Defendant Hackers' objections to the request fo admissions and granting Plaintiff's request for costs; and denying Defendants Clausing, Daely, Hacker, Huchins, Munoz, Omos, Paz, Perez, Reynoso, and Robertson's motion for a protective order. (ECF No. 131.) On August 18, 2011, Plaintiff filed an objection to the order and motion for partial reconsideration. (ECF No. 137.)

Plaintiff filed a first amended complaint on October 19, 2011. (ECF No. 149.) The Court screened the complaint and Plaintiff was ordered to either file an amended complaint or notify the

1  Court that he wished to proceed on the claims found to be cognizable. (ECF No. 152.) This action
2  is now proceeding on the second amended complaint filed November 11, 2011, against Defendants
3  Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the
4  Eighth Amendment; Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that
5  Plaintiff's property be removed from his cell and that Plaintiff be placed back into a contaminated
6  cell without means to decontaminate from the pepper spray; and Defendants Morse and Paz for
7  placing Plaintiff in the contaminated cell. (ECF No. 180.)
8      On January 13, 2011, Plaintiff's sixth, seventh, eighth, and ninth motions to compel; motion
9  for to determine the sufficiency of Defendants Reynoso and Munoz' objections to requests for
10 admissions were denied; and the parties were ordered to file a statement of discovery needed. (ECF
11 181.) In the order the parties were advised that, since the scope of this action has been narrowed,
12 the prior discovery orders were moot and the parties were to file a statement of discovery needed.
13 Plaintiff's motion seeking reconsideration of the prior discovery order shall be denied as moot.
14     On July 31, 2012, Plaintiff filed a motion under Rule 60(b)(6) requesting relief from the July
15 27, 2011, order denying his motion to compel the production of the video of the cell extractions of
16 all inmates on the date he was extracted from his cell. Plaintiff requests that Defendants be ordered
17 to produce the videos due to their "fraud on the court, and . . . material misrepresentations" in their
18 documents opposing Plaintiff's motion for summary judgment. (ECF No. 226.) Defendants filed
19 an opposition to the motion on August 21, 2012. (ECF No. 231.)
20     Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
21 for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to
22 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.
23 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation
24 omitted). The moving party "must demonstrate both injury and circumstances beyond his control
25 . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in
26 relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist
27 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
28 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff's allegations that Defendants are perpetuating a fraud upon the court, even if true, do not present new or different facts or circumstances that relate to the relevancy of the video at issue.[1] This action is proceeding on the claims that excessive force was used in pepper spraying Plaintiff during his cell extraction and he was placed back in the contaminated cell without a means to contaminate himself following the incident. The cell extractions of other inmates are not relevant and Plaintiff's motion to be relieved from the order denying disclosure of the videos is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for partial reconsideration, filed August 18, 2011, is DENIED as moot; and

2. Plaintiff's motion for relief from order denying disclosure of videos, filed July 31, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   October 29, 2012**          /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE

---

[1] Although Defendants claim that the Court denied production of the video based upon the privacy concerns of the other inmates, the denial was based upon the relevancy of the videos.