1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

| 9 | DANIEL MANRIQUEZ, | CASE NO. 1:09-cv-00456-LJO-BAM PC |
|---|---|---|

Plaintiff,

v.

HUCHINS, et al.,

Defendants.

ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE THE DISCOVERY ORDER AND IMPOSING SANCTIONS (ECF Nos. 235, 241, 242)

ORDER DISREGARDING DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION REQUESTING THE COURT ENFORCE THE DISCOVERY ORDER (ECF No. 240)

ORDER DENYING PLAINTIFF'S VERIFIED RESPONSE TO DECLARATION OF ROBERT MURPHY (ECF No. 237)

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERTS AT DEFENDANTS' EXPENSE (ECF No. 225, 230, 234)

ORDER DIRECTING CLERK'S OFFICE TO SERVE A COPY OF THIS ORDER ON THE SUPERVISING ATTORNEY GENERAL

_____ /  THIRTY-DAY DEADLINE

## I.   Procedural History

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the second amended complaint filed November 11, 2011, against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be

1

removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray; and Defendants Morse and Paz for placing Plaintiff in the contaminated cell.  (ECF No. 180.)

Following extensive discovery disputes, the parties were ordered to file a statement of discovery needed.  (ECF 181.)  On February 14, 2012, Plaintiff filed a statement of discovery needed.  (ECF No. 184.)  Plaintiff filed a motion to compel on June 18, 2012, and an order issued July 19, 2012, granting Plaintiff's motion to compel.  Defendants had thirty days in which to serve responses to Plaintiff's statement of discovery needed, and were to pay Plaintiff's costs in bringing the motion to compel of $15.65.  (ECF Nos. 207, 208, 223.)  On August 22, 2012, defense counsel filed a declaration stating that all responses had been served on Plaintiff, however verifications of several of the responses had not yet been received and would be forwarded to Plaintiff as soon as they were received.  (ECF No. 232.)  On September 6, 2012, Plaintiff filed a motion to enforce the discovery order.  (ECF No. 235.)  On September 21, 2102, Plaintiff filed a response to Defendants' declaration.  (ECF No. 237.)  Defendants filed an opposition to the motion to enforce discovery on September 28, 2012, and Plaintiff filed a reply on October 12, 2012.  (ECF Nos. 240, 241.)  On October 15, 2012, Plaintiff filed a notice that he received the check for his costs on October 9, 2012.  (ECF No. 242.)

The Court notes that the parties to this litigation have unnecessary complicated the discovery in this action.  Defendants have repeatedly failed to comply with the Rules of Civil Procedure and the orders of this court in responding to Plaintiff's discovery requests.  Plaintiff, rather than filing a single motion to compel addressing the discovery issues, filed over nine motions to compel and numerous motions for sanctions.  Additionally, Plaintiff has filed pleadings moving for relief without titling them as motions.  See ECF No. 237.  Defendants, rather than filing a single motion for a protective order, filed eleven identical motions, one for each Defendant.  In opposing Plaintiff's motions to compel, Defendants filed identical responses that failed to address the issues raised by Plaintiff in his motions.

When responding to motions the parties have failed to identify the specific motion to which they were responding.  This has resulted in the court considering redundant, duplicative, and

1  unnecessarily complicated motions.  Further, rather than filing motions or opposing pleadings as a
2  single document, the parties have filed up to four separate documents addressing a single motion
3  causing confusion in determining which documents are responsive to which motion.

4  **II.    Verified Response to Declaration of Robert Murphy**

5          In the order granting Plaintiff's motion to compel on July 19, 2012, Defendants were required
6  to file a signed declaration stating that discovery had been provided within five days of complying
7  with the order.  (ECF No. 223 at 2.)  On August 22, 2012, defense counsel filed a declaration stating
8  that all responses had been served on Plaintiff.  (ECF No. 232 at ¶ 8.)  The only issue remaining was
9  that verifications from the correctional officers were still being collected due to Defendants being
10 on vacation and sick leave.  (Id. at ¶ 9.)

11         On September 21, 2012, Plaintiff filed a document entitled "Verified response to declaration
12 of Robert Murphy Re: Court's ordered discovery responses."  (ECF No. 237.)  In the document,
13 Plaintiff complains that the declaration of defense counsel is not signed and should be stricken from
14 the record.  (Id. at 1.)  Plaintiff then sets forth a second motion to compel setting forth similar
15 arguments that are raised in his motion to compel.  The Court declines to consider the duplicative
16 motion to compel and shall only address the motion to compel filed September 6, 2012.

17         Defense counsel has signed his declaration with an electronic signature.  To the extent that
18 Plaintiff objects to the electronic signature of defense counsel being used on the document, Local
19 Rule 131(f) provides for the use of an electronic signature, and Plaintiff's motion to have the
20 declaration stricken from the record is denied.

21 **III.   Motion to Enforce Discovery Order**

22         Plaintiff brings this motion on the grounds that on August 23, 2012, he received discovery
23 responses that did not comply with the court's order as Defendants did not disclose or respond to
24 Plaintiff's requests for discovery, did not reimburse Plaintiff's costs, objected to the evidence sought,
25 and did not sign the interrogatories under oath.  (Motion Requesting Court Enforce Discovery Order
26 2, ECF No 235.)   Plaintiff alleges that Defendants failed to respond to his requests for
27 interrogatories, set two propounded to Defendants Omos and Clausing; and requests for production
28 of documents, set one and five.  (Id. at 2-4.)  Defendants' responses to requests for interrogatories

3

1    propounded to Defendants Reynoso, Hacker, Clausing, Hutching, Omos, Paz, and Roberson, set one;

2    requests for interrogatories propounded to Defendant Morse, set one; Plaintiff's second request for

3    production of documents propounded to Defendants Hutchins and Reynoso; Plaintiff's sixth request

4    for production propounded on Defendant Hutchin; and Plaintiff's seventh request for production

5    propounded on Defendant Hutchin and Reynoso did not comply with the Court order and the Federal

6    Rules of Civil Procedure.  (Id. at 4-6.)  Plaintiff requests an order directing Defendants to pay the

7    ordered costs and a telephonic conference to resolve this motion.[1]

8          **Plaintiff has filed a notice that he has received a check for the costs of bringing the**

9    **motion, so the request for an order directing Defendants to pay his costs is DENIED as moot.**

10   **The Court finds that this motion is able to be decided on the pleadings and Plaintiff's motion**

11   **for a telephonic conference is DENIED as unnecessary.**

12        **A.    Motion to Compel Legal Standard**

13        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

14   party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery

15   appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.

16   26(b)(1).  The responding party is obligated to respond to the interrogatories to the fullest extent

17   possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ.

18   P. 33(b)(4).  The responding party shall use common sense and reason.  E.g., Collins v. Wal-Mart

19   Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding

20   party is not generally required to conduct extensive research in order to answer an interrogatory, but

21   a reasonable effort to respond must be made.  L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH,

22   2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).  Further, the responding party has a duty to

23   supplement any responses if the information sought is later obtained or the response provided needs

24   correction.  Fed. R. Civ. P. 26(e)(A).

25

26        [1]In his motion, Plaintiff alleges that the Court found that Defendants had failed to respond to his discovery
27   requests and ordered Defendants to reply without objection thereby addressing the relevancy of the items requested
     and requests that the Court enforce the order.  The order requiring Defendants to respond did not address the
28   relevancy of the items that were requested, did not find that Defendants had not previously turned over the requested
     discovery, or find that Plaintiff was entitled to the discovery that was requested as Plaintiff asserts in his motion.

B.      **Failure to Provide Timely Verifications**

Plaintiff states that Defendants failed to comply with the order of the Court in serving the responses to discovery requests.  Plaintiff argues that Defendants did not comply with the Federal Rules of Civil Procedure because the responses to the request for interrogatories received did not include signed verifications of the Defendants.  In the declaration stating that discovery had been provided, Defendants asserted that verifications have been provided for Defendants' response to the request for interrogatories, however Defendant Clausing had been on a leave of absence and they were still attempting to obtain his verification.  Defendant Clausing's verification was signed on August 22, 2012.  (ECF No. 232 at 28.)

Federal Rule of Civil Procedure 26(g)(1) requires that discovery disclosures and "every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name. . . .  By signing an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that it is consistent with the rules, not given for any improper purpose or unduly burdensome or expensive.  The person who responds to the interrogatories and the attorney who objects must sign the response.  Fed. R. Civ. P. 33(b)(5).

The responses that were provided to Plaintiff were signed by defense counsel and verifications signed by the defendants have been provided.  Defendants responses were due within thirty days of the order issued July 19, 2012, and were timely served on August 17, 2012, or August 22, 2012.  (ECF No. 232 at 7-21.)  Although two of the verifications are not dated, the remaining verifications were signed on August 17, 22, 23, or 24, 2012.  (Id. at 23-28.)  There was a delay in getting the verifications signed because defense counsel was working with the litigation coordinator at the prison to have the verifications signed.  (Id. at 39-42.)  The Court finds that Defendants have substantially complied with the Rules of Civil Procedure and Plaintiff has been provided with signed verifications.  Plaintiff's motion is denied on this ground.

C.      **Defendants' Opposition to Plaintiff's Motion Request the Court Enforce the Discovery Order**

Plaintiff objects to Defendants' opposition to Plaintiff's motion to compel further discovery

1   responses on the ground that it was not timely filed.  (Plaintiff's Reply to Defendants' Opposition

2   2, ECF No. 236.)  Oppositions to motions are to filed within twenty one days of the date of service

3   of the motion, and a reply to the opposition is due within seven days of service of the opposition.

4   Local Rule 230(l).  Plaintiff's motion for the court to enforce the discovery order was served on

5   August 26, 2012.  (ECF No. 235 at 8.)  Defendants' opposition to the motion was served on

6   September 28, 2012, well beyond the twenty one days allowed by the Local Rule.  Defendants did

7   not file a motion to extend time to file an opposition to Plaintiff's motion.  Accordingly, Defendants'

8   untimely opposition shall be disregarded.

9   **D.    Responses Not Received by Plaintiff**

10   Plaintiff alleges that the following requests were not responded to:  Defendants Omos and

11   Clausing request for interrogatories, set two; and request for inspection and production of

12   documents, set five, propounded on Defendants Hutchins and Reynoso.[2]  (Motion Requesting Court

13   Enforce Discovery Order 2-4, ECF No. 235.)  Defendants have provided a proof of service dated

14   August 17, 2012, and August 22, 2012, showing the responses were served.  (ECF No. 232 at 7, 19-

15   21.)  The Court is well aware that mail does occasionally get waylaid due to the postal service or

16   prison delivery system.  Accordingly, Defendants are ordered to re-serve a copy of Defendants

17   Omos's and Clausing's responses to Plaintiff's interrogatories, set two, and request for inspection

18   and production of documents, set five, propounded on Defendants Hutchins and Reynoso within

19   thirty days from the date of service of this order.

20   Plaintiff asserts that the remaining requests for production that he has not received involve

21   the responses ordered in the July 27, 2011, order on Plaintiff's motions to compel.  (ECF No. 131.)

22   The Court has reviewed these requests and the July 27, 2011, order and found that the majority are,

23   for the most part, substantially similar to the requests that were addressed in the order.

24   Ruling: Contrary to Plaintiff's assertion in his reply, the Court did not order that if responses

25

26

27   ────────────────

28   [2] Although Plaintiff does not identify which Defendants these requests were propounded upon in his motion,
the Court was able to determine the specific requests by referring to his statement of discovery needed.

were not verified by August 18, 2012, sanctions would issue.[3] (ECF No. 241 at 2.) The Court has spent an inordinate amount of time reviewing the numerous motions that have been filed in this action and the pleadings to decide Plaintiff's motion for summary judgment. Part of the difficulty in this action is that, not only have Defendants failed to comply with the discovery rules and orders of the Court, but Plaintiff has made unsubstantiated allegations and misstatements of the facts and, as demonstrated here, even the orders of the Court. This has left the Court in the position where it is faced with Defendants who have wilfully failed to comply with the orders of the Court, and an issue with the credibility of Plaintiff.

Plaintiff claims that defense counsel has failed to provide a declaration stating that all discovery has been provided as ordered by the Court. (ECF No. 253 4 n.5.) However in his declaration defense counsel stated that "[a]s of the date of this declaration, all responses have been served on Plaintiff." (ECF No. 232 at 2.) Defense counsel's declaration did comply with the court order in this respect.

In response to Plaintiff's motion for sanctions alleging that Defendants failed to produce evidence that the Court had ordered to be produced in the order issued July 27, 2011, Defendants provided the Court with approximately 1000 pages of documents that had been served in response to Plaintiff's discovery requests. While it is clear that Defendants have not complied with the discovery orders of the Court, this is not an instance where Defendants have failed to provide any discovery. However, Defendants have failed to file a timely objection, and the Court will not, nor could it, sift through the discovery provided to determine if Defendants have complied with the requests at issue in this motion. Accordingly, the Court finds that Defendants have not provided discovery responsive to these requests. Defendants have been warned that the failure to comply with the Rules of Civil Procedure and orders of this Court will result in sanctions. Accordingly, the Court will issue sanctions as discussed below.

---

[3]The order issued July 19, 2012, ordered Defendants to serve responses that comply with the Federal Rules of Civil Procedure within thirty days from the date of service of the order. (ECF No. 223 at 2.) Although Plaintiff argues that Defendants responses are untimely, when service is made by electronic means, the party has an additional three days in which to act. Fed. R. Civ. Proc. 6(d). The order was docketed on July 19, 2012, and Defendants' responses had to be served by August 22, 2012. The proofs of service reflect the responses were timely.

1    **E.    Requests for Interrogatories Propounded to Defendants Reynoso, Hacker,**
     **Clausing, Hutching, Omos, Paz, and Roberson, Set One**
2

3    Plaintiff complains that Defendants did not sign their responses under oath.

4    Ruling:  As discussed previously, the Court finds that Defendants have provided signed

5    verifications for the responses to Plaintiff's interrogatories and Plaintiff's motion to compel is denied

6    on this ground.

7    **F.    Requests for Interrogatories Propounded to Defendant Morse, Set One**

8    Interrogatory No. 15 states:

9         Describe all policies for decontaminating a cell (in effect on
          Feb. 28, 2007) that was sprayed with a chemical agent.[4]
10

11   Plaintiff complains that Defendant Morse objected to the question and responded that the

12   policy was attached at Exhibit A.  Plaintiff argues that the response was non-responsive because no

13   Exhibit A was attached to the response.

14   Ruling:   The  Court  finds  that  Defendants  have  failed  to  produce  the  policy  for

15   decontaminating cells, and the Court shall issue sanctions as discussed below.

16   **G.    Plaintiff's Second Request for Production of Documents Propounded to**
     **Defendants Hutchins and Reynoso**

17   **1.    Request for Production No. 10**

18   Plaintiff's request for production no. 10 states:

19        Copies  of  all  use  of  force  incident  reports  (i.e.,  "the  incident
          commander's review/critique use of force incident's CDCR 3010"
20        "supervisory review/critique CDCR 3010A" "Manager's review first
          level of use of force incident's CDCR 3011" "Manager's review second
21        level of use of force incident's CDCR 3012" "Executive review of use
          of force critique and qualitative evaluation/analysis CDCR 3012-A"
22        "Inmate interview guidelines CDCR 3013" and the "supervisory use
          of force interview guide CDCR 3013A) which were prepared as a
23        result of Plaintiff's cell extraction.

24   Plaintiff complains that Defendants said that they have provided these items, but they have

25   not provided them.  (ECF No. 235 at 5.)  In his reply, Plaintiff states that Defendants have produced

26

27        [4]The interrogatory Plaintiff sets forth in his motion to enforce the Court order is not the interrogatory that
     was included in the statement of discovery needed.  The interrogatory here is as stated in the statement of discovery
28   needed.

Defendant Hutchins critique, which was the institutional head's review of the rule of force critique and qualitative evaluation, but this was non-responsive or an incomplete response, and therefore was no response at all.[5]

Ruling:  The Court finds that Defendants have failed to produce all the requested documents and sanctions shall be imposed as discussed below.

## 2.      Request for Production Nos. 11

Request for production no. 11 states:

> A copy of the report of findings of inmate interview CDCR 3014, which were prepared as a result of Plaintiff's cell extraction and Defendant's failure to decontaminate any ASU cells.

Plaintiff states that Defendants have failed to produce the requested document.

Ruling: :  The Court finds that Defendants have failed to produce the requested documents and sanctions shall be imposed as discussed below.

## 3.      Request for Production Nos. 12

Request for production no. 12 states:

> A copy of the institutional executive review committees (IERC) "use of force misconduct allegation CDCR 3034; CDCR 3034-A" "Further action recommendation-Use of force misconduct allegation CDCR 3035" and the critique and qualities evaluation CDCR 3036 which were prepared as a result of Plaintiff's cell extraction and complaint.

Plaintiff claims that Defendants have failed to produce the requested documents.  In his reply, Plaintiff claims that although Defendants produced the review of the use of force critique, this was an incomplete disclosure and therefore was the same as non-disclosure.

Ruling: The Court finds that Defendants have failed to produce the requested documents and sanctions shall be imposed as discussed below.

## 4.      Request for Production Nos. 14

Request for production no. 14 states:

> A copy of the controlled use of force, manager/A OD-Report

---

[5]The Court notes that Defendant Hutchins is not the institutional head.  The document was issued by the Warden and not Defendant Hutchins.  See ECF No. 235 at 33-35.

1    CDCR 3037" relevant to Plaintiff's case.

2    Plaintiff states that Defendants have failed to produce the requested documents.

3    Ruling:  The Court finds that Defendants have failed to produce the requested documents and

4    sanctions shall be imposed as discussed below.

5    **5.    Request for Production Nos. 15**

6    Request for production no. 15 states:

7    All documents submitted to the bureau of independent
     review (BIR) (as mandated by Cal. Pen. Code 6133) in
8    regards to Plaintiff's cell extraction and Defendants' actions
     post cell extraction.

9

10   Plaintiff states that Defendants claim they do not possess these items and may produce them

11   at a later date.  Plaintiff asserts that defense counsel had previously indicated that he had these items

12   but was withholding them to file a motion for a protective order.

13   Ruling:  Plaintiff misstates the facts regarding the discovery requests and orders pertaining

14   to these documents.  In the response to the request for production, Defendant stated that he was not

15   in possession of these documents.  (ECF No. 235 at 32-31.)  Defense counsel did send Plaintiff a

16   letter, however he did not state that he was in possession of these items.  The letter, dated April 25,

17   2011, stated that Defendants could not provide the information and would bring a motion for the

18   court to decide what information and documents can be provided.  (Id. at 37-38.)

19   Plaintiff further misrepresents the facts by stating that the court denied a protective order for

20   these documents.  The only motions for a protective order were filed on May 20, 2012, and did not

21   address the documents at issue here.  While Defendants did file a motion for a protective order

22   generally asserting that Plaintiff was requesting documents implicating the security of the institution,

23   the documents at issue here were not listed in the motion or addressed by the Court.  (ECF Nos. 81-

24   91, 131.)

25   However, for document production requests, responding parties must produce documents

26   which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed

27   within a party's 'possession, custody, or control' if the party has actual possession, custody, or

28   control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-

1   05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co.,

2   61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS),

3   2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010

4   WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).  "A party responding to a document request cannot

5   furnish only that information within his immediate knowledge or possession; he is under an

6   affirmative duty to seek that information reasonably available to him from his employees, agents,

7   or others subject to his control."  Bryant v. Armstrong, __ F.R.D. __, 2012 WL 2190774, at *10

8   (S.D.Cal. June 14, 2012) (internal punctuation and citations omitted).

9        In this instance, the documents requested would have been produced at the prison following

10  the incident at issue here.  Defendants are employed by the California Department of Corrections and

11  Rehabilitation, who has retained defense counsel.   Defendants have produced the incident

12  commander's review/critique use of force incident's which indicates that an investigation was

13  completed and that further documents requested may exist.  Defendants' did not state that the

14  documents do not exist, but that they reserve the right to supplement the responses at a later date.

15  The Court finds that Defendants have failed to produce the requested documents and sanctions shall

16  be imposed as discussed below.

17      **H.      Plaintiff's Sixth Request for Production Propounded on Defendant Hutchin**

18      Plaintiff's request for production no. 2 states:

19          A copy of the warning, instructions and ingrediant [sic]
            lables [sic] on the container of the O.C. chemical agent,
20          which prison officials/Defendants carried on their sides on
            February 28, 2007.[6]
21

22      Plaintiff complains that Defendants stated that they do not have a copy of this item, but

23  officers, including Defendants carry the canisters on their belts which contain the warning label.

24      Ruling: While Plaintiff states that officers carry canisters on their belts which contain the

25  warning label, the request was for the label from the chemical agent carried on February 28, 2007.

26

27          [6]In his motion to compel, Plaintiff misstates the request to obtain a copy of the label of the product currently
        carried by prison officials.  The request has been set forth as it was stated in the statement of discovery needed.
28      Further, the label of the product currently carried by prison officials is irrelevant to Plaintiff's claims regarding the
        incident that occurred over five years ago and involved the cell extraction and not pepper spray from a cannister
        carried by Defendants.

Defendants are not required to produce items that they do not have.  Defendants response was sufficient and Plaintiff's motion is denied for this request.

I.      **Plaintiff's Seventh Request for Production Propounded on Defendant Hutchin and Reynoso**

1.      **Request for Production Nos. 1 and 2**

Request for production no. 1 states:

> A copy of the "program adjustment" for the administrative segragation [sic] unit (ASU) at the Substance Abuse Treatment Facility (SATF) from Feb. 28, 2007 through Mar. 9, 2007.

Request for production no. 2 states:

> A copy of the plan ops (plans of operations [sic] schedule for the ASU, SATF from Feb. 28, 2007 through Mar. 9, 2007.

Plaintiff complains that Defendants responded that Exhibit A appeared to be responsive to Plaintiff's request, but the document is a policy and is not what Plaintiff had requested.  Plaintiff contends that he appropriately identified the two documents requested and all Defendants had to do was request them from the prison.

Ruling: Plaintiff clearly was requesting the plan of operations which would have been implemented following the incident and, based upon cases before the Court, the Court has reviewed such documents.  See McKinney v. California Dep't of Corr. and Rehabilitation, No. 1:09-cv-00726-AWI-BAM PC, 2012 WL 1909365, at *13 (E.D.Cal. May 25, 2012) (reviewing the program status reports issued following a lock down).  The Court finds that Defendants have failed to produce the requested documents and sanctions shall be imposed as discussed below.

J.      **Plaintiff's Deposition**

Plaintiff states that he requested a copy of his deposition containing all necessary corrections. Defendants responded that they believed Plaintiff already had a copy of his deposition, but he does not have one.

Generally, nothing in the Federal Rules entitles Plaintiff to a complete free copy of his deposition transcript, and if Plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to Rule 30(f)(3) of the Federal Rules of Civil Procedure.  However, based upon the

discovery violations that have been found in this action, defense counsel is ordered to procure a certified copy of the deposition containing all corrections from the deposition recorder and provide that certified copy to Plaintiff. The expense of providing the copy shall fall on defense counsel and shall not be billed to the client.[7]

### K.    Discovery

This court has spent several hundred hours resolving the discovery disputes in this action. At least 1,000 pages of documents have been produced, as well as the responses to Plaintiff's numerous other interrogatories and requests for admissions. Discovery in this action is now closed and no further motions on the sufficiency of Defendants' discovery responses shall be considered.

### IV.    Sanctions

On July 27, 2011, an order issued directing Defendants to provide supplemental responses and documents that were responsive to Plaintiff's discovery requests. At the direction of the Court, Plaintiff filed a statement of discovery needed on February 14, 2012; and Defendants were ordered to provide a response to Plaintiff's statement of discovery needed on March 5, 2012. (ECF Nos. 184, 185.) Defendants filed a reply on April 2, 2012, stating that they would serve responses within thirty days and an order issued granting Plaintiff sixty days in which to file a motion to compel on May 4, 2012. (ECF Nos. 187, 195.) On June 18, 2012, Plaintiff filed a motion to compel stating that he had not received any response to his statement of discovery needed. (ECF Nos. 207, 208.) Defendants filed an opposition to the motion to compel on July 5, 2012, stating it would be another seven to ten days before the discovery responses were finalized and they intended to provide the additional discovery on a rolling basis. (ECF No. 215.) On July 19, 2012, Plaintiff's motion for an order to compel was granted. The Court found that Defendants failure to respond had waived their objections. Defendants were ordered to respond to Plaintiff's request without objection, and provide responses that complied with the Federal Rules of Civil Procedure within thirty days. Defendants were warned that failure to comply with the order would result in sanctions. (ECF No. 223.) On September 6, 2012, Plaintiff filed the instant motion. (ECF No. 235.)

---

[7]The Court shall direct a copy of this order to be served on the supervising Attorney General to ensure that they are aware the costs of providing the deposition to Plaintiff are not to be billed to the client.

1    Discovery opened on September 22, 2010, and a review of the discovery disputes in this

2    action reveals that Defendants failed to provide any substantial discovery in this action without a

3    court order.  Even after Defendants were ordered to comply with the discovery rules, Defendants still

4    have failed to comply and have set their own time lines for providing discovery.   Many of

5    Defendants' responses have been non-responsive or only a limited amount of the documents

6    requested have been produced.  Further, over the two years that Plaintiff has been attempting to gain

7    their compliance, Defendants have failed to produce documents stating they would attempt to seek

8    a protective order, but made no real effort to obtain such an order.

9    In the order issued on July 27, 2011, the parties were advised that the Court would not

10   tolerate the conduct that had occurred in this action.  (ECF No. 131 at 6:9-15.)  On April 2, 2012,

11   defense counsel stated that he would provide the outstanding discovery within thirty days.  (ECF No.

12   187.)  On July 19, 2012, the Court found that by failing to respond, Defendants had waived their

13   objections and Defendants were ordered to provide the requested discovery, without objections,

14   within thirty days.  (ECF No. 223.)  In responding to Plaintiff's requests, Defendants' objected to

15   the discovery sought and did not provide all documents responsive to the requests.  Based upon the

16   review of the issues in this action, it is clear to the Court that Defendants will not comply with the

17   orders of the Court and further attempts to obtain the requested discovery would be futile.

18   Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey

19   an order to provide or permit discovery, the court may issue further just orders, which may include

20   the imposition of sanctions upon the disobedient party, including directing the facts be taken as

21   established for the purpose of the action, prohibiting the party from opposing or introducing

22   designated matters in evidence, or dismissal of the action or proceeding in whole or in part.  Fed. R.

23   Civ. P. 37(b)(2)(A).  "[T]he court must order the disobedient party, the attorney advising that party,

24   or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

25   failure was substantially justified or other circumstances make an award of expenses unjust."  Fed.

26   R. Civ. P. 37(b)(2)(C).

27   In the Ninth Circuit, terminating sanctions are appropriate only in "extreme circumstances"

28   and where the violation is "due to willfullness, bad faith, or fault of the party."  <u>Fair Housing of</u>

1  Marin v. Combs, 285 F.3d 899, 905 (9th Cir. 2002.) (quoting United States v. Kahaluu Constr. Co.,

2  Inc., 857 F.2d 600, 603 (9th Cir.1988) (citations omitted)).  Disobedient conduct not shown to be

3  outside the litigant's control meets this standard.  Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th

4  Cir.1994).   In North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th

5  Cir.1986), the Ninth Circuit held that "[b]elated compliance with discovery orders does not preclude

6  the imposition of sanctions.  Fair Housing of Marin, 285 F.3d at 905 (also citing Nat'l Hockey

7  League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778 (1976) (per curiam); G-K

8  Props. v. Redevelopment Agency of the City of San Jose, 577 F.2d 645, 647-48 (9th Cir.1978)).

9      Additionally, the Court has inherent power to sanction parties or their attorneys for improper

10  conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 43-46 (1991); Roadway Express, Inc. v. Piper, 447

11  U.S. 752, 766 (1980); Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).  This includes the "inherent

12  power to dismiss an action when a party has willfully deceived the court and engaged in conduct

13  utterly inconsistent with the orderly administration of justice."  Anheuser-Busch, Inc. V. Natural

14  Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (quoting Wyle v. R. J. Reynolds Indus., Inc., 709

15  F.2d 585, 589 (9th Cir. 1983)); see Combs v. Rockwell Intern. Corp., 927 F.2d 486, 488 (9th Cir.

16  1991) ("Dismissal is an appropriate sanction for falsifying deposition").  Because dismissal is such

17  a harsh penalty, it should only be used in extreme circumstances.  Wyle, 709 F.3d at 589.

18      In this instance, the Court finds that the conduct of defense counsel has involved repeated

19  and gross non-compliance with discovery which does rise to "extreme circumstances" and is "due

20  to willfulness, bad faith, or fault of the party."  Fair Housing of Marin, 285 F.3d at 905.  While the

21  Court has been reluctant to sanction the conduct of Defendants or defense counsel, Defendants

22  repeated failure to provide discovery and disobedience of court orders "leave this Court with no

23  choice in order to protect the integrity of the judicial process, remedy the prejudice suffered by

24  Plaintiff[ and] punish the wrongdoers."  Wachtel v. Health Net, Inc., 239 F.R.D. 81, 84 (D.N.J.

25  2006).  The purposes of sanctions under Rule 37 are to: "(1) penalize the culpable party or attorney;

26  (2) deter others from engaging in similar conduct; (3) compensate the court and other parties for the

27  expense caused by the abusive conduct; and (4) compel discovery and disclosure."  Wachtel, 239

28  F.R.D. at 99. Defense counsel has been provided with notice of the intent to impose sanctions and

1    an opportunity to be heard by the prior orders of this court and the motion filed by Plaintiff. <u>Molski</u>

2    <u>v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047 1058-59 (9th Cir. 2007) (motion served on defendant

3    and opportunity to file an opposition is sufficient to satisfy due process).

4            Defense counsel in this action has failed to comply with the Rules of Civil Procedure.

5    Initially, Defendants either refused to respond or responded with boilerplate objections and indicated

6    that the requested discovery would be provided at a later date, however no discovery was provided

7    on these requests until after Plaintiff filed a motion to compel and the Court ordered discovery. (<u>See</u>

8    ECF No. 49 at 45-104; ECF No. 53 at 42-165.)  Defense counsel informed Plaintiff that he would

9    be filing for a protective order yet did not seek a protective order for the specific documents being

10   requested. (ECF No. 235 at 36-37.)  Further, after Defendants' motion for a protective order was

11   denied and an order issued requiring Defendants to produce the requested documents defense

12   counsel did not produce them.  Finally, after being ordered to provide discovery responses without

13   objections, Defendants responses included objections and all responsive documents were not

14   produced. Considering the conduct of Defendants in failing to provide discovery in compliance with

15   the Rules of Civil Procedure and failure to obey the orders of the Court it is appropriate for sanctions

16   to issue.

17           Rule 37(b)(2) requires that a sanction must be just, and it must "be specifically related to the

18   particular 'claim' which was at issue in the order to provide discovery." <u>Navellier v. Sletten</u>, 262

19   F.3d 923, 947 (9th Cir. 2001) (quoting <u>Ins. Corp. Of Ireland, Ltd.</u> v. <u>Compagnie des Bauxites de</u>

20   <u>Guinee</u>, 456 U.S. 694, 707 (1982)).  Under Rule 36(b)(2) sanctions may be warranted "for failure

21   to obey a discovery order as long as the established issue bears a reasonable relationship to the

22   subject of discovery that was frustrated by sanctionable conduct."  <u>Navellier</u>, 262 F.3d at 946

23   (quoting <u>Ins. Corp. of Ireland, Ltd.</u>, 456 U.S. at 707-09.)

24           Based upon the findings in this order, the relevant documents which have not been produced

25   are the pre-extraction video in which instructions regarding the extraction procedures were given,

26   documents created in the investigation of the use of force on this occasion, and policies and

27   procedures on the use of force and contaminating a cell following a cell extraction.

28           Accordingly, the Court shall make the following evidentiary rulings:

1.   Defendants shall be precluded from arguing that the blast of pepper spray complied with the instructions given to the extraction team prior to the cell extractions and from presenting evidence of the content or any visual depiction of the instructions given to the extraction team prior to the cell extractions;

2.   Defendants shall be precluded from arguing or presenting evidence of any CDCR use of force policy or procedure that relates to the use of pepper spray or cell extractions;

3.   Defendants shall be precluded from arguing or presenting evidence of any CDCR policy or procedure for decontaminating a cell following the use of pepper spray during a cell extraction; and

4.   The following sections, and only the following sections, of the Institutional Head Review of Use of Force, (ECF No. 235 at 33-35), issued by Warden Ken Clark in response to the February 28, 2007, incident shall be admitted into evidence at the trial of this action:

**WERE STAFF ACTIONS DURING THE USE OF FORCE IN COMPLIANCE WITH DEPARTMENTAL STANDARDS AND POLICY?**

No.  Officer Cavagnaro deployed the OC from the X-10 in 12 of the extractions, per instructions from the Sergeant.  Per current local policy only a supervisor is to deploy the OC from the X-10.  Several extractions did not include video taping of clinical intervention. During the extraction of Cell #137 the camera shut off and no explanation was provided.  In a couple of extractions the cell was dark and the high output lighting was not used to ascertain the location or condition of the inside of the cell for staff safety.  Cell #122 of MANRIQUEZ the video stops before completion.  No explanation, may have been battery.

**WERE STAFF ACTIONS FOLLOWING THE USE OF FORCE IN COMPLIANCE WITH DEPARTMENTAL STANDARDS AND POLICY?**

No.  Although cleared by medical, several inmates complained of trouble breathing and needed/requested more water (the shower did not work well when some of the inmates were decontaminated). Several inmates were put back in their cells after only 5-10 minutes not allowing for the OC Pepper Spray to dissipate.  Staff wore duty belts that had additional equipment other than authorized for their role(s) during the extraction process.  Several extractions did not include the videotaping of the medical evaluation as required.  Videos of each extraction were not ended per procedure.  Otero-Valdez extraction, no leg restraints were applied.  Scribe sheet were misplaced and not included in the package.  Medical staff documented OC as an injury on multiple CDCR-7219 forms.

1  Guzman refused decontamination and the 15-minute checks were not
2  documented.  Moreno 7219 incomplete.

3  Defendants are precluded from introducing any other section, provision, or language from

4  the Institutional Head Review of Use of Force issued by Warden Ken Clark.  Federal Rule of

5  Evidence 106, which allows the adverse party to introduce any other part of the writing shall have

6  no application in this instance.

7  These rulings do not prevent Defendants from presenting evidence regarding the actions

8  taken or not taken on the date in question to the extent that such evidence does not contradict these

9  evidentiary rulings.[8]

10  Finally, Plaintiff's request for his costs in bringing this and his prior discovery motions shall

11  be granted.  Defense counsel is to pay Plaintiff $240.72 for costs.[9]

12  **V.    Plaintiff's Motion for Appointment of an Expert at Defendants' Expense**

13  Plaintiff requests that the following experts be appointed at Defendants' expense: 1) an

14  expert on the effects of the chemical agent; 2) a medical expert; and 3) an expert on

15  decontamination.  (ECF No. 225 at 1.)  The expenditure of public funds on behalf of an indigent

16  litigant is proper only when authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir.

17  1989) (citations omitted).  The in forma pauperis statute does not authorize the court to waive

18  witness fees or expenses paid to those witnesses.  Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993);

19  see 28 U.S.C. § 1915.  In instances such as this, where the government would likely bear the cost,

20  the court should exercise caution.

21  The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the

22  Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion

23  of any party enter an order to show cause why expert witnesses should not be appointed..."  Fed. R.

24  Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071

25

26  _____

27  [8]This ruling does not preclude the parties from introducing the video of the cell extraction of Plaintiff that was produced during discovery.

28  [9]Plaintiff's costs for the instant motion are $15.65, and $225.07 for his prior motions.  (ECF No. 235 at 7; ECF No. 207 at 20.)

(9th Cir. 1999). Rule 706 also confers on the court the discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker, 180 F.3d at 1071. The Rules provide for an expert where "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702.

Rule 702 is not a means to avoid section 1915 and the prohibition against using public funds to pay for the expenses of witnesses. Manning v. Masters, No. 2:11-cv-00896-KJD-CWH, 2012 WL 1431359, at *2 (D.Nev. April 25, 2012); see Stakey v. Stander, No. 1:09-cv-00094-BLW, 2011 WL 887563, at *3 n.1 (D.Idaho Mar. 10, 2011) ("Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases" and seeking appointment of an expert witness is not a way of sidestepping the rule). Whether an expert witness is needed depends upon "the context of the standard of law governing the claims and defenses at issue." Stakey, 2011 WL 887563, at *3.

Plaintiff contends that an expert on decontamination is necessary to testify to whether defendants could have decontaminated his cell within five minutes, whether he was appropriately decontaminated, and whether he should have been provided with soap, a change of underwear, and sooth away to self decontaminate. Further, Plaintiff requests an expert to testify to the painful, dangerous, and lethal effects of the chemicals and quantities used to extract him from his cell, and the conditions that Plaintiff was forced to live under following the cell extraction. (ECF. No. 225 at 4.) Defendants oppose the motion on the ground that the issues in this action do not involve complex technical issues and are within the comprehension of laypersons. (ECF No. 230 at 7.)

Initially, Plaintiff's claim that he was inadequately decontaminated has been dismissed from this action and is no longer at issue here. To the extent that Plaintiff seeks an expert in pepper spray or medical expert witness to testify to the harm he was exposed to due to being extracted with the pepper spray and being rehoused in his cell, the Court finds these issues do not require testimony of an expert with "scientific, technical, or other specialized knowledge" to " help the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Plaintiff will be able to

1   testify to the effects of the pepper spray, the conditions in the cell after he was rehoused, the supplies

2   he received, and what his physical symptoms were after being rehoused in the cell.  Further, the jury

3   will be able to view the video which accurately portrays Plaintiff's physical condition following the

4   application of pepper spray.  Plaintiff's motion for an expert witness on decontamination and the

5   effects of the chemical agent is denied.

6        Plaintiff contends that a medical expert is necessary to testify as to the decontamination that

7   should have occurred, and whether Plaintiff suffered from a serious medical need.  Plaintiff

8   complains he is being denied medical care and due to correctional officials at Pelican Bay belonging

9   to the same union that the Defendants belong to and requests a medical expert to be appointed to

10  examine Plaintiff to determine the serious medical needs that chemical exposure causes and to see

11  if Plaintiff has suffered any injuries from the chemical exposure.  (ECF No. 225 at 4.)  Defendants

12  oppose the motion on the ground that Plaintiff has not presented any medical evidence to support

13  a claim of physical injury.  (ECF No. 230 at 3.)  Defendants argue that while Plaintiff complains that

14  he has developed a chronic cough and sinus infection he has failed to present any medical

15  documentation to support a claim that he suffered any injury from the chemical exposure.  Further

16  Plaintiff alleges that he is being denied medical care because the correctional officers all belong to

17  the same union, however medical care is overseen by physicians, not correctional staff.  (ECF No.

18  230 at 4.)

19        Plaintiff has not alleged that he suffered any lasting injury from being pepper sprayed and

20  his allegation that he may have suffered some unknown injury is insufficient for the court to order

21  the appointment of a medical expert.  Further, this action is proceeding on a conditions of

22  confinement claim, not a claim that Defendants were deliberately indifferent to a serious medical

23  need.  Plaintiff will be able to testify to his physical condition following the exposure to pepper spray

24  and any symptoms he continues to suffer since the exposure.  "The principle purpose of a court-

25  appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate.

26  Stakey, 2011 WL 887563, at *3.  The Court finds that this issues in this action are not so complex

27  that expert testimony will be needed to assist the trier of fact.  Plaintiff's motion for the appointment

28  of an independent experts is denied.

**VI.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion entitled verified response, which is a motion to have defense counsel's declaration stricken from the record, filed September 21, 2012, is DENIED;

2.    Defendants' untimely opposition to Plaintiff's motion to enforced the discovery order, filed September 28, 2012, is DISREGARDED;

3.    Plaintiff's motion to enforce the discovery order, filed September 6, 2012, is GRANTED, and the following evidentiary rulings are imposed against Defendants in this action:

    a.    Defendants shall be precluded from arguing that the blast of pepper spray complied with the instructions given to the extraction team prior to the cell extractions and from presenting evidence of the content or any visual depiction of the instructions given to the extraction team prior to the cell extractions;

    b.    Defendants shall be precluded from arguing or presenting evidence of any CDCR use of force policy or procedure that relates to the use of pepper spray or cell extractions;

    c.    Defendants shall be precluded from arguing or presenting evidence of any CDCR policy or procedure for decontaminating a cell following the use of pepper spray during a cell extraction; and

    d.    The Institutional Head Review of Use of Force issued by Warden Ken Clark in response to the February 28, 2007 incident shall be admitted as an exhibit at the trial of this action as set forth in this order.

4.    Within thirty days from the date of service of this order, Defendants shall re-serve copies of Defendants Omos's and Clausing's responses to Plaintiff's interrogatories, set two, and request for inspection and production of documents, set five, propounded on Defendants Hutchins and Reynoso;

5.   Within thirty days from the date of service of this order, defense counsel shall provide a certified recorder's copy of the deposition transcript to Plaintiff at defense counsel's own expense;

6.   Within thirty days from the date of service of this order, defense counsel shall pay Plaintiff's costs of $240.72;

7.   Plaintiff's motion for appointment of expert witnesses at Defendants expense, filed July 31, 2012, is denied;

8.   The Clerk's Office is directed to serve a copy of this order on Misha Igra, Supervising Deputy Attorney General, Office of the Attorney General, 1300 I Street, Ste. 1101, Sacramento, CA 94244-2550; and

9.   Failure to comply with this order will result in terminating sanctions being granted against Defendants.

IT IS SO ORDERED.

Dated:   **November 21, 2012**          _____ **/s/ Barbara A. McAuliffe** _____
                                        UNITED STATES MAGISTRATE JUDGE