1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  DANIEL MANRIQUEZ,                        )   Case No.: 1:09-cv-00456-LJO-BAM PC
                                             )
           Plaintiff,                        )   ORDER DENYING DEFENDANTS' REQUEST
12                                           )   FOR RECONSIDERATION BY DISTRICT
                                             )   COURT OF MAGISTRATE JUDGE'S RULING
13         v.                                )   (ECF No. 249)
                                             )
14  J. HUCHINS, et al.,                      )
                                             )
15         Defendants.                       )
                                             )
16  _____ )

17      **I.      Introduction**

18          Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the

20  second amended complaint filed November 11, 2011, against Defendants Munoz, Clausing, and Omos

21  for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against

22  Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be

23  removed from his cell and that Plaintiff be placed back into a contaminated cell without means to

24  decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants

25  Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.

26          On September 6, 2012, Plaintiff filed a motion to enforce the discovery order.  (ECF No. 235.)

27  The Court issued an order granting Plaintiff's motion to enforce the discovery order and imposed

28  sanctions against Defendants on November 21, 2012.  (ECF No. 248.)

On December 5, 2012, Defendants filed the instant request for reconsideration by the District Court of the Magistrate Judge's ruling on certain discovery motions filed by Plaintiff.  (ECF No. 249.)  On January 7, 2013, Plaintiff filed an opposition to Defendants' motion for reconsideration, and Defendants replied on January 14, 2013.  (ECF Nos. 259, 263.)  The motion is deemed submitted.  Local Rule 230(l).

## II.    Discussion

Defendants request reconsideration of the order issued November 21, 2012, on the grounds that the rulings were clearly erroneous or contrary to law.

A party may seek reconsideration by the District Court of the rulings of the Magistrate Judge.  Local Rule 303(c).  The Magistrate Judge's decision on non-dispositive pretrial issues is reviewed under the clearly erroneous standard.  Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Local Rule 303(f); Fed. R. Civ. P.  72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or contrary to law.").

### A.   Disregard of Defendants' Opposition to the Motion to Compel

Plaintiff's motion requesting that the Court enforce its discovery order was served on August 26, 2012, and was docketed on September 7, 2012.  (ECF No. 235.)  Defendants' opposition to the motion was filed on September 28, 2012.  (ECF No. 240.)  Defendants argue that the Magistrate Judge erred in disregarding the opposition as untimely because they did not receive notice of the motion until September 7, 2012, when it was docketed by the Court, and Plaintiff was not prejudiced by the delay.

Defendants' opposition to Plaintiff's motion was due within twenty-one days after the date of service of the motion.  Local Rule 230(l).  Papers are served by "mailing it to the person's last known address—in which event service is complete upon mailing."[1]  Fed. R. Civ. P. 5(b)(2)(C).  When service is made by mail, the party has an additional three days to act.  Fed. R. Civ. P. 6(d).

---

[1]      The first informational order states that if the defendants "are represented by the office of the California State Attorney General, plaintiff is not required to serve copies of filings on defendants or counsel, as counsel will receive service via the court's electronic filing system.  Any documents filed in a civil rights action in which the defendants are not represented by the California State Attorney General must include a certificate of service stating that a copy of the document was served on the opposing party. . . . Where a party is represented by private or other government counsel, service on the party's attorney of record constitutes effective service." (ECF No. 1, ¶ 4.)  As Defendants are not represented by the Attorney General, service is effective upon placing the document in the mail.

1    Accordingly, Defendants' opposition to the motion was due by September 19, 2012.  Since the

2    opposition was not filed until September 28, 2012, the Magistrate Judge did not err by finding

3    Defendants' opposition untimely.

4         If Defendants needed additional time to respond to Plaintiff's motion, then the appropriate

5    action would have been to file a request to extend time pursuant to Federal Rule of Civil Procedure

6    6(b).  The parties were notified by the first informational order that all court deadlines would be

7    strictly enforced and that requests for an extension of time must be filed with the court prior to the

8    deadline in question.  (ECF No. 3, ¶ 10.)  Additionally, the parties were informed in the first and

9    second informational orders that they were required to comply with the Federal Rules of Civil

10   Procedure and Local Rules, and that the failure to comply could result in the imposition of sanctions.

11   (ECF No. 3, p. 1; ECF No. 10-1, ¶ 7.)

12        Based on the above, the Magistrate Judge's decision to disregard Defendants' opposition to the

13   motion as untimely was not clearly erroneous.

14        B.  Contradictory Statements, Misstatements and Unsupported Statements

15        Defendants contend that the Magistrate Judge's ruling is "full of contradictory statements,

16   misstatements, and unsupported statements."  (ECF No. 249, p. 3.)  In so arguing, Defendants first

17   assert that the Magistrate Judge erroneously stated that "Defendants have repeatedly failed to comply

18   with the Rules of Civil Procedure and the orders of this court in responding to Plaintiff's discovery

19   requests."  (ECF No. 249, p. 4; ECF No. 248, p. 2.)  Defendants claim this is error because the

20   Magistrate Judge did not cite to prior specific examples of failure to comply with either the Rules of

21   Civil Procedure or orders of this Court and there has been only one discovery order directed to

22   Defendants.  (ECF No. 249, p. 4.)

23        However, the Magistrate Judge's order specifically states as follows:

24        Defense counsel in this action has failed to comply with the Rules of Civil Procedure.
          Initially, Defendants either refused to respond or responded with boilerplate objections
25        and indicated that the requested discovery would be provided at a later date, however no
          discovery was provided on these requests until after Plaintiff filed a motion to compel
26        and the Court ordered discovery.  (See ECF No. 49 at 45-104; ECF No. 53 at 42-165.)
          Defense counsel informed Plaintiff that he would be filing for a protective order yet did
27        not seek a protective order for the specific documents being requested.  (ECF No. 235 at
          36-37.)  Further, after Defendants' motion for a protective order was denied and an order
28

issued requiring Defendants to produce the requested documents defense counsel did not produce them. Finally, after being ordered to provide discovery responses without objections, Defendants responses included objections and all responsive documents were not produced.

(ECF No. 248, p. 16.)

The Court has reviewed the docket and procedural history in this matter. Following such review, the Court does not find that the Magistrate Judge clearly erred in determining that Defendants had failed to comply with the Federal Rules of Civil Procedure and Court orders in responding to Plaintiff's discovery requests.

Plaintiff filed his first motion to compel on January 24, 2011. (ECF No. 49.) On July 27, 2011, the Court issued an order addressing numerous motions, including Plaintiff's first motion to compel. (ECF No. 131.) In its discussion, the Court noted that Defendants were ordered to file a response to Plaintiff's motion to compel, but their subsequent response failed to address any of Plaintiff's arguments. (Id. at p. 8.) The Court then partially granted Plaintiff's motion to compel and ordered Defendants to provide supplemental responses and to produce responsive discovery within thirty days.

On August 24, 2011, Defendants requested an extension of time to comply with the Court's order to produce documents. The Court granted Defendants' request and ordered them to produce documents to Plaintiff by October 10, 2011. (ECF No. 140.)

Following the Court's order, Plaintiff filed numerous motions to compel discovery. On January 13, 2012, the Court denied the motions as moot because the scope of litigation had been limited to certain claims. Instead, the Court directed the parties to file a statement of discovery needed that delineated the remaining discovery sought based upon the remaining claims in the action. (ECF No. 181.)

Plaintiff filed a statement of discovery needed on February 14, 2012, which included items of discovery that were not produced in response to the Court's order of July 27, 2011. (ECF No. 184.) Defendants failed to file any response to Plaintiff's statement of discovery, and the Court was required to issue an order directing Defendants to respond. (ECF No. 185.) In that order, the Court explicitly noted as follows:

1  The Court is cognizant that Defendants have not complied with prior orders to respond to
2  motions to compel and notes that when Defendants[ ] have filed a response to Plaintiff's
   motions to compel, they have been devoid of any attempt to address the issues raised by
3  Plaintiff in the motions. Defendants are advised that the response must address the
   substance of each of Plaintiff's requests and failure to comply with this order may result
4  in the imposition of sanctions on defendants, **including any and all sanctions available
   under Rule 37.**
5
6  (ECF No. 185, p. 1) (emphasis in original).

7       On April 2, 2012, Defendants stated their belief that they had complied with production of

8  documents in response to the Court's order on Plaintiff's first motion to compel. However, in the

9  interests of clarity, they would produce a verified response with the documents requested within thirty

10 days. (ECF No. 187.)

11      On June 18, 2012, Plaintiff filed a motion to compel stating that he had not received any

12 responses from Defendants. (ECF No. 208, p. 4.) On July 5, 2012, Defendants admitted that they had

13 agreed to submit verified responses to various discovery requests propounded by Plaintiff, but claimed

14 that it would be another week to ten days before the responses were finalized and that they would

15 provide additional documents on a "rolling basis." (ECF No. 215, pp. 1-1.) On July 19, 2012, the

16 Court granted Plaintiff's motion to compel, noting that Defendants had failed to request an extension

17 of time or set forth good cause for their failure to timely reply to Plaintiff's discovery requests. The

18 Court found that Defendants had waived any objections to discovery and ordered them to serve

19 responses that complied with the Federal Rules of Civil Procedure within thirty days. (ECF No. 223.)

20      This history alone indicates that the Magistrate Judge did not err in finding that Defendants

21 failed to comply with various orders of the court and the Federal Rules of Civil Procedure.[2]

22      Defendants next contend that the Magistrate Judge clearly erred by imposing sanctions against

23 them based on actions of "the parties" in this litigation, but these actions were attributable to Plaintiff.

24 The language cited by Defendants does not deal with the sanctions that were issued in this action.

25 Rather, it was part of the Magistrate Judge's discussion of various ways in which the parties

26

27

28 [2]     This also undermines Defendants' assertion that Magistrate Judge misstated that "part of the difficulty in this
   action is that . . . Defendants failed to comply with the discovery rules and orders of this Court." (ECF No. 249, p. 5.)

5

inconvenienced the Court and complicated this action.  The Magistrate Judge specifically stated as follows:

> The Court notes that the parties to this litigation have unnecessary complicated the discovery in this action.  Defendants have repeatedly failed to comply with the Rules of Civil Procedure and the orders of this court in responding to Plaintiff's discovery requests.  Plaintiff, rather than filing a single motion to compel addressing the discovery issues, filed over nine motions to compel and numerous motions for sanctions.  Additionally, Plaintiff has filed pleadings moving for relief without titling them as motions.  See ECF No. 237.  Defendants, rather than filing a single motion for a protective order, filed eleven identical motions, one for each Defendant.  In opposing Plaintiff's motions to compel, Defendants filed identical responses that failed to address the issues raised by Plaintiff in his motions.
>
> When responding to motions the parties have failed to identify the specific motion to which they were responding.  This has resulted in the court considering redundant, duplicative, and unnecessarily complicated motions.  Further, rather than filing motions or opposing pleadings as a single document, the parties have filed up to four separate documents addressing a single motion causing confusion in determining which documents are responsive to which motion.

(ECF No. 248, p. 2.)

Upon review of the docket, it is clear that the Magistrate Judge did not make a misstatement of fact.  Instead of filing a single motion for a protective order, Defendants filed eleven substantially identical motions for a protective order.  (ECF Nos. 81-91.)  Further, in opposing Plaintiff's discovery motions, Defendants filed virtually identical oppositions.  (ECF Nos. 93 and 95; 103 and 107.)  Finally, rather than filing a single document in response to Plaintiff's motion for summary judgment, Defendants filed five separate documents, and subsequently filed four amended documents.  (ECF Nos. 202-206, 209-212.)  The Magistrate Judge did not err in finding that the conduct of all parties, including Defendants, had contributed to complicating this action.  Further, the discovery sanctions that were issued were not based upon the conduct making this action complicated, but rather on the failure to provide responsive discovery as required by the Federal Rules of Civil Procedure and court orders.

Defendants further contend that the Magistrate Judge's order is contradictory because it states that Defendants had provided over 1000 pages of documents requested by Plaintiff, but then states that Defendants had not complied with the Court's order.  (ECF No. 249, p. 5.)  However, compliance with

1    the Court's order is not determined by the amount of discovery produced, but rather by the

2    responsiveness and completeness of that production.  In this instance, the Magistrate Judge identified

3    the specific responsive documents that had not been provided by Defendants.

4            C.  Specific Document Requests

5            With regard to specific documents, Defendants first claim that the Magistrate Judge erred by

6    finding that Defendants did not produce the policy for decontaminating cells.  Defendants argue that

7    Exhibit F attached to their opposition [ECF 240], which is a copy of Defendant Morses' responses to

8    Plaintiff's interrogatories and request for production of documents, includes a copy of the policy for

9    decontaminating cells at Exhibit A, which Plaintiff claimed that he did not receive.  (ECF No. 249, p.

10   6.)  The referenced exhibit is the California Substance Abuse Treatment Facility and State Prison,

11   Operational Procedure, Administrative Segregation Units.  (ECF No. 240-1, pp. 59-64.)  This policy is

12   not responsive to Plaintiff's request for those policies in effect on February 28, 2007, for

13   decontamination of a cell sprayed with a chemical agent.  This policy does not address

14   decontamination of either inmates or cells.  The Magistrate Judge did not err in finding that

15   Defendants had failed to produce the policy for decontaminating cells.

16           Defendants next claim that the Magistrate Judge erred by finding that Defendants had not

17   produced all documents responsive to Plaintiff's Second Request for Production of Documents

18   Propounded to Defendants Hutchins and Reynoso Nos. 10, 12, 14 and 15.  Defendants argue that

19   Exhibit G attached to their opposition [ECF No. 240] was produced to Plaintiff and was the only

20   responsive document.  (ECF No. 249, p. 6.)  The document cited by Defendants is the Institution Head

21   Review of Force Critique and Qualitative Evaluation Analysis ("Review of Force").  (ECF No. 240-1,

22   pp. 66-68.)  Plaintiff's requests seek the underlying documents which were reviewed and identified by

23   the Warden in creating the Review of Force document.  Although Defendants produced the final

24   report, none of the underlying documents were produced.

25           Defendants claim that they explained in their opposition that "there were no other responsive

26   documents to Request Nos. 14 and 15." (ECF No. 249, p. 6.)  Contrary to Defendants' claim, they did

27   not explain in the opposition that there were "no other responsive documents."  Instead, Defendants

28   stated that they "are not in possession of documents responsive" to these requests.  (ECF No. 240, p.

5.)  The Magistrate Judge addressed Defendants' assertion that they were not in possession of responsive documents, stating as follows:

> In this instance, the documents requested would have been produced at the prison following the incident at issue here. Defendants are employed by the California Department of Corrections and Rehabilitation, who has retained defense counsel. Defendants have produced the incident commander's review/critique use of force incident's [sic] which indicates that an investigation was completed and that further documents requested may exist. Defendants[ ] did not state that the documents do not exist, but that they reserve the right to supplement the responses at a later date.

(ECF No. 248, p. 11.)

The Magistrate Judge did not clearly err in determining that Defendants failed to produce all responsive documents related to Plaintiff's requests for underlying documents reviewed by the Warden to create the Review of Force.

As a final specific example, Defendants contend that the Magistrate Judge erroneously found that they had failed to produce a "program adjustment" document, because they had produced the relevant sections of the CDCR Operations Manual and Title 15.  (ECF No. 249, p. 6.)  However, the Magistrate Judge did not base the decision to impose sanctions on any failure to produce the "program adjustment" document.  Rather, the Magistrate Judge noted that in request for production no. 2, Plaintiff sought the plan of operations schedule for the ASU from February 28 through March 9, 2007.  (ECF No. 248, p. 12.)  The Magistrate Judge found that Plaintiff was seeking the "plan of operations which would have been implemented following the incident" based on a prior review of such documents.  (Id.)  Defendants have not established that the Magistrate Judge wrongly concluded that these documents exist and were not produced.  The Court therefore finds that the Magistrate Judge did not commit clear error.

D.  Sanctions Imposed

Defendants contend that the sanctions imposed by the Magistrate Judge were overbroad and not warranted by law.  In support of this contention, Defendants first argue that it was improper for the Magistrate Judge to impose sanctions against all defendants when only three of them—Hutchins, Reynoso and Morse—failed to comply with the prior discovery order.  The Court rejects this argument.  Defendants have not cited any authority for the proposition that imposing evidentiary

8

sanctions against all defendants was improper.  As a practical matter, all remaining defendants in this action are represented by the same the legal counsel, and imposing an evidentiary sanction against some, but not all those defendants could render the evidentiary sanction both ineffectual and pointless.

Defendants next argue that none of the evidentiary sanctions imposed are specifically related to what was at issue in the order to provide discovery.  Rule 37(b)(2) requires that a sanction must be just, and it must "be specifically related to the particular 'claim' which was at issue in the order to provide discovery." Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001) (quoting Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).  Sanctions may be warranted "for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct." Navellier, 262 F.3d at 947 (citation omitted).

Defendants argue that the Magistrate Judge improperly precluded them from arguing that "the blast of pepper spray complied with the instructions given to the extraction team prior to the cell extractions and from presenting evidence of the content or any visual depiction of the instructions given to the extraction team prior to the cell extractions."  (ECF No. 248, p. 17.)  Defendants believe there is no rational basis for imposing this sanction because only Defendants Munoz, Clausing and Omos are alleged to have used excessive force in pepper spraying Plaintiff, but they have not been found to be in violation of any court order.  Defendants also believe there is no basis to preclude any testimony on the subject.

The Magistrate Judge found that Defendants had failed to produce that portion of the pre-extraction video in which instructions regarding the extraction procedures were given.  (ECF No. 248, p.16.)  As Defendants failed to produce this video evidence, the Magistrate Judge's decision to preclude Defendants from introducing evidence that their actions complied with the instructions that were provided prior to the cell extractions is directly related to the evidence that Defendants failed to produce.  Navellier, 262 F.3d at 947.  Although Defendants Munoz, Clausing and Omos assert that it would be unjust to preclude them from admitting any evidence on this matter, the order clearly allows Defendants to submit evidence of what occurred during the cell extraction.  Defendants are only

1   precluded from presenting argument and evidence of instructions that were given prior to the cell

2   extraction.

3          Defendants next argue that the Magistrate Judge improperly precluded them from "arguing or

4   presenting any evidence of any CDCR use of force policy or procedure that relates to the use of pepper

5   spray or cell extractions."  (ECF No. 248, p. 17.)  Defendants contend that this sanction is "wildly

6   overbroad" as it would preclude any Defendant from introduction of any evidence regarding CDCR

7   use of force policy or procedure relating to use of pepper spray or cell extractions despite the fact

8   Defendants have produced in excess of 1,000 pages.  Defendants' argument regarding the volume of

9   their production does not suggest that the Magistrate Judge committed clear error.  The Magistrate

10  Judge found that Defendants had failed to produce policies and procedures on the use of force.  (ECF

11  No. 248, p. 16.)  Accordingly, a sanction precluding Defendants from producing evidence or arguing

12  use of force policies and procedures is reasonably related to their failure to produce such documents.

13  Navellier, 262 F.3d at 947.  Defendants are not precluded from providing factual evidence regarding

14  the use of pepper spray or any cell extraction at issue in this case.

15         Defendants further argue that the Magistrate Judge erred by precluding Defendants from

16  "arguing or presenting evidence of any CDCR policy or procedure for decontaminating a cell

17  following the use of pepper spray during a cell extraction."  (ECF No. 248, p. 17.)  The Magistrate

18  Judge properly found that Defendants had failed to produce policies and procedures on

19  decontaminating a cell following a cell extraction.  (ECF No. 248, pp. 8,16.)  As such, an evidentiary

20  sanction precluding Defendants from presenting any evidence regarding policies for decontaminating

21  a cell is reasonably related to their failure to produce such documents.  Navellier, 262 F.3d at 947.

22          As a final argument, Defendants assert that the Magistrate Judge erred by ordering that

23  Defendants are limited to admitting only two paragraphs of the Institutional Head of Review Use of

24  Force document issued by Warden Ken Clark.  (ECF No. 248, pp. 17-18.)  Defendants contend that

25  the Magistrate Judge stated no basis for excluding the remainder of the document from evidence, when

26  this document has been produced to Plaintiff in discovery.  Defendants also contend that the ruling is

27  arbitrary, unreasoned and unrelated to any of the issues in dispute.

28

1    Contrary to Defendants' contentions, and as discussed above, the Magistrate Judge properly

2  found that Defendants had failed to produce documents reviewed by the Warden in preparing this

3  Review of Force document.  Further, admitting the document in its entirety would violate the

4  evidentiary rulings in this matter, such as preclusion of (1) any argument that the pepper spray

5  complied with the instructions given to the cell extraction team, (2) evidence of the content of any

6  instructions given to the team prior to the cell extractions, or (3) evidence of any CDCR use of force

7  policy related to pepper spray or cell extractions.  Defendants have failed to identify how the

8  Magistrate Judge's decision to limit the admissibility of this document is not in keeping with these

9  evidentiary sanctions.

10    **III.    Conclusion and Order**

11    For the reasons discussed, Defendants' motion for reconsideration, filed on December 5, 2012,

12  is HEREBY DENIED.

20  IT IS SO ORDERED.

21    Dated:   **September 25, 2013**         **/s/ Lawrence J. O'Neill**

22                    UNITED STATES DISTRICT JUDGE