UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>J. HUCHINS, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00456-LJO-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE ATTACHED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION OF ONE PORTION OF THE COURT'S ORDER (ECF No. 261)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING CLARIFICATION OF ONE PORTION OF THE COURT'S ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE THE DISCOVERY ORDER (ECF No. 250) |

**I.    Procedural Background**

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint, filed on November 11, 2011, against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be

removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.

On November 21, 2012, the Magistrate Judge partially granted Plaintiff's motion to enforce the discovery order and imposed sanctions against Defendants for the failure to provide discovery. (ECF No. 248.) On December 12, 2012, Plaintiff filed a motion requesting clarification of the Court's November 2012 order. (ECF No. 250.) Thereafter, on December 18, 2012, the Court issued an order requiring Defendants to reply to Plaintiff's request for clarification within fifteen days. (ECF No. 251.) On December 28, 2012, Defendants Hutchins, Reynoso, Hacker, Roberson, Munoz, Daley, Perez, Paz, Morse, Omos and Clausings filed their opposition to Plaintiff's request for clarification.[1] (ECF No. 257.)

## II. Discussion

### A. Ex Parte Motion Requesting Leave to File Attached Reply to Defendants' Opposition

On January 11, 2013, Plaintiff filed an ex parte motion requesting leave to file an attached reply to Defendants' opposition. (ECF No. 261.) The Court has reviewed the reply and finds that it clarifies Plaintiff's position regarding the request for clarification. Accordingly, Plaintiff's ex parte motion to file a reply is GRANTED.

### B. Motion Requesting Clarification of Court's Order

As noted, Plaintiff filed a motion requesting clarification of the Court's November 2012 order granting Plaintiff's motion to compel. In his motion, Plaintiff questioned whether the Court implicitly ordered disclosure of the plan of operations referenced on page 12 of its order. Plaintiff asserted that although the Court found that Defendants had failed to produce the requested documents, it did not issue a corresponding evidentiary sanction or compel disclosure.

On December 18, 2012, the Court issued an order requiring Defendants to reply to Plaintiff's request for clarification within fifteen days. In its order, the Court stated as follows:

---

[1] The Court notes that certain of the responding defendants are no longer parties to this action, namely D. Daley and R. Perez.

> The documents which Plaintiff is requesting are the Program Status Report, Part B-Plan of Operation/Staff & Inmate Notification (CDCR 3022-B) which were issued from February 28, 2007, through March 9, 2007. Within fifteen days from the date of service of this order, Defendants shall file a response to Plaintiff's motion . . . addressing the availability of the documents and if they will be produced in response to Plaintiff's request.

(ECF No. 251, p. 1.)

On December 28, 2012, Defendants opposed the motion requesting clarification of the Court's order. Defendants argued that Plaintiff's motion requesting clarification was a disguised motion for reconsideration because the Court did not order the production of any plan of operations documents in its November 2012 order. (ECF No. 257.)

On January 11, 2013, Plaintiff replied to Defendants' opposition. In that reply, Plaintiff faulted Defendants for not clearly responding to the Court's directive that they address the availability of the plan of operation documents and if they would be produced. (ECF No. 261.)

Although Defendants did not clearly state that any documents of the type specified by the Court had been produced, Defendants correctly noted that the Court did not order production of any plan of operations documents. In the decision at issue, the Court ruled as follows:

> Plaintiff clearly was requesting the plan of operations which would have been implemented following the incident and, based upon cases before the Court, the Court has reviewed such documents. See McKinney v. California Dep't of Corr. and Rehabilitation, No. 1:09-cv-00726-AWI-BAM PC, 2012 WL 1909365, at *13 (E.D.Cal. May 25, 2012) (reviewing the program status reports issued following a lock down). The Court finds that Defendants have failed to produce the requested documents and sanctions shall be imposed as discussed below.

(ECF No. 248, p. 12.)

At the conclusion of the order, the Court imposed evidentiary sanctions against Defendants and ordered them to re-serve copies of Defendant Omos' and Defendant Clausing's responses to Plaintiff's interrogatories, set two, and request for inspection and production of documents, set five, propounded on Defendants Hutchins and Reynoso. (ECF No. 248, p. 21-22.) The Court did not order production of any other discovery documents.

The Court declines to order production of any plan of operations documents or to otherwise modify its November 21, 2012 order.  As Defendants failed to produce the documents, they cannot be admitted at trial.  The lack of such documents will not preclude or otherwise prevent Plaintiff from offering testimony regarding the removal of property from his cell.

### III.     Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Ex Parte Motion for Leave to File Attached Reply to Defendants' Opposition to Plaintiff's Motion for Clarification of One Portion of the Court's Order is GRANTED.  No further action is required by Plaintiff or the Clerk of the Court.  Plaintiff's reply was filed with his ex parte application and is available on the Court's docket; and

2. Plaintiff's Motion Requesting Clarification of One Portion of the Court's Order Granting Plaintiff's Motion to Enforce the Discovery Order is DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2013**                    /s/ Barbara A. McAuliffe
                                                                       UNITED STATES MAGISTRATE JUDGE