**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. HUCHINS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00456-LJO-BAM PC<br><br>ORDER PARTIALLY GRANTING DEFENDANTS' MOTION FOR CLARIFICATION OF ONE ASPECT OF COURT'S ORDER GRANTING AND DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS (ECF No. 256) |

**I.　　Introduction**

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint, filed on November 11, 2011, against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.

1   On November 21, 2012, the Magistrate Judge partially granted Plaintiff's motion to enforce the
2  discovery order and imposed sanctions against Defendants for the failure to provide discovery. (ECF
3  No. 248.)
4   On December 27, 2012, Defendants filed the instant motion for clarification of the Court's
5  November 21, 2012 order. In particular, Defendants seek clarification of whether the Court ordered
6  Defendants to have the court reporter prepare a secondary certified corrected copy of Plaintiff's
7  deposition transcript. Defendants also seek return of the certified copy of his deposition transcript.
8  (ECF No. 256.) On January 7, 2013, Plaintiff filed an opposition to the motion for clarification. (ECF
9  No. 259.) The motion is deemed submitted. Local Rule 230(l).

10  **II.  Discussion**

11   On November 21, 2012, the Court issued an order on Plaintiff's motion to compel discovery.
12  As part of his motion, Plaintiff stated that he requested a copy of his deposition containing all
13  necessary corrections. Defendants responded that they believed Plaintiff already had a copy of his
14  deposition, but he did not have one. In responding to Plaintiff's assertions, the Court ruled as follows:

> Generally, nothing in the Federal Rules entitles Plaintiff to a complete free copy of his deposition transcript, and if Plaintiff wishes to obtain a copy for his own records, he must pay for it, pursuant to Rule 30(f)(3) of the Federal Rules of Civil Procedure. However, based upon the discovery violations that have been found in this action, defense counsel is ordered to procure a certified copy of the deposition containing all corrections from the deposition recorder and provide that certified copy to Plaintiff. The expense of providing the copy shall fall on defense counsel and shall not be billed to the client.

20  (ECF No. 248, pp. 12-13.)

21   By the motion for clarification, defense counsel explains that he sent Plaintiff their certified
22  copy of the deposition transcript in a letter dated December 4, 2012. In response, Plaintiff sent a letter
23  dated December 12, 2012, informing counsel that they had not fully complied with the Court's order.
24  Upon reading the letter, counsel believed that Plaintiff was not requesting a copy of the deposition
25  transcript and corrections, but was requesting a document that does not exist, i.e., a certified copy of a
26  corrected deposition transcript. Defense counsel then responded to Plaintiff's letter explaining that
27  there is no such thing as a certified corrected copy of the original transcript and that corrections are
28

listed separately and sent to the parties.  Plaintiff had previously been sent an original transcript of the proceedings by the court reporter, and he now has both the original and certified copy of the deposition transcript.  (ECF No. 256, Declaration of Robert E. Murphy ¶¶ 4-5 and Ex. A.)

In his opposition, Plaintiff claims that the certified copy of the deposition transcript sent by Defendants is his only copy.  He also asserts that he does not intend to seek terminating or other sanctions against Defendants related to the provision of the transcript.  (ECF No. 264.)

The Court finds that Defendants have complied with the order directing them to provide Plaintiff with a certified copy of his deposition transcript.  Defendants and their counsel are not required to do anything further in connection with the Court's directive regarding the transcript.  However, the Court declines to order Plaintiff to return the certified copy based on his assertion under penalty of perjury that it is his only copy.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED that Defendants' Motion for Clarification of One Aspect of Court's Order Granting and Denying Plaintiff's Motion to Compel Discovery Responses and Request for Sanctions is GRANTED IN PART and DENIED IN PART as follows:

1. Defendants have complied with the Court's order to provide Plaintiff with a certified copy of his deposition transcript.  No further action by Defendants is required and the Court will not entertain any motions from Plaintiff regarding the provision of the transcript; and
2. Defendants' request for Plaintiff's return of the certified copy of his deposition transcript is DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2013**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE