UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>J. HUCHINS, et al.,<br><br>        Defendants. | Case No.: 1:09-cv-00456-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION BY DISTRICT COURT OF MAGISTRATE JUDGE'S RULING<br>(ECF No. 276) |

**I.    Introduction**

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the second amended complaint filed November 11, 2011, against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.

On November 21, 2012, the Magistrate Judge partially granted Plaintiff's motion to enforce the discovery order.  The Magistrate Judge also imposed sanctions against Defendants for the failure to provide discovery.  (ECF No. 248.)  On December 12, 2012, Plaintiff filed a motion requesting

1

clarification of the Magistrate Judge's order.  (ECF No. 250.)  On September 25, 2013, the Magistrate Judge denied Plaintiff's motion for clarification.  (ECF No. 272.)

On October 15, 2013, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order denying Plaintiff's request for clarification.  (ECF No. 276.)  Defendants did not file a response.  The motion is deemed submitted.  Local Rule 230(l).

**II.     Discussion**

A party may seek reconsideration by the District Court of the rulings of the Magistrate Judge. Local Rule 303(c).  The Magistrate Judge's decision on non-dispositive pretrial issues is reviewed under the clearly erroneous standard.  Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Local Rule 303(f); Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law.").

Plaintiff seeks reconsideration of the Magistrate Judge's order, issued on September 25, 2013, which denied his request for clarification.  Plaintiff had requested that the Magistrate Judge provide clarification regarding the November 21, 2012 order granting his motion to compel and imposing sanctions against Defendants.  In particular, Plaintiff questioned whether the Magistrate Judge had implicitly ordered disclosure of a plan of operations.  Plaintiff believed that the Magistrate Judge failed to issue a corresponding evidentiary sanction or compel disclosure despite a finding that Defendants failed to produce the requested document(s).  (ECF No. 250.)  The Magistrate Judge denied Plaintiff's request for clarification and declined to order production of any plan of operations documents or to otherwise modify its November 21, 2012 order.

Plaintiff now claims that the Magistrate Judge's failure to issue a sanction or order production related to the plan of operations document is clearly erroneous and contrary to law because it renders the rules for discovery and sanctions meaningless.  Plaintiff explains that his reason for requesting the plan of operations is "to establish that defendants deprived [him] of his basic necessities and to belie defendants['] claims that they provided the necessities in compliance with prison policy." (ECF No. 276, p. 2.)

The Magistrate Judge's denial of Plaintiff's request for clarification is not clearly erroneous and is not contrary to law.  As noted by the Magistrate Judge in the denial, defendants' failure to

produce the requested documents precludes the admission of such documents at trial.  (ECF No. 272, p. 4.)  In other words, defendants cannot introduce the plan of operations at trial, which is, in itself, an evidentiary sanction.  Fed. R. Civ. P. 37.  The inability to introduce documentary evidence of the plan of operations inherently limits any purported argument that defendants complied with the plan.  Even in the absence of such a document, Plaintiff is not precluded from offering testimony regarding the removal of property from his cell or the alleged denial of basic necessities.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's request for reconsideration by the district court of the Magistrate Judge's ruling denying Plaintiff's request for clarification is DENIED.

IT IS SO ORDERED.

Dated:   **November 12, 2013**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE