1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   DANIEL MANRIQUEZ,                          )   Case No.: 1:09-cv-00456 -LJO-BAM PC
                                                )
12                      Plaintiff,              )
                                                )
13          v.                                  )   ORDER RE: PLAINTIFF'S EX PARTE REQUEST
                                                )   FOR GUIDANCE OR CLARIFICATION (ECF No.
14   J. HUCHINS, et al.,                         )   279)
                                                )
15                      Defendants.             )
                                                )
16   _____ )

17          Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's

19   second amended complaint, filed on November 11, 2011, against Defendants Munoz, Clausing, and

20   Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against

21   Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be

22   removed from his cell and that Plaintiff be placed back into a contaminated cell without means to

23   decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants

24   Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.

25   On October 2, 2013, the Court issued a Second Scheduling Order setting this matter for trial on April

26   15, 2014.  The Second Scheduling Order also set forth the procedures for securing the attendance of

27   incarcerated and unincarcerated witnesses at trial.  (ECF No. 274.)

28

                                                    1

On November 8, 2013, Plaintiff filed the instant *ex parte* request for clarification of the procedures for securing the attendance of unincarcerated witnesses.  First, Plaintiff inquired as to application of the procedures for obtaining the attendance of a parolee.  Plaintiff explains that one of his witnesses has paroled, but will need to be subpoenaed for trial because he cannot leave his county of residence.  Plaintiff is not precluded from seeking a subpoena for the attendance of this witness and according to the instructions in the Second Scheduling Order.

Second, Plaintiff inquired as to whether the procedures for securing the attendance of unincarcerated witnesses that refuse to testify voluntarily applies to defendants.  Plaintiff explains that he wishes to call defendants as witnesses at trial.  Plaintiff is not required to seek subpoenas to secure the attendance of defendants at trial.

IT IS SO ORDERED.

Dated:   **November 12, 2013**          ____/s/ *Barbara A. McAuliffe*____

UNITED STATES MAGISTRATE JUDGE