UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>            Plaintiff,<br><br>      v.<br><br>J. HUCHINS, et al.,<br><br>            Defendants. | Case No.: 1:09-cv-00456-LJO-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY<br>(ECF No. 287)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR TWO-WEEK EXTENSION OF TIME TO PAY FEES FOR ATTENDANCE OF UNINCARCERATED WITNESSES AT TRIAL<br>(ECF No. 309)<br><br>DEADLINE TO SUBMIT WITNESS FEES:<br>**March 13, 2014** |

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Munoz, Clausing, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants Morse and Paz for placing Plaintiff in the contaminated cell in violation of the

1

1  Eighth Amendment. This matter is set for a telephonic trial confirmation hearing on February 27,
2  2014, and a jury trial on April 15, 2014.

On December 23, 2013, Plaintiff filed the instant motion for the attendance of the following unincarcerated witnesses: (1) Thomas Holmes, (2) Steve Cavagnaro, (3) Dana Lloyd, (4) Robert Lagner, (6) K. Allison, Associate Warden, and (7) Dr. Nnenna Ikegbu. (ECF No. 287.) Defendants did not file any opposition. Thereafter, on February 18, 2014, Plaintiff filed a motion requesting an extension of time to pay witness fees. (ECF No. 309).

The motions are deemed submitted. Local Rule 230(l).

## I. Motion for the Attendance of Unincarcerated Witnesses

As noted above, Plaintiff seeks the attendance at trial of the following unincarcerated witnesses: (1) Thomas Holmes, (2) Steve Cavagnaro, (3) Dana Lloyd, (4) Robert Lagner, (6) K. Allison, Associate Warden, and (7) Dr. Nnenna Ikegbu.

### Thomas Holmes

Plaintiff declares under penalty of perjury that Sergeant Thomas wrote reports confirming the presence of "other officers" and whether those officers could have decontaminated Plaintiff's cell as claimed by defendants. Additionally, Plaintiff indicates that Sergeant Holmes was present during the incident and extracted more than half of the inmates. Sergeant Holmes can testify that Defendants Munoz, Clausing and Omos were present during all extractions and they witnessed the amount of chemicals necessary to quell each inmate's protest. Plaintiff believes this is necessary to demonstrate that Defendants Munoz, Clausing and Omos did not need to use a greater amount of chemicals to extract Plaintiff. (ECF No. 288, ¶¶ 6-7.)

### Steve Cavagnaro

Plaintiff declares under penalty of perjury that Officer Cavagnaro was responsible for extracting more than half of the inmates, and can testify that other inmates, including those extracted by Defendants Munoz, Clausing and Omos, were given a lower dose of chemicals than Plaintiff. Plaintiff also reports that Officer Cavagnaro will testify that Defendants Munoz, Clausing and Omos were present during all other extractions and saw the amount of chemicals necessary to quell each inmate's protest. (ECF No. 288, ¶ 7.)

2

Dana Lloyd

Plaintiff declares that Officer Lloyd's attendance is pivotal to Plaintiff's deliberate indifference claim related to the deprivation of his basic necessities.  In part, Plaintiff reports that Officer Lloyd may testify regarding his own records showing that Plaintiff had "six cubit feet" of legal material and books in his cell prior to extraction, but video will show that Plaintiff was returned to his cell within five minutes of his extraction.  Plaintiff contends that given the large amount of property and necessities that were removed from his cell, it would have been impossible to decontaminate his cell as claimed by defendants.  (ECF No. 288, ¶ 8.)

Robert Lagner

Plaintiff declares that Officer Lagner was the medical technical assistant on the scene and witnessed Defendants' alleged use of excessive force and also documented Plaintiff's injuries.  In addition, Officer Lagner can testify that he made it clear to defendants that Plaintiff needed to be given the means to self-decontaminate and needed to be monitored every 15 minutes due to his injuries. (ECF No. 288, ¶ 9.)

K. Allison

Plaintiff declares that Assistant Warden Allison can testify, in part, regarding Defendant Hacker's alleged attempt to cover up his misconduct by falsely stating in a report that there were no allegations of officer misconduct.  Plaintiff reports that his administrative appeal, which was reviewed by Assistant Warden Allison, made such claims of officer misconduct.  Plaintiff also asserts that Assistant Warden Allison viewed the videotape and reports and interviewed defendants in response to Plaintiff's administrative appeal.  In addition, Plaintiff reports that Assistant Warden Allison will be able to testify regarding other complaints made against Defendants Munoz, Clausing, Omos, Paz and Morse for misconduct, which will support Plaintiff's claims that their misconduct triggered the peaceful protest and will establish Defendants' "motive, opportunity, intent, preparation, plan, knowledge and absence of mistake."  (ECF No. 288, ¶ 10.)

Dr. Nnenna Ikegbu

Plaintiff declares under penalty of perjury that Dr. Ikegbu can authenticate Plaintiff's medical records and can testify that, as a result of the alleged incident, Plaintiff developed a chronic cough, a

lung infection, a chronic sinus infection, fatigue and respiratory problems.  Plaintiff also declares that Dr. Ikegbu can testify that once Plaintiff's condition progressed he had to be placed on extensive antibiotics and sinus medication from August 30, 2010 through September 2011.  (ECF No. 288, ¶ 11.)

Plaintiff's motion requesting the attendance of the unincarcerated witnesses shall be granted. If Plaintiff wishes to have Thomas Holmes, Steve Cavagnaro, Dana Lloyd, Robert Lagner, and K. Allison served with summonses to testify at trial, then Plaintiff must submit a money order, for *each* of these witness, made out to that witness in the amount of $102.60.[1]  If Plaintiff wishes to have Dr. Nnenna Ikegbu served with a summons to testify at trial, Plaintiff must submit a money order made out to Dr. Nnenna Ikegbu in the amount of $651.33.[2]

**II.    Motion for Two-Week Extension of Time to Submit Witness Fees**

On October 2, 2013, the Court issued a Second Scheduling Order, which set the deadline to submit money orders for unincarcerated witnesses as February 27, 2014.  On February 18, 2014, Plaintiff requested a two-week extension of time to submit the required money orders.  Plaintiff requires the additional time to contact his family for submission of any necessary money orders following issuance of the Court's order calculating witness fees.  (ECF No. 309.)  Good cause appearing, Plaintiff's request for a two-week extension of time shall be granted.

**III.   Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the attendance of unincarcerated witnesses Thomas Holmes, Steve Cavagnaro, Dana Lloyd, Robert Lagner, K. Allison and Dr. Nnenna Ikegbu is GRANTED;
2. Plaintiff's motion for a two-week extension of time to submit his witness fees is GRANTED;

---

[1]    The amount for each of these witnesses is based on the daily witness fee of $40.00, plus $62.60 for round-trip mileage for one day. 28 U.S.C § 1821. Plaintiff reports that each of these witnesses is located at California Substance Abuse Treatment Facility in Corcoran, California. It is 110.8 miles, round trip, from the California Substance Abuse Treatment Facility to the courthouse, and the current mileage reimbursement rate is $0.565 per mile.

[2]    The amount for this witness is based on the daily witness fee of $40.00, plus $611.33 for round-trip mileage for one day. 28 U.S.C. § 1821. Plaintiff reports that Dr. Ikegbu is located at Pelican Bay State Prison in Crescent City, California. It is 1,082 miles, round trip, from Pelican Bay State Prison to the courthouse, and the current mileage reimbursement rate is $0.565 per mile.

3. To have Thomas Holmes, Steve Cavagnaro, Dana Lloyd, Robert Lagner, and K. Allison served with summonses to testify at trial, Plaintiff must submit a money order made out to each witness in the amount of $102.60 by March 13, 2014;

4. To have Dr. Nnenna Ikegbu served with a summons to testify at trial, Plaintiff must submit a money order made out to that witness in the amount of $651.33 by March 13, 2014; and

5. The Court cannot accept cash and the money order may not be made out to the Court. The money order must be made out in the witness's name.

IT IS SO ORDERED.

Dated:   **February 20, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

6.

5