UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>J. HUCHINS, et al.,<br><br>  Defendants. | Case No.: 1:09-cv-00456-LJO-BAM PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 293) |

Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Munoz, Clausings, and Omos for excessive force in pepper spraying Plaintiff in violation of the Eighth Amendment; against Defendants Hutchins, Reynoso, Hacker, and Roberson for ordering that Plaintiff's property be removed from his cell and that Plaintiff be placed back into a contaminated cell without means to decontaminate from the pepper spray in violation of the Eighth Amendment; and against Defendants Morse and Paz for placing Plaintiff in the contaminated cell in violation of the Eighth Amendment.  This matter is set for jury trial on May 20, 2014.

On January 21, 2014, Plaintiff moved for the attendance of the following incarcerated witnesses:  (1) Leon Endicott (D-04548, Pelican Bay State Prison): (2) Ruben Guerrero (H-38157, CSATF); (3) Michael Torres (P-98683, CCI-Tehachapi); and (4) Jack Morris (C-06409, Pelican Bay

State Prison).  Defendants opposed the motion on February 13, 2014.  Plaintiff replied on February 27, 2014.  The motion is deemed submitted.  Local Rule 230(l).

### A.	Legal Standard

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

### B.	Discussion

#### 1.	Inmate Leon Endicott

Plaintiff declares under penalty of perjury that Inmate Endicott is an eye and ear witness to his claims.  Plaintiff reportedly communicated with Inmate Endicott and received a declaration from him.  Inmate Endicott reportedly stated he would testify that on February 28, 2007, while in the ASU at SATF, Inmate Endicott and other inmates, including Plaintiff, organized a peaceful protest.  Inmate Endicott also will testify regarding his extraction, the use of chemical spray, his reaction to the chemical agents, his decontamination and the deprivation of his toothpaste, soap, toilet paper, clothing, bedding, mattress and cleaning supplies.  Plaintiff did not include a copy of the declaration with his motion.

Defendants oppose the motion, arguing that Plaintiff's declaration contains inadmissible hearsay and that Inmate Endicott's testimony regarding the physical effects of exposure to chemical agents is inadmissible hearsay and lacking foundation.  Defendants also contend that the physical effects on Inmate Endicott or the treatment of Inmate Endicott is not relevant to this case.

Defendants' objections are not warranted.  There is no indication that Inmate Endicott's testimony will encompass only inadmissible hearsay.  Further, Inmate Endicott's testimony does not

appear wholly irrelevant to Plaintiff's claims. Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action. Fed. R. Evid. 401. Inmate Endicott's testimony regarding the extraction, decontamination and subsequent taking of certain articles and items may corroborate Plaintiff's own claims in this action. Accordingly, the Court shall grant Plaintiff's request for the attendance of Inmate Endicott.

### 2. Inmate Ruben Guerrero

Plaintiff reports that the Court assisted him in obtaining permission to correspond with Inmate Guerrero. Inmate Guerrero reportedly provided Plaintiff with a letter and declaration agreeing to testify voluntarily as to the events that he saw and heard during the February 28, 2007 cell extractions and in the days that followed. In particular, Inmate Guerrero will testify that he participated in the peaceful protest, Defendants Munoz, Clausings and Omos used the X-10 BRD, Inmate Guerrero and his cellmate agreed to cuff up and Defendants Munoz, Clausings, and Omos subjected them to a slow body search, keeping them exposed to the chemicals. Inmate Guerrero also will testify regarding his decontamination, the subsequent removal of his property from the cell and the failure to decontaminate his cell or provide him the means to decontaminate.

Plaintiff intends to elicit from Inmate Guerrero that Defendants Reynoso, Hacker and Hutchins told inmates that they were going to have to live in the allegedly contaminated cell for ten days as punishment and they would not get anything to lie on, walk on, change into or decontaminate with. Plaintiff also reports that he will need Inmate Guerrero's anticipated testimony that there is nothing in the back of the pod to connect a water hose in order to counter Defendants' claim that they brought a water hose from the back to decontaminate the cells. Plaintiff did not submit a copy of the declaration with his motion.

Defendants again argue that Plaintiff's declaration contains inadmissible hearsay. Defendants also argue that Inmate Guerrero's testimony that he and his cellmate voluntarily agreed to cuff up prior to the cell extraction and were subjected to a slow body search is irrelevant to Plaintiff's claims.

As with Inmate Endicott, Defendants objections are not warranted. Inmate Guerrero's testimony does not appear wholly irrelevant to Plaintiff's claims. Evidence is relevant if it has any tendency to make a fact more or less probable and the fact is of consequence in determining the action.

Fed. R. Evid. 401.  Inmate Guerrero's testimony regarding the extraction, decontamination and subsequent taking of certain articles and items may corroborate Plaintiff's own claims in this action. Additionally, Inmate Guerrero also may provide testimony to counter Defendants' claims regarding use of a hose to decontaminate the cells.  Accordingly, Plaintiff's request for the attendance of Inmate Guerrero shall be granted.

### 3. Inmate Michael Torres

Plaintiff reports that the Court assisted him in obtaining permission to correspond with Inmate Torres.  Inmate Torres reportedly provided Plaintiff with a declaration and agreed to testify voluntarily on Plaintiff's behalf.  Inmate Torres also indicated that he would be paroling and would need to be subpoenaed to testify.  Plaintiff does not know if Inmate Torres has been paroled.[1]

Plaintiff declares under penalty of perjury that Inmate Torres will testify that he was incarcerated in the ASU at SATF on February 28, 2007, in cell 120, which was one cell away from Plaintiff's cell.  Inmate Torres will testify that inmates decided to stage a peaceful protest requesting that Defendants Hutchins, Reynoso and Hacker do their jobs and address inmate complains about abuse from other prison officials.  Inmate Torres also will testify that Defendants Munoz, Clausings, Omos, Paz, Morse, Reynoso, Hacker, Roberson, and Officers Daley and Perez approached his cell and sprayed it with the X-10 BRD.  After being removed and taken to the shower, Defendants Munoz, Clausings, Omos, and Officers Daley and Perez removed all the property and basic necessities from the cell and did not decontaminate the cell.  Inmate Torres and his cellmate were returned to a contaminated cell.  Inmate Torres also intends to testify regarding what he heard during Plaintiff's extraction, as well as events occurring in the days after the extraction.  Plaintiff also wishes to use Inmate Torres' testimony to discredit Defendants' claim that they used a hose to decontaminate Plaintiff's cell.

Defendants argue that Inmate Torres' testimony is either inadmissible hearsay or irrelevant to Plaintiff's claims.  As with the prior inmates, Defendants' argument is not warranted.  Inmate Torres' testimony is relevant as it may corroborate Plaintiff's claims regarding the extraction and

---

[1] Information available to the Court as of March 11, 2014, indicates that Inmate Torres remains incarcerated.

decontamination. Fed. R. Evid. 401. Accordingly, Plaintiff's request for the attendance of Inmate Torres shall be granted.

### 4. Inmate Jack Morris

Plaintiff reports that Inmate Morris has been confined in several ASU cells similar to the one at SATF. Plaintiff expects Inmate Morris to testify that he has witnessed the use of chemical weapons, including the X-10 BRD, and the length of time necessary to decontaminate a cell.

Defendants correctly argue that Inmate Morris' proposed testimony is irrelevant to Plaintiff's own experience because Inmate Morris was not housed at SATF and was not an eye or ear witness to the events involving Plaintiff. Further, Inmate Morris cannot testify as a lay witness about the use and decontamination of chemical agents. Accordingly, Plaintiff's request for the attendance of Inmate Morris shall be denied.

### C. Conclusion and Order

For the reasons stated, Plaintiff's motion for attendance of incarcerated witnesses is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's motion for the attendance of Inmates Endicott, Guerrero and Torres is GRANTED; and
2. Plaintiff's motion for the attendance of Inmate Morris is DENIED.

IT IS SO ORDERED.

Dated:  **March 12, 2014**                /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE